# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DANIEL HAGGART AND KATHY )
HAGGART, ROBERT W. TAYLOR, )
ANNMARI RYAN, KEVIN IDEN, DOUG ) No. 09-103 L
RUBIN AND RACHEL RUBIN, DAYTON P. )
DENNISON, TERESA A. GALLO, SUK )
BONG LEE AND MIJA LEE, WILLIAM J. )
CLANCY AND DORIS E. CLANCY, SEUNG )
J. HONG AND SALLY HONG, JEFFREY B. )
DUBOIS AND ANIKA V. DUBOIS, KEVIN )
JONES, TIMOTHY J. RISE AND VIRGINIA )
L. RISE, CHRISTOPER M. HALL, )
SHERILYN SHIRLEY, VIRENDRA K. )
CHAUDHARY AND ROSHIL )
CHAUDHARY, MARLENE R. WINTER, )
TIMOTHY J. RILEY AND VIRGINIA L. )
RILEY, NABIL HAMADEH AND GHADA )
HAMADEH, JERRY RISE, STEVEN T. )
FOWLER, TERRY THOMPSON, LYNDA )
HAUTALA AND ERIC HAUTALA, MARK )
MUHSAM, MARC BEAN, LUANA )
RANDLEMAN, JEFF BEHRMAN, JOY A. )
KREICK AND CONRAD R. KREICK, ALAN )
SKOW, BARBARA S. KELLY AND BOBBY )
J. KELLY, RACHEL GAINES AND KEVIN )
BETO, and MICHAEL HURLEY, )
For Themselves and As Representatives of a )
Class of Similarly Situated Persons, and )
                                            )
        Plaintiffs,                         )
                                            )
    vs.                                     )
                                            )
THE UNITED STATES OF AMERICA,               )
                                            )
        Defendant.                          )
                                            )
                                            )
                                            )
                                            )
                                            )
                                            )
                                            )

**FIRST AMENDED COMPLAINT**

**JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C. §1491(a)(1) ("Tucker Act") because this action presents a claim against the United States which is founded upon the Constitution and Statutes of the United States.

**STATUTES AND CONSTITUTIONAL PROVISIONS**

2. Plaintiffs' claim is based upon 1) the Fifth Amendment to the United States Constitution prohibiting the taking of private property for public use, without just compensation; 2) The National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d) ("Trails Act"); 3) The Tucker Act, 28 U.S.C. § 1491(a); and 4) The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000).

**COUNT I**
**(TAKINGS CLAIM)**

3. BNSF Railway Company ("BNSF") formerly owned an easement for railroad purposes between milepost 0.0 at Woodinville and milepost 7.3 at Redmond, in King County, Washington, a distance of approximately 7.30 miles (the "Redmond Spur").

4. BNSF formerly owned an easement for railroad purposes for the section of railroad between milepost 5.00 at Kennydale and milepost 10.60 at Wilburton, in King County, Washington, a distance of approximately 5.60 miles (the South Railbanking Segment).

5. BNSF formerly owned an easement for railroad purposes for the section of railroad between milepost 11.25 near Wilburton and milepost 23.80 in Woodinville, in King County, Washington, a distance of approximately 12.55 miles (the "North Railbanking Segment").

6. The three easements are hereby referred to as the "Railroad Easements".

7. The Railroad Easements lay across property owned by Plaintiffs.

8. Upon abandonment of the easement, Plaintiffs' property would have been unburdened by any easement.

9. On October 27, 2008, the STB issued a Notice of Interim Trail Use ("NITU") relating to the Redmond Spur.

10. Also on October 27, 2008, the STB issued a NITU relating to the South Railbanking Segment.

11. On November 28, 2008, the STB issued a NITU relating to the North Railbanking Segment.

12. BNSF and King County, Washington, have reached a Trail Use Agreement encompassing the Redmond Spur, South Railbanking Segment and North Railbanking Segment, pursuant to which King County will use the railroad segments as a public recreational trail.

13. But for operation of the Trails Act, the Plaintiffs would have the exclusive right to physical ownership, possession and use of their property free of any easement for recreational trail use .

14. By operation of the Trails Act, the United States took Plaintiffs' property for which it is Constitutionally obligated to pay just compensation.

15. Plaintiffs owned their property on the date of the taking, October 27, 2008 and November 28, 2008, and are therefore the proper claimants for compensation.

16. Plaintiffs' property includes the fee title to the property underlying the former Railroad Easements.

17. Pursuant to Washington law, when BNSF ceased operation of a railroad over the Plaintiffs' property and took steps demonstrating abandonment, the Railroad Easements were

abandoned, and the Plaintiffs regained the right to use and possess their property free of any easement.

18.     The United States' actions damaged Plaintiffs by taking a portion of their property and by diminishing the value of the remaining property and by attenuating delay damages based upon the delayed payment of compensation.

## COUNT II
## (CLASS ACTION)

19.     Plaintiffs incorporate by reference all prior paragraphs as if set forth in their entirety herein.

20.     The proposed class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the proposed class; the claims of the Plaintiffs are typical of the claims of the proposed class; and the Plaintiffs will fairly and adequately protect the interests of the proposed class.

21.     Plaintiffs further state that, in addition to the prerequisites for a class being met, a class action is also maintainable pursuant to F.R.C.P. Rule 23(b).

WHEREFORE, Plaintiffs respectfully request certification of the class as identified herein and a monetary judgment in favor of Plaintiffs representing the full fair market value of the property taken by the United States on the date it was taken, including severance damages and delay damages and for costs and attorneys' fees incurred by Plaintiffs and the class and for such further relief as this Court may deem just and proper.

        Respectfully submitted by:

        BAKER STERCHI COWDEN & RICE, L.L.C.

        /s/ Steven M. Wald
        Steven M. Wald
        J. Robert Sears
        BAKER STERCHI COWDEN & RICE, L.L.C.
        1010 Market Street, Suite 950
        St. Louis, MO 63101
        (314) 231-2925
        (314) 231-4857 (facsimile)
        wald@bscr-law.com
        sears@bscr-law.com
        **ATTORNEYS FOR THE PLAINTIFFS**

Date: April 9, 2009