**BEFORE THE
SURFACE TRANSPORTATION BOARD**

---

| BNSF RAILWAY COMPANY | ) | |
|---|---|---|
| ABANDONMENT EXEMPTION | ) | DOCKET NO. AB-6 |
| IN KING COUNTY, WASHINGTON | ) | (SUB-NO. 463X) |

---

### PETITION FOR EXEMPTION

---

**BNSF RAILWAY COMPANY**
2650 Lou Menk Drive
P O. Box 96157
Fort Worth, TX 76161-0057

**Kristy D. Clark**
General Attorney
BNSF Railway Company
2500 Lou Menk Drive, AOB-3
Fort Worth, Texas 76131

Dated   September 5, 2008



FEE RECEIVED
SEP 8 – 2008
SURFACE TRANSPORTATION BOARD

ENTERED
Office of Proceedings
SEP 9 – 2008
Part of
Public Record

FILED
SEP 8 – 2008
SURFACE TRANSPORTATION BOARD



EXHIBIT
A

BEFORE THE
SURFACE TRANSPORTATION BOARD

---

| | | |
|---|---|---|
| **BNSF RAILWAY COMPANY** | ) | |
| **ABANDONMENT EXEMPTION** | ) | **DOCKET NO. AB-6** |
| **IN KING COUNTY, WASHINGTON** | ) | **(SUB-NO. 463X)** |

---

PETITION FOR EXEMPTION

---

BNSF Railway Company ("**BNSF**") petitions the Surface Transportation Board (the "**STB**" or "**Board**") to exempt, under 49 U.S.C § 10502, BNSF's proposed abandonment from the offer of financial assistance ("**OFA**") provisions of 49 U.S.C. § 10904. BNSF has concurrently filed a Notice of Exemption (the "**Notice**") to abandon a 7.30-mile rail line located between milepost 0 00 and milepost 7.30 in King County, Washington (the "**Line**"). A map of the Line is attached as Exhibit A.

The Board has previously accepted the filing of a Notice of Exemption under 49 C F R § 1152.50 for an abandonment and a Petition for Exemption under 49 C.F.R. § 1121 for an exemption of the OFA process under Section 10904.[1]

BNSF respectfully requests the Board to follow its precedent in this proceeding

---

[1] *See CSX Transportation, Inc – Abandonment Exemption – in Shelby County, TN*, STB Docket No AB-55 (Sub-No 684X) (STB served Sept 27, 2007), *CSX Transportation, Inc – Abandonment Exemption – in Ware County, Ga*, STB Docket No AB-55 (Sub-No 675) (STB served Jan 3, 2008)  Moreover, the Board granted an exemption from the OFA provisions, on its own motion, to avoid delay in the transfer of a line approved for abandonment to the State of West Virginia for public purposes  *CSX Transportation, Inc – Abandonment – In Barbour, Randolph, Pocahontas, and Webster Counties, WV* STB Docket No AB-55 (Sub-No 500)(STB Served Jan 9, 1997)

## SUPPORT FOR THE EXEMPTION FROM 49 U.S.C. § 10904

There has been no local freight traffic on the Line for more than two years and all overhead traffic can be rerouted. The Spirit of Washington dinner train, however, has operated over the northern portion of the Line between Milepost 0.00 and Milepost 1.86 at the Columbia Winery until discontinuing service in early 2008.

BNSF is closely coordinating the abandonment of the Line with the Port of Seattle ("**Port**") and King County, Washington ("**County**") as part of a multi-transaction arrangement between the parties. The Port intends to purchase the Line from BNSF with track and structures intact. To the best of BNSF's knowledge, the Port intends to allow the County to railbank the Line under 16 U.S.C. § 1247(d) and the Port will determine the Line's ultimate use following receipt of input from the public after the Line is rail-banked. The city of Redmond, Washington also has an interest in acquiring a section of the southern portion of the Line to tie into its existing trail system. BNSF is seeking an exemption from the OFA process so the Port and County can execute their plans for the Line.

In addition to the plans stated above, the abandonment is consistent with broader local land use plans. The <u>BNSF Rail Corridor Preservation Study</u>, a publication in the public domain prepared by Puget Sound Regional Council, supports retaining the BNSF corridor. The Port's current plans also include use of approximately 2 miles of the north end of the Line as an excursion train spur and/or yard track.

There has been no recent demand for rail service on the Line and to the best of BNSF's knowledge there is no prospect that rail service will be required in the foreseeable future. Because the Line is no longer needed for rail freight purposes, retention of the Line for freight

operations pursuant to the OFA process is no longer necessary. There are no shippers located on the Line. BNSF has not been advised of any opposition to the abandoment and does not expect any such opposition. Post abandonment the Line will be used for alternative public purposes by multiple parties.

### ARGUMENT IN SUPPORT OF EXEMPTION FROM 49 U.S.C. § 10904

BNSF files this Petition under Section 10502 for an exemption from the provisions of Section 10904 in order for the Port and County to execute their respective plans for the Line as stated above. Under Section 10904, a line that has been authorized for abandonment may be acquired for continued rail purposes. Pursuant to Section 10502, however, the Board must exempt a transaction from regulation when it finds that:

(1) regulation is not necessary to carry out the rail transportation policy of 49 U S C. § 10101; and

(2) either

    (a) the transaction is of limited scope, or

    (b) regulation is not necessary to protect shippers from the abuse of market power.

The legislative history of Section 10502 reveals a clear Congressional intent that the Board should liberally use its exemption authority to free certain transactions from the administrative and financial costs associated with continued regulation. In enacting the Staggers Rail Act of 1980, Pub L. No. 96-488, 94 Stat 1895, Congress encouraged the Board's predecessor agency to liberally use the expanded exemption authority under former Section 10505.

> The policy underlying this provision is that while Congress has been able to identify broad areas of commerce where reduced regulation is clearly

> warranted, the Commission is more capable through the administrative process of examining specific regulatory provisions and practices not yet addressed by Congress to determine where they can be deregulated consistent with the policies of Congress. The conferees expect that, consistent with the policies of this Act, the Commission will pursue partial and complete exemption from remaining regulation.

H.R. Rep No. 1430, 96th Cong 2d Sess. 105 (1980). *See also Exemption From Regulation – Boxcar Traffic*, 367 I.C.C 424, 428 (1983), *vacated and remanded on other grounds, Brae Corp v United States*, 740 F.2d 1023 (D C. Cir. 1984). Congress reaffirmed this policy in the conference report accompanying the ICC Termination Act of 1995, Pub. L. No. 104-88, 109 Stat. 803, which re-enacted the rail exemption provision as Section 10502. H.R. Rep. No. 422, 104th Cong. 1st Sess 168-69 (1995).

### A. The Application of 49 U.S.C. §10904 Is Not Necessary to Carry Out the Rail Transportation Policy

Applying the OFA provisions of Section 10904, in this instance, is not necessary to carry out the rail transportation policy.

An exemption would minimize the unnecessary expenses associated with the preparation of valuations in the OFA process, expedite regulatory decisions and reduce regulatory barriers to exit. 49 U.S.C § 10101 (2) and (7). The Board and its predecessor, the Interstate Commerce Commission, have granted exemptions from Section 10904 where the right-of-way is needed for a valid public purpose and there is no overriding public need for continued rail service.[2] BNSF contends that the abandonment of the Line that is the subject of this Petition meets these criteria.

---

[2] See *Doniphas, Kensett and Searcy Railway – Abandonment Exemption – In Searcy, White County, AR*, STB Docket No AB-558X (STB served May 6, 1999)("*Doniphas*"); *Union Pacific Railroad Company – Abandonment Exemption – In Salt Lake County, UT*, STB Docket No AB-33 (Sub-No 116X) (STB served Sept 30, 1998), *K & E Railway Company – Abandonment Exemption – In Alfalfa, Garfield, and Grant Counties, OK and Barber County, KS*, STB Docket No AB-480X (STB served Dec 31, 1996)("*K&E*")

The imposition of an OFA condition would delay, if not thwart, these public benefits even though there is no demand for present rail service on the Line and no basis to believe that there is a need for future rail service. *See Norfolk Southern Railway Company – Abandonment Exemption – In Norfolk and Virginia Beach, VA*, STB Docket No. 290 (Sub-No. 293X) (STB served Nov 6, 2007)(exemption granted where line was needed for public transit corridor); *Los Angeles County Metropolitan Transportation Authority – Abandonment Exemption – In Los Angeles County, CA*, STB Docket No. AB-409 (Sub-No. 5X) (STB served July 17, 2008)(exemption granted where line was needed for mass transit); *Union Pacific Railroad Company – Abandonment Exemption – In Pima County, AZ*, STB Docket No. AB-33 (Sub-No. 141X) (STB served Feb. 16, 2000)(exemption granted where line was needed for public projects including bike/pedestrian paths); *Doniphan* (exemption granted where line was needed for construction project); *K&E* (exemption granted where segments of line were needed for flood control); *Union Pacific Railroad Company – Abandonment Exemption – In Kane County, IL*, STB Docket No. AB-33 (Sub-No. 105X) (STB served April 29, 1997 (exemption granted where right-of-way was needed for interim trail use); *Missouri Pacific Railroad – Abandonment and Discontinuance of Operations Exemption – In Houston, Harris County, TX*, STB Docket No. AB-3 (Sub-No 139X) (STB served December 31, 1996)(exemption granted where line was needed for expansion of warehouse and hiking and bike trail).

Nor will the exemption from Section 10904 result in a loss of rail service. There is no local service over the Line, all overhead service can be rerouted and BNSF is unaware of any future demand for rail service over the Line.

Other aspects of the rail transportation policy are not adversely affected. For example, competition and the continuation of a sound rail transportation system are not affected since the public will not be deprived of any needed rail services.

**B.   This Transaction Is of Limited Scope**

The proposed transaction is of limited scope. BNSF seeks exemption from Section 10904 for 7.30 miles of trackage in one county in one State

**C.   This Transaction Will Not Result In An Abuse Of Market Power**

There are no shippers located on the Line. A portion of the Line was used and will likely continue to be used for excursion trains and/or yard track. It is clear that the proposed exemption from Section 10904 presents no opportunity for an abuse of market power.

## CONCLUSION

BNSF respectfully requests the Board to consider this Petition concurrently with the Notice of Exemption filed for the Line in this proceeding and to grant an exemption from the provisions of Section 10904 with regard to the abandonment of the Line.

Respectfully submitted,

_Kristy Clark/cf_
KRISTY CLARK
General Attorney
BNSF Railway Company
2500 Lou Menk Drive, AOB-3
Fort Worth, Texas 76131

Dated. September 5, 2008

# EXHIBIT A



*STB Docket No. AB-6 (Sub. No. 463X)*