39427
DO

SERVICE DATE – LATE RELEASE OCTOBER 27, 2008

SURFACE TRANSPORTATION BOARD

DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

STB Docket No. AB-6 (Sub-No. 463X)

BNSF RAILWAY COMPANY—ABANDONMENT EXEMPTION—IN KING COUNTY, WA

Decided: October 27, 2008

BNSF Railway (BNSF) filed a notice of exemption under 49 CFR 1152 Subpart F—Exempt Abandonments to abandon a 7.30-mile rail line located between milepost 0.0 at Woodinville and milepost 7.30 at Redmond, King County, WA. Notice of the exemption was served and published in the Federal Register on September 26, 2008 (73 FR 55899).[1] The exemption is scheduled to become effective on October 28, 2008.

The Board's Section of Environmental Analysis (SEA) served an environmental assessment (EA) in this proceeding on October 3, 2008. In the EA, SEA recommends three conditions. First, SEA reports that the U.S. Environmental Protection Agency (EPA), Region 10, states that permits may be required under the Clean Water Act's National Pollution Discharge Elimination System (NPDES) to prevent or minimize the discharge of pollutants in storm water runoff from the disturbed areas to waters of the United States. EPA recommends that, prior to conducting any salvage activities along the line, BNSF be required to consult with the Washington Department of Ecology (WDE), to which the NPDES program has been delegated, regarding possible impacts of abandonment activities on wetlands located along the line and to ensure compliance with NPDES permitting requirements.

Second, SEA states that the U.S. Army Corps of Engineers (Corps) indicates that BNSF should establish the extent of floodplains and wetlands in the project area and determine if any such resources would be impacted by the proposed abandonment. According to the Corps, the project area contains wetlands and floodplains along the entire corridor and includes a crossing over the Sammamish River, a navigable waterway subject to Corps permitting requirements. Therefore, SEA recommends a condition requiring BNSF to consult with the Corps prior to conducting any salvage activities along the line regarding possible impacts of abandonment activities to water bodies and wetlands and to ensure compliance with Corps permitting requirements.

---

[1] By petition for exemption filed September 8, 2008, BNSF sought an exemption from the offer of financial assistance (OFA) requirements of 49 U.S.C. 10904. Because no notice of intent to file an OFA was submitted by the October 6, 2008 due date for such notices, the request for an exemption from the OFA provisions is moot and requires no Board action.



EXHIBIT

B

STB Docket No. AB-6 (Sub-No. 463X)

Finally, SEA states that the entire rail segment is eligible for listing in the National Register of Historic Places (National Register). This conclusion is based on the findings of a BNSF survey of the line in August 2007 to identify historic properties within the right-of-way. BNSF served its finding in an historic report on the Washington Department of History and Archaeology (SHPO). By letter, the SHPO replied to BNSF noting that the bridge at milepost 6.2 was almost entirely reconstructed following a 1980 arson investigation. Thus, SEA finds that the bridge no longer retains qualities that could make it eligible for listing under the National Register criteria. As the line may be eligible, SEA recommends that BNSF be required to retain its interest in and take no steps to alter the historic integrity of all sites, buildings, and structures within the project right-of-way that are eligible for listing or listed in the National Register until completion of the section 106 process of the National Historic Preservation Act, 16 U.S.C. 470f (NHPA).

Comments to the EA were due by October 20, 2008. No comments were filed. Accordingly, the environmental conditions recommended by SEA in the EA will be imposed.

On September 18, 2008, King County, WA (King County) filed a request for issuance of a notice of interim trail use (NITU) under the National Trails System Act, 16 U.S.C. 1247(d) (Trails Act), and 49 CFR 1152.29, to enable it to negotiate with BNSF for use of the line for interim trail use. King County has submitted a statement of willingness to assume full financial responsibility for the management of, for any legal liability arising out of the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for payment of any and all taxes that may be levied or assessed against, the right-of-way, as required at 49 CFR 1152.29, and acknowledged that the use of the right-of-way for trail purposes is subject to future reactivation for rail service. By letter filed with the Board on October 24, 2008, BNSF states that it supports the issuance of a NITU.

Because King County's request complies with the requirements of 49 CFR 1152.29 and BNSF is willing to negotiate for trail use, a NITU will be issued. The parties may negotiate an agreement during the 180-day period prescribed below. If the parties reach a mutually acceptable final agreement, no further Board action is necessary. If no agreement is reached within 180 days, BNSF may fully abandon the line subject to any outstanding conditions. See 49 CFR 1152.29(d)(1). Use of the right-of-way for trail purposes is subject to restoration for railroad purposes. See 49 CFR 1152.29(d)(2).

As conditioned, this decision will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. This proceeding is reopened.

2. Upon reconsideration, the notice served and published in the Federal Register on September 26, 2008, exempting the abandonment of the line described above is subject to the

STB Docket No. AB-6 (Sub-No. 463X)

conditions that BNSF shall: (1) prior to beginning salvage activities, (a) consult with WDE regarding possible impacts of abandonment activities on wetlands located along the line and to ensure compliance with NPDES permitting requirements and, (b) consult with the Corps regarding possible impacts of abandonment activities to water bodies and wetlands, and to ensure compliance with Corps permitting requirements; and (2) retain its interest in and take no steps to alter the historic integrity of all historic properties, including sites, buildings, structures, and objects within the proposed abandonment's right-of-way that are eligible for listing or are listed in the National Register until the section 106 process has been completed, report back to SEA regarding any consultations with the SHPO or the public regarding this matter, and be prohibited from filing a consummation notice or initiating any salvage activities until the section 106 process has been completed and the Board has removed this condition. Also, the notice of exemption is modified to the extent necessary to implement interim trail use/rail banking as set forth below to permit King County to negotiate with BNSF for trail use of the subject line, for a period of 180 days commencing from the service date of this decision and notice (until April 25, 2009).

3. If an interim trail use/rail banking agreement is reached, it must require the trail user to assume, for the term of the agreement, full responsibility for management of, for any legal liability arising out of the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for the payment of any and all taxes that may be levied or assessed against, the right-of-way.

4. Interim trail use/rail banking is subject to the future restoration of rail service and to the user's continuing to meet the financial obligations for the right-of-way.

5. If interim trail use is implemented, and subsequently the user intends to terminate trail use, it must send the Board a copy of this decision and notice and request that it be vacated on a specified date.

6. If an agreement for interim trail use/rail banking is reached by April 25, 2009, interim trail use may be implemented. If no agreement is reached by that time, BNSF may fully abandon the line, provided the other conditions imposed in this proceeding are met. See 49 CFR 1152.29(d)(1).

7. This decision is effective on its service date.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Anne K. Quinlan
Acting Secretary

3