39428  SERVICE DATE – LATE RELEASE OCTOBER 27, 2008
DO

## SURFACE TRANSPORTATION BOARD

## DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

STB Docket No. AB-6 (Sub-No. 464X)

BNSF RAILWAY COMPANY—ABANDONMENT EXEMPTION—IN KING COUNTY, WA

Decided: October 27, 2008

    BNSF Railway Company (BNSF) filed a notice of exemption under 49 CFR 1152 Subpart F–<u>Exempt Abandonments</u> to abandon a 5.60-mile rail line between milepost 5.00, at Kennydale, and milepost 10.60, at Wilburton, in King County, WA. On September 26, 2008, notice of the exemption was served and published in the <u>Federal Register</u> (73 FR 55898-99).[1] The exemption is scheduled to become effective on October 28, 2008.

    The Board's Section of Environmental Analysis (SEA) served an environmental assessment (EA) in this proceeding on October 3, 2008. In the EA, SEA recommends three conditions. First, SEA reports that the U.S. Environmental Protection Agency (EPA), Region 10, states that any salvage activities involving more than one acre of land may require permits under the Clean Water Act's National Pollutant Discharge Elimination System (NPDES) to prevent or minimize the discharge of pollutants in storm water runoff from the disturbed areas to waters of the United States. EPA recommends that, prior to conducting any salvage activities along the line, BNSF be required to consult with the Washington Department of Ecology (WDE), to which the NPDES program has been delegated, regarding possible impacts of abandonment activities on wetlands located along the line and to ensure compliance with NPDES permitting requirements.

    Second, SEA states that the U.S. Army Corps of Engineers (Corps) indicates that there are wetlands and floodplains along the rail corridor, and that BNSF should determine whether those natural resources would by impacted by the proposed abandonment. SEA further states that salvage activities may require Corps permits under section 10 of the River and Harbors Act and section 404 of the Clean Water Act. SEA recommends a condition requiring BNSF to consult with the Corps prior to conducting any salvage activities along the line regarding possible impacts of abandonment activities to water bodies and wetlands and to ensure compliance with Corps permitting requirements.

---

[1] By petition for exemption filed on September 8, 2008, BNSF sought an exemption from the offer of financial assistance (OFA) requirements of 49 U.S.C. 10904. Because no notice of intent to file an OFA was submitted by the October 6, 2008 due date for such notices, the request for an exemption from the OFA provisions is moot and requires no Board action.


EXHIBIT C

STB Docket No. AB-6 (Sub-No. 464X)

Finally, SEA states that the entire rail segment is eligible for listing in the National Register of Historic Places (National Register). This conclusion is based on the findings of a BNSF survey of the line in August 2007 to identify historic properties within the right-of-way. The Washington Department of History and Archaeology (SHPO) agreed with those findings. SEA recommends that BNSF retain its interest in and take no steps to alter the historic integrity of all historic properties, including sites, buildings, structures, and objects within the right-of-way that are eligible for listing or are listed in the National Register until the section 106 process of the National Historic Preservation Act, 16 U.S.C. 470(f), has been completed. SEA also recommends that BNSF be required to report back to SEA regarding any consultations with the SHPO or the public regarding this matter and that BNSF be prohibited from filing its consummation notice or initiating any salvage activities related to the proposed abandonment (including removal of tracks and ties) until the section 106 process has been completed and the Board has removed this condition.

Comments to the EA were due on October 20, 2008. SEA did not receive any additional comments. Accordingly, the conditions recommended by SEA in the EA will be imposed.

On September 18, 2008, King County, WA (King County), filed a request for the issuance of a notice of interim trail use (NITU) for the entire 5.60-mile line segment under the National Trails System Act, 16 U.S.C. 1247(d), and 49 CFR 1152.29, to enable it to negotiate with BNSF for use of the line for interim trail use. King County also submitted a statement of willingness to assume full responsibility for management of, for any legal liability arising out of the transfer or use of, and for the payment of any and all taxes that may be levied or assessed against, the right-of-way, as required at 49 CFR 1152.29, and has acknowledged that the use of the right-of-way for trail purposes is subject to future reactivation for rail service. By letter filed with the Board on October 24, 2008, BNSF states that it supports the issuance of a NITU.

Because King County's request complies with the requirements of 49 CFR 1152.29 and BNSF is willing to negotiate for trail use, a NITU will be issued. The parties may negotiate an agreement during the 180-day period prescribed below. If the parties reach a mutually acceptable final agreement, no further Board action is necessary. If no agreement is reached within 180 days, BNSF may fully abandon the line, provided the conditions imposed in this proceeding are met. See 49 CFR 1152.29(d)(1). Use of the right-of-way for trail purposes is subject to restoration for railroad purposes. See 49 CFR 1152.29(d)(2).

As conditioned, this decision will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. This proceeding is reopened.

2. Upon reconsideration, the exemption of the abandonment of the rail line described above, and covered by the notice served and published in the Federal Register on September 26,

STB Docket No. AB-6 (Sub-No. 464X)

2008, is subject to the conditions that BNSF shall: (1) prior to beginning salvage activities, (a) consult with WDE regarding possible impacts of abandonment activities on wetlands located along the lines and to ensure compliance with NPDES permitting requirements and, (b) consult with the Corps regarding possible impacts of abandonment activities to water bodies and wetlands, and to ensure compliance with Corps permitting requirements; and (2) retain its interest in and take no steps to alter the historic integrity of all historic properties, including sites, buildings, structures, and objects within the proposed abandonment's right-of-way that are eligible for listing or are listed in the National Register until the section 106 process has been completed, report back to SEA regarding any consultations with the SHPO or the public regarding this matter, and be prohibited from filing a consummation notice or initiating any salvage activities until the section 106 process has been completed and the Board has removed this condition. Also, the notice of exemption is modified to the extent necessary to implement interim trail use/rail banking as set forth below to permit King County to negotiate with BNSF for trail use of the subject line, for a period of 180 days commencing from the service date of this decision and notice (until April 25, 2009).

   3. If an interim trail use/rail banking agreement is reached, it must require the trail user to assume, for the term of the agreement, full responsibility for management of, for any legal liability arising out of the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for the payment of any and all taxes that may be levied or assessed against, the right-of-way.

   4. Interim trail use/rail banking is subject to the future restoration of rail service and to the user's continuing to meet the financial obligations for the right-of-way.

   5. If interim trail use is implemented, and subsequently the user intends to terminate trail use, it must send the Board a copy of this decision and notice and request that it be vacated on a specified date.

   6. If an agreement for interim trail use/rail banking is reached by April 25, 2009, interim trail use may be implemented. If no agreement is reached by that time, BNSF may fully abandon the line, provided the other conditions imposed in this proceeding are met. See 49 CFR 1152.29(d)(1).

   7. This decision is effective on its service date.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Anne K. Quinlan<br>Acting Secretary