**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| DANIEL HAGGART AND KATHY HAGGART, ROBERT W. TAYLOR, THE JAMES AND ANNMARI RYAN LIVING TRUST, KEVIN IDEN, DOUG RUBIN AND RACHEL RUBIN, DAYTON P. DENNISON, TERESA A. GALLO, SUK BONG LEE AND MIJA LEE, JEFFREY B. DUBOIS AND ANIKA V. DUBOIS, KEVIN JONES, CHRISTOPER M. HALL, SHERILYN SHIRLEY, VIRENDRA K. CHAUDHARY AND ROSHIL CHAUDHARY, MARLENE R. WINTER, TIMOTHY J. RILEY AND VIRGINIA L. RILEY, NABIL HAMADEH AND GHADA HAMADEH, JERRY RISE, STEVEN T. FOWLER, TERRY THOMPSON, LYNDA HAUTALA AND ERIC HAUTALA, MARK MUHSAM, MARC BEAN, LUANA RANDLEMAN, JEFF BEHRMAN, JOY A. KREICK AND CONRAD R. KREICK, ALAN SKOW, BARBARA S. KELLY AND BOBBY J. KELLY, RACHEL GAINES AND KEVIN BETO, MICHAEL HURLEY, MARTIN HOCHFELD, O. LOWELL ANDERSON, ALAN B. CLARK, ROTER INVESTMENTS, L.P., R & T BARBER FAMILY LIMITED PARTNERSHIP, FREY REED BUILDING LLC, NDC BUILDING LLC, FLOOR CRAFT BUILDING LLC, and CAR LOT LLC, For Themselves and As Representatives of a Class of Similarly Situated Persons, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )   No.  09-103 L<br>)<br>) |
| THE UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | ) |

**THIRD AMENDED COMPLAINT**

**JURISDICTION**

1.      This Court has jurisdiction pursuant to 28 U.S.C. §1491(a)(1) ("Tucker Act") because this action presents a claim against the United States which is founded upon the Constitution and Statutes of the United States.

**STATUTES AND CONSTITUTIONAL PROVISIONS**

2.      Plaintiffs' claim is based upon 1) the Fifth Amendment to the United States Constitution prohibiting the taking of private property for public use, without just compensation; 2) The National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d) ("Trails Act"); 3) The Tucker Act, 28 U.S.C. § 1491(a); and 4) The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000).

**COUNT I**
**(TAKINGS CLAIM)**

3.      BNSF Railway Company ("BNSF") formerly owned an easement for railroad purposes between milepost 0.0 at Woodinville and milepost 7.3 at Redmond, in King County, Washington, a distance of approximately 7.30 miles (the "Redmond Spur").

4.      BNSF formerly owned an easement for railroad purposes for the section of railroad between milepost 5.00 at Kennydale and milepost 10.60 at Wilburton, in King County, Washington, a distance of approximately 5.60 miles (the South Railbanking Segment).

5.      BNSF formerly owned an easement for railroad purposes for the section of railroad between milepost 11.25 near Wilburton and milepost 23.80 in Woodinville, in King County, Washington, a distance of approximately 12.55 miles (the "North Railbanking Segment").

6.      The three easements are hereby referred to as the "Railroad Easements".

7.    The Railroad Easements lay across property owned by Plaintiffs.

8.    Upon abandonment of the easement, Plaintiffs' property would have been unburdened by any easement.

9.    Plaintiffs Daniel Haggart and Kathy Haggart are husband and wife.  The Haggarts owned land adjacent to the Railroad Line on the date of the taking.  The property owned by the Haggarts is located in King County and includes Parcel Number 3343302550[1], and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

10.    Plaintiff Robert W. Taylor owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Taylor is located in King County and includes Parcel Number 9808610410, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

11.    Plaintiff The James and Annmari Ryan Living Trust owned land adjacent to the Railroad Line on the date of the taking.  The property owned by The James and Annmari Ryan Living Trust is located in King County and includes Parcel Number 6065300140, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

12.    Plaintiff Kevin Iden owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Iden is located in King County and includes Parcel Number 3343302870, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

13.    Plaintiffs Doug Rubin and Rachel Rubin are husband and wife.  The Rubins owned land adjacent to the Railroad Line on the date of the taking.  The property owned by the

---

[1] All Parcel Numbers herein are parcel identification numbers as assigned by the King County Assessor.

Rubins is located in King County and includes Parcel Number 9542000090, and includes the fee

title to all that property to the centerline of the abandoned right-of-way that is now subject to the

easement for an interim trail use.

14.     Plaintiff Dayton P. Dennison owned land adjacent to the Railroad Line on the date

of the taking.  The property owned by Dennison is located in King County and includes Parcel

Number 3342700200, and includes the fee title to all that property to the centerline of the

abandoned right-of-way that is now subject to the easement for an interim trail use.

15.     Plaintiff Teresa A. Gallo owned land adjacent to the Railroad Line on the date of

the taking.  The property owned by Gallo is located in King County and includes Parcel Number

2588500040, and includes the fee title to all that property to the centerline of the abandoned

right-of-way that is now subject to the easement for an interim trail use.

16.     Plaintiffs Suk Bong Lee and Mija Lee are husband and wife.  The Lees owned

land adjacent to the Railroad Line on the date of the taking.  The property owned by the Lees is

located in King County and includes Parcel Number 2024059053, and includes the fee title to all

that property to the centerline of the abandoned right-of-way that is now subject to the easement

for an interim trail use.

17.     Plaintiffs Jeffrey B. Dubois and Anika V. Dubois are husband and wife.  The

Duboises owned land adjacent to the Railroad Line on the date of the taking.  The property

owned by the Duboises is located in King County and includes Parcel Number 2911700040, and

includes the fee title to all that property to the centerline of the abandoned right-of-way that is

now subject to the easement for an interim trail use.

18.     Plaintiff Kevin Jones owned land adjacent to the Railroad Line on the date of the

taking.  The property owned by Jones is located in King County and includes Parcel Number

9414100032, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

19.    Plaintiff Christopher M. Hall owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Hall is located in King County and includes Parcel Number 3982703185, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

20.    Plaintiff Sherilyn Shirley owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Shirley is located in King County and includes Parcel Number 4101010290, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

21.    Plaintiffs Virendra K. Chaudhary and Roshil Chaudhary are husband and wife. The Chaudharys owned land adjacent to the Railroad Line on the date of the taking.  The property owned by the Chaudharys is located in King County and includes Parcel Number 9808590530, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

22.    Plaintiff Marlene R. Winter owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Winter is located in King County and includes Parcel Number 3342104048, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

23.    Plaintiffs Timothy J. Riley and Virginia L. Riley are husband and wife.  The Rileys owned land adjacent to the Railroad Line on the date of the taking.  The property owned by the Rileys is located in King County and includes Parcel Number 3342700320, and includes

the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

24.     Plaintiffs Nabil Hamadeh and Ghada Hamadeh are husband and wife.  The Hamadehs owned land adjacent to the Railroad Line on the date of the taking.  The property owned by the Hamadehs is located in King County and includes Parcel Number 3342100485, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

25.     Plaintiff Jerry Rise owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Rise is located in King County and includes Parcel Number 825059336, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

26.     Plaintiff Steven T. Fowler owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Fowler is located in King County and includes Parcel Number 924059097, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

27.     Plaintiff Terry Thompson owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Thompson is located in King County and includes Parcel Number 5448300095, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

28.     Plaintiffs Lynda Hautala and Eric Hautala are husband and wife. The Hautalas owned land adjacent to the Railroad Line on the date of the taking.  The property owned by the Hautalas is located in King County and includes Parcel Number 1247100017, and includes the

fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

29.     Plaintiff Mark Muhsam owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Muhsam is located in King County and includes Parcel Number 5448300105, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

30.     Plaintiff Marc Bean owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Bean is located in King County and includes Parcel Number 9808610400, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

31.     Plaintiff Luana Randleman owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Randleman is located in King County and includes Parcel Number 5448300155, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

32.     Plaintiff Jeff Behrman owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Behrman is located in King County and includes Parcel Number 1725059302, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

33.     Plaintiffs Joy A. Kreick and Conrad R. Kreick are husband and wife.  The Kreicks owned land adjacent to the Railroad Line on the date of the taking.  The property owned by the Kreicks is located in King County and includes Parcel Number 3342700290, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

-8-

34.     Plaintiff Alan Skow owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Skow is located in King County and includes Parcel Number 4151800575, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

35.     Plaintiffs Barbara S. Kelly and Bobby J. Kelly are husband and wife.  The Kellys owned land adjacent to the Railroad Line on the date of the taking.  The property owned by the Kellys is located in King County and includes Parcel Number 3982703235, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

36.     Plaintiffs Rachel Gaines and Kevin Beto owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Gaines and Beto is located in King County and includes Parcel Number 7555210180, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

37.     Plaintiff Michael Hurley owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Hurley is located in King County and includes Parcel Number 6065300060, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

38.     Plaintiff Martin Hochfeld owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Hochfeld is located in King County and includes Parcel Number 3343302150, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

39.     Plaintiff O. Lowell Anderson owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Anderson is located in King County and includes Parcel Number 3342103880, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

40.     Plaintiff Alan B. Clark owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Clark is located in King County and includes Parcel Number 6065300070, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

41.     Plaintiff Roter Investments, L.P. owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Roter Investments, L.P. is located in King County and includes Parcel Number 3898100680, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

42.     Plaintiff R & T Barber Family Limited Partnership owned land adjacent to the Railroad Line on the date of the taking.  The property owned by R & T Barber Family Limited Partnership is located in King County and includes Parcel Number 7792200005 and Parcel Number 7198800045, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

43.     Plaintiff Frey Reed Building LLC owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Frey Reed Building LLC is located in King County and includes Parcel Number 9270700025, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

44.     Plaintiff NDC Building LLC owned land adjacent to the Railroad Line on the date of the taking.  The property owned by NDC Building LLC is located in King County and includes Parcel Number 9270700010, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

45.     Plaintiff Floor Craft Building LLC owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Floor Craft Building LLC is located in King County and includes Parcel Number 9270700020, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

46.     Plaintiff Car Lot LLC owned land adjacent to the Railroad Line on the date of the taking.  The property owned by Car Lot LLC is located in King County and includes Parcel Number 9270700035, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to the easement for an interim trail use.

47.     On October 27, 2008, the STB issued a Notice of Interim Trail Use ("NITU") relating to the Redmond Spur.

48.     Also on October 27, 2008, the STB issued a NITU relating to the South Railbanking Segment.

49.     On November 28, 2008, the STB issued a NITU relating to the North Railbanking Segment.

50.     BNSF and King County, Washington, have reached a Trail Use Agreement encompassing the Redmond Spur, South Railbanking Segment and North Railbanking Segment, pursuant to which King County will use the railroad segments as a public recreational trail.

51.     But for operation of the Trails Act, the Plaintiffs would have the exclusive right to physical ownership, possession and use of their property free of any easement for recreational trail use .

52.     By operation of the Trails Act, the United States took Plaintiffs' property for which it is Constitutionally obligated to pay just compensation.

53.     Plaintiffs owned their property on the date of the taking, October 27, 2008 and November 28, 2008, and are therefore the proper claimants for compensation.

54.     Plaintiffs' property includes the fee title to the property underlying the former Railroad Easements.

55.     Pursuant to Washington law, when BNSF ceased operation of a railroad over the Plaintiffs' property and took steps demonstrating abandonment, the Railroad Easements were abandoned, and the Plaintiffs regained the right to use and possess their property free of any easement.

56.     The United States' actions damaged Plaintiffs by taking a portion of their property and by diminishing the value of the remaining property and by attenuating delay damages based upon the delayed payment of compensation.

## COUNT II
### (CLASS ACTION)

57.     Plaintiffs incorporate by reference all prior paragraphs as if set forth in their entirety.

58.     The proposed class is so numerous that joinder of all members is impracticable. The proposed class will be made up of those fee landowners who owned parcels of property along the abandoned right-of-way on the date of the taking, October 27, 2008 and November 28, 2008.  Prospective class members can be identified by a search of the records of the King County

Tax Assessor and Recorder of Deeds.  Through such a search, the Plaintiffs have determined that the right-of-way is comprised of approximately 750 individuals or entities owning fee parcels along the right-of-way.

59.     The claims of the proposed class members involve the same or substantially similar questions of law and fact.  The principal issue in this case is whether the deprivation of the proposed class members' "reversionary" property rights resulting from the transfer of the Railroad Line to a third party for use as a public recreational trail under the Trails Act constitutes a taking of the Plaintiffs' property for which "just compensation" is due under the Fifth Amendment to the United States Constitution.

60.     The claims of the Plaintiffs are typical of the claims of the proposed class.  The claims of the named Plaintiffs, as well as the claims of the proposed class members, arise from the same set of facts and are premised upon the same legal theories under Washington state property law, federal statutory law and the Fifth Amendment to the United States Constitution.

61.     The Plaintiffs, as representative parties, will fairly and adequately protect the interests of the proposed class.  The named Plaintiffs and the proposed class members possess the same interest.  They have suffered the same or similar injury – deprivation of property rights.  Further, they seek the same remedy – just compensation.  Counsel for the class has:  (a) experience in handling complex litigation; (b) knowledge of the applicable laws; and (c) adequate resources to commit to representing the class.  Counsel for the class has also performed extensive work in identifying and investigating the potential claims in this action.

62.     An opt-in class action is superior to all other methods of litigation based on the principals of judicial economy, consistency and uniformity of outcomes, conservation of litigation expenses, as well as certainty of the size of the proposed class.

63.     Plaintiffs further state that, in addition to the prerequisites for a class being met, a class action is maintainable pursuant to Fed. R. Civ. P. Rule 23(b).

WHEREFORE, Plaintiffs respectfully request a monetary judgment in favor of Plaintiffs representing the full fair market value of the property taken by the United States on the date it was taken, including severance damages, delay damages, interest, and costs and attorneys' fees incurred by Plaintiffs and the class; for certification of the class; and for such further relief as this Court may deem just and proper.

BAKER STERCHI COWDEN & RICE, L.L.C.

Date: August 7, 2009

By     /s/ Steven M. Wald
    Brent W. Baldwin
    Steven M. Wald
    J. Robert Sears
    1010 Market Street, Suite 950
    St. Louis, MO 63102-1708
    (314) 231-2925
    (314) 231-4857 (facsimile)
    baldwin@bscr-law.com
    wald@bscr-law.com
    sears@bscr-law.com

    -and-

    Thomas S. Stewart
    Elizabeth G. McCulley
    2400 Pershing Road, Suite 500
    Kansas City, MO 64108
    (816) 471-2121
    (816) 472-0288 (facsimile)
    stewart@bscr-law.com
    mcculley@bscr-law.com

    ATTORNEYS FOR PLAINTIFFS

-14-

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was filed with the Clerk of the Court via

ECF on this 7th day of August 2009, with a copy of the same being served via electronic mail

(ECF) by the Clerk of the Court on this 7th day of August 2009, to:

Bruce K. Trauben
U.S. Department of Justice
Environmental and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044
(202) 305-0238
(202) 305-0506 (facsimile)

ATTORNEY FOR DEFENDANT


 /s/ Steven M. Wald
ATTORNEY FOR PLAINTIFFS