**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| DANIEL HAGGART AND KATHY HAGGART, et al., For Themselves and As Representatives of a Class of Similarly Situated Persons, <br><br> Plaintiffs, <br><br> vs. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   No. 09-103 L <br><br> Judge Charles F. Lettow |

## JOINT PROPOSAL CONCERNING CLASS CERTIFICATION

Plaintiffs and Defendant have agreed to a proposed plan regarding class certification and adjudication of the proposed class action. The decision by the parties to support class certification in this case is based on the specific and unique facts presented and should not be considered an admission that class certification is appropriate in any other case. Subject to the Court's approval of the proposal set forth herein, Defendant does not oppose certification of an opt-in class under Rule 23 of the Rules of the United States Court of Federal Claims ("RCFC"), as defined in this joint proposal.

The proposed plan agreed to by the parties is as follows:

1. The parties request that the Court certify an opt-in class under RCFC 23 consisting of:

> All persons who own an interest in lands constituting part of the railroad corridor or right-of-way on which a rail line was formerly operated by the Burlington Northern and Santa Fe Railway Company ("BNSF") in King County, Washington, and who claim a taking of their rights to possession, control, and enjoyment of such lands due to the operation of the railbanking provisions of the

1

National Trails System Act ("NTSA"), 16 U.S.C. § 1247(d). The sections of the subject rights-of-way at issue are described as located between milepost 11.25 near Wilburton to milepost 23.80 in Woodinville and between milepost 0.0 near Woodinville to milepost 7.3 near Redmond and between milepost 5.0 near Kennydale to milepost 10.60 at Wilburton, all in King County, Washington. These segments were also the subject of three Notices of Interim Trail Use issued on October 27 and November 28, 2008, by the Surface Transportation Board pursuant to the NTSA and its implementing regulations. Excluded from this Class are the owners of land that abut segments of the subject right-of-way to which the railroad acquired fee simple title; railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt in to separate lawsuits against the United States for compensation for the same interests in land; and persons who are judges and justices of any court in which this action may be adjudicated or to which it may be appealed.[1]

2. Defendant, in agreeing to certification of the class as defined in paragraph 1 of this Joint Proposal, does not waive the right to move for decertification or to move for the class to be divided into additional subclasses if, as this case develops, the circumstances warrant such a motion. See RCFC 23(c)(1)(3); RCFC 23(c)(5); RCFC 23(d).

3. The proposed class shall be certified for the purpose of determining whether the actions taken by the United States pursuant to the NTSA, resulted in a taking of private property for which just compensation must be paid under the Fifth Amendment to the U.S. Constitution. As detailed in the parties' July 21, 2009 Joint Preliminary Status Report (Doc. 18), the parties anticipate that the liability issues can be addressed and resolved on motions for summary judgment. If liability is established for some or all of the class, the

---

[1] This definition of the class will require the parties or the Court, if the parties are unable to agree, to determine which segments of the rights-of-way at issue, if any, were held in fee simple.

parties will work together to develop a process for determining just compensation that is appropriate for this case.

4.  The named plaintiffs, as shown on the Third Amended Complaint, shall be designated as representatives of the class. As the facts underlying this action become better known, it may be deemed necessary by one or all of the parties to delete, add or substitute representative plaintiffs, and the parties shall use their best efforts to first resolve among themselves any issues relating to the fitness of any class representative.

5.  Counsel for the Named Plaintiffs, Brent Baldwin, Thomas S. Stewart, Steven M. Wald, J. Robert Sears, and Elizabeth McCulley, all of the law firm of Baker Sterchi Cowden & Rice, L.L.C., shall be appointed Class Counsel in this matter under RCFC 23(g). Within five (5) days upon certification of the class, class counsel shall designate one attorney as the attorney of record pursuant to RCFC 83.1(c).

6.  Following certification of the class, Plaintiffs, by September 18, 2009, shall prepare and submit for Defendant's review a proposed plan for providing notice to the potential class members and draft notice that meets the requirements of RCFC 23(c)(2) . Within 15 days of Plaintiffs' submission of the proposed plan, Defendant shall review and provide comments to Plaintiffs. The parties shall thereafter seek to reach agreement regarding the content of the notice and the means of providing notice. If such an agreement is reached, the parties then shall file the joint proposed plan. If no such agreement is reached within 10 days of delivery of the government's comments, Plaintiffs at that time shall file their proposed plan, and Defendant shall file its objections within 10 days. Notice to the putative class members shall be provided as soon as practicable, but

no later than 90 days, upon an order by the Court approving a plan for providing notice.

7.	The parties have exchanged initial disclosures pursuant to RCFC 26(a)(1), and filed their Joint Preliminary Status Report ("JPSR") in accordance with RCFC Appendix A on July 21, 2009 (Doc. 18).

WHEREFORE, Plaintiffs and Defendant respectfully request that the Court approve this proposal concerning class certification, that the Court certify the opt-in class identified above under the terms set forth herein.

Date: September 3, 2009

Respectfully submitted by:

| | |
|---|---|
| BAKER STERCHI COWDEN & RICE, L.L.C. | JOHN C. CRUDEN<br>Acting Assistant Attorney General |
| By: /s/ Steven M. Wald<br>   Brent W. Baldwin<br>   Steven M. Wald<br>   J. Robert Sears<br>   1010 Market Street, Suite 950<br>   St. Louis, MO 63102-1708<br>   (314) 231-2925<br>   (314) 231-4857 (facsimile)<br>   baldwin@bscr-law.com<br>   wald@bscr-law.com<br>   sears@bscr-law.com | By /s/ Bruce K. Trauben (by SMW with permission)<br>   Bruce K. Trauben<br>   U.S. Department of Justice<br>   Environmental and Natural Resources<br>   Division<br>   Natural Resources Section<br>   P.O. Box 663<br>   Washington, D.C. 20044<br>   (202) 305-0238<br>   (202) 305-0506 (facsimile)<br>   bruce.trauben@usdoj.gov |
| -and- | ATTORNEYS FOR DEFENDANT |
| Thomas S. Stewart<br>Elizabeth G. McCulley<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>(816) 471-2121<br>(816) 472-0288 (facsimile)<br>stewart@bscr-law.com<br>mcculley@bscr-law.com | |
| ATTORNEYS FOR PLAINTIFF | |