**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DANIEL HAGGART AND KATHY | ) | |
| HAGGART, et al., For Themselves and As | ) | |
| Representatives of a Class of Similarly | ) | No.  09-103 L |
| Situated Persons, | ) | |
| | ) | |
| Plaintiffs, | ) | Judge Charles F. Lettow |
| | ) | |
| vs. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFFS' MOTION TO CERTIFY CLASS ACTION**

On May 21, 2009, Plaintiffs filed a motion to certify this case as a class action pursuant to Rule 23 of the Rules of the United States Court of Federal Claims ("RCFC").  Defendant does not contest Plaintiffs' motion. Rather, on September 3, 2009, the parties filed a joint proposal concerning class certification, requesting the Court to certify an opt-in class under RCFC 23 consisting of:

> All persons who own an interest in lands constituting part of the railroad corridor or right-of-way on which a rail line was formerly operated by the Burlington Northern and Santa Fe Railway Co. ("BNSF") in King County, Washington, and who claim a taking of their rights to possession, control, and enjoyment of such lands due to the operation of the railbanking provisions of the National Trails System Act ("NTSA"), 16 U.S.C. § 1247(d).  The sections of the subject rights-of-way at issue are described as located between milepost 11.25 near Wilburton to milepost 23.80 in Woodinville and between milepost 0.0 near Woodinville to milepost 7.3 near Redmond and between milepost 5.0 near Kennydale to milepost 10.60 at Wilburton, all in King County, Washington.  These segments were also the subject of three Notices of Interim Trail Use issued on October 27 and November 28, 2008, by the Surface Transportation Board pursuant to the NTSA and its implementing regulations.  Excluded from this Class are the owners of land that abut segments of the subject right-of-way to which the railroad acquired fee simple title; railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt in to separate lawsuits against the United States for compensation for the same

1

interests in land; and persons who are judges and justices of any court in which this action may be adjudicated or to which it may be appealed.

Joint Proposal Concerning Class Cert. September 3, 2009.

The parties request the Court to designate the Plaintiffs as they appear on the Third Amended Complaint, as representatives of the class. Id. at 2. As explained below, the Court accepts the parties' joint proposal and Plaintiffs' motion to certify is GRANTED.

<u>Discussion</u>

A.    <u>The Potential Class Satisfies the Requirements of RCFC 23</u>

RCFC 23, as amended on November 3, 2008, governs class actions in the Court of Federal Claims. <u>Fauvergue v. United States</u>, 86 Fed. Cl. 82, 94 (2009); <u>Barnes v. United States</u>, 68 Fed. Cl. 492 (2005). This Court will only certify a class action where the potential class meets both the prerequisites for a class action and the requirements to maintain a class action found in RCFC 23. First, the class members must meet the four prerequisites enumerated in RCFC 23(a):

**(a)    Prerequisites.** One or more members of a class may sue as representative parties on behalf of all members only if:

(1)    the class is so numerous that joinder of all members is impracticable;
(2)    there are questions of law or fact common to the class;
(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4)    the representative parties will fairly and adequately protect the interests of the class.

RCFC 23(a). Second, the class members must satisfy two requirements in order to maintain the class action:

**(b)    Class Actions Maintainable.** A class action may be maintained if RCFC 23(a) is satisfied and if:

(1)    the United States has acted or refused to act on grounds generally applicable to the class; and

(2)    the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:

(A)    the class members' interests in individually controlling the prosecution of separate actions;

(B)    the extent and nature of any litigation concerning the controversy already begun by class members; [...] and

(C)    the likely difficulties in managing a class action.

RCFC 23(b). This Court previously has summarized these prerequisites and requirements into five elements: (1) numerosity; (2) commonality; (3) typicality; (4) adequacy; and (5) superiority. Fauvergue, 86 Fed. Cl. at 95 (citation omitted). Plaintiffs bear the burden of proving that the class satisfies all five elements by a preponderance of the evidence. Id. at 95-96 (citation omitted).

As discussed below, the potential class in this case meets each of these five elements, and the Court finds it appropriate to grant Plaintiffs' motion to certify the class.

    1.    Numerosity

This Court will grant a motion for class certification only when the potential class "is so numerous that joinder of all members is impracticable." RCFC 23(a)(1). The Court has wide discretion to determine whether the numerosity requirement is met based upon the facts of the case. Favreau v. United States, 48 Fed. Cl. 774, 777 (2000).  Here, Plaintiffs, based upon their review of the records of the King County Tax Assessor and Recorder of Deeds, estimate that there are over 700 potential plaintiffs.  The Court finds that this number of potential class members satisfies the numerosity requirement.

    2.    Commonality

This Court views the commonality element as having three sub-elements derived from RCFC 23: "(1) questions of law or fact are common to the class, RCFC 23(a)(2); (2) 'the United States has acted or refused to act on grounds generally applicable to the class,' RCFC 23(b)(2); and (3) 'questions of law or fact common to class members predominate over any questions affecting only individual members,' RCFC 23(b)(3)." Fauvergue, 86 Fed. Cl. at 98-99 (citing King v. United States, 84 Fed. Cl. 120, 125 (2008)).  The threshold for proving commonality is not high.  King, 84 Fed. Cl. at 125.

As the potential class satisfies all three sub-elements.  Commonality is satisfied in this case .  First, questions of law and fact are common to the class. A common question of law exists on whether a taking under the Fifth Amendment occurred when the Surface Transportation Board ("STB") issued Notices of Interim Trail Use ("NITU") on October 27 and 28, 2008 pursuant to the NTSA, The facts arising from the STB's issuance of the NITU also will be common to the class.  Second, the United States acted in a manner "generally applicable" to the class by issuing the NITUs.  Third, questions of law or fact common to class members predominate over any questions affecting only individual members. The predominant question is whether the United States committed a taking when issuing the NITU.  As noted above, this question is common to the class. Any just compensation warranted by the actions of the United States may vary between class members.  However, such variation is insufficient to defeat this element. <u>See Fauvergue</u>, 86 Fed. Cl. at 100.  '[F]actual variation among the class grievances' is acceptable as long as a 'common nucleus of operative fact exists."') (quoting <u>Curry v. United States</u>, 81 Fed. Cl. 328, 334 (2008)).  By meeting all three sub-elements, the potential class has satisfied the commonality element.

   3.   <u>Typicality</u>

      Plaintiffs must show that their claims are typical of the proposed class members in order to meet the typicality element. RCFC 23(x)(3); <u>Fauvergue</u>, 86 Fed. Cl. at 100.  Even if some factual differences exist between the claims of the named representatives, plaintiffs can successfully establish typicality by showing that the named representatives' claims share the   same   essential characteristics as the claims of the class at large.  <u>Fauvergue</u>, 86 Fed. Cl. at 100 (quotation omitted).  In the present case, the named Plaintiffs and the potential class members have claims premised upon a common legal theory of recovery - that the STB's issuance of the NITU constituted a taking under the Fifth Amendment.   Thus, Plaintiffs' claims are typical of the claims of the potential class, and the potential class has met this element.

   4.   <u>Adequacy of Representation</u>

      "A certified class must be 'fairly and adequately protect[ed]' by adequate counsel." <u>Fauvergue</u>, 86 Fed, Cl. at 100 (quoting RCFC 23(a)(4)) (alteration in original).  When evaluating the adequacy of representation, the Court must make two inquiries. <u>Id</u>.  "[F]irst, the court must consider whether the proposed class counsel is 'qualified, experienced and generally able to conduct the litigation,"' <u>Id</u>. (quoting <u>Curry</u>, 81 Fed. Cl. at 336).  "Second, plaintiffs must also show that class members do not 'have interests that are antagonistic to one another.'" <u>Id</u>. (quoting <u>Curry</u>, 81 Fed. Cl. at 336).

      Here, after a review of the biographical information submitted by

Plaintiffs, the Court finds that Plaintiffs' counsel possess the required qualifications, experience, and abilities to conduct this litigation.  Furthermore, at this stage of the proceedings, the class members do not appear to have competing interests. Rather, they possess the same interest in having the Government held liable for a taking.  Thus, because Plaintiffs will fairly and adequately protect the interests of the class, the potential class satisfies the fourth element.

     5.   <u>Superiority</u>

A potential class will satisfy the superiority element when "a class action would achieve economics of time, effort, and expenses, and promote uniformity of decision as to persons similarly situated, without sacrificing fairness or bringing about other undesirable results." <u>Barnes</u>, 68 Fed. Cl. at 499.  Here, considering that Plaintiffs estimate more than 700 class members, class certification is a superior method of adjudicating these claims.  Otherwise, if the claimants sought either to join a lawsuit or initiate one of their own, the Court and the parties would expend considerably more time, effort, and expenses reaching a resolution.  Furthermore, treating this matter as a class will promote uniformity of decision because it will obviate the possibility of inconsistent rulings in individual cases.  The potential class thus meets the superiority element.

    B.   <u>Class-Related Definitions and Appointment of Class Counsel</u>

In accordance with RCFC 23(c)(1)(B), when the Court grants class certification, it must "define the class and the class claims, issues, or defenses, and must appoint class counsel under RCFC 23(g)."

    1.   <u>Definition of the Class</u>

As agreed by the parties, the class shall consist of those individuals:

    (1)   who own an interest in lands constituting part of the railroad corridor or right-of-way on which a rail line was formerly operated by the BNSF Railway, Co. in King County, Washington;

    (2)   whose property was the subject of three Notices of Interim Trail Use issued on October 27 and November 28, 2008, by the Surface Transportation Board pursuant to the NTSA and its implementing regulations;

    (3)   who claim a taking of their rights to possession,

5

control, and enjoyment of such lands due to the operation of the railbanking provisions of the National Trails System Act ("NTSA"), 16 U.S.C. § 1247(d); and

(4)    who affirmatively opt into this lawsuit in accordance with the procedures to be established by the Court; but

(5)    excluding owners of land that abut segments of the subject right-of-way to which the railroad acquired fee simple title; railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt in to separate lawsuits against the United States for compensation for the same interests in land; and persons who are judges and justices of any court in which this action may be adjudicated or to which it may be appealed.

2.    <u>Definition of the Class Claims</u>

The class claims a violation of the Fifth Amendment of the United States Constitution resulting from the STB's issuance of the October 27 and November 28, 2008 NITUs. The class seeks "a monetary judgment ... representing the full fair market value of the property taken by the United States on the date it was taken, including severance damages, delay damages, interest, and costs and attorneys' fees incurred by Plaintiffs and the class ...." Third Am. Compl. at 13 (Aug. 7, 2009).

This Court has jurisdiction over Fifth Amendment takings claims under the Tucker Act, 28 U.S.C. § 1491. See <u>Moden v. United States</u>, 404 F.3d 1335, 1341 (Fed. Cir. 2005).

3.    <u>Identification of Class Issues</u>

The principal legal issue in this case is whether the STB's issuance of the NITUs on October 27 and November 28, 2008, resulted in a taking under the Fifth Amendment, requiring the United States to pay just compensation. In order to address this ultimate legal issue, the parties and the Court will consider several class sub-issues, including:

(1)    Did the class members have compensable property interests in the respective right-of-way on the date of the relevant NITU?

(2)    What was the nature of the interest in the subject railroad line originally acquired by BNSF and,

> correspondingly, the nature of the interest retained by
> the original grantors?

> (3)     If the Court determines that there has been a taking of
> the class members' property, what is the amount of just
> compensation due?

4.     <u>Identification of Potential Defenses</u>

The defenses of the United States may include, but are not limited to:

> (1)     The class members who did not own an interest in the
> subject property on the date of the alleged taking lack
> standing to seek just compensation under the Fifth
> Amendment. <u>See</u> Defendant's August 20, 2009 Answer
> to the Third Am. Compl. at 10 (Doc. 24).

5.     <u>Designation of Class Representatives</u>

The Court designates the named Plaintiffs, as they appear on the Third Amended Complaint, as representatives of the class. However, if at any time it becomes evident to a party or the parties that a class representative lacks standing, or that an additional class representative(s) is necessary to adequately represent the class, the party or parties shall promptly notify the Court by filing a motion pursuant to RCFC 21.

6.     <u>Appointment of Counsel</u>

Under RCFC 23(g)(I ), this Court is required to appoint class counsel when it certifies a class action. To serve as class counsel, an attorney must be able to fairly and adequately represent the interests of the class. RCFC 23(g)(1)(B). In appointing class counsel, the Court must evaluate: (1) the work that the potential class counsel has done in identifying or investigating potential claims in the action; (2) the potential class counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) the potential class counsel's knowledge of the applicable law; and (4) the resources the potential class counsel will commit to representing the class. RCFC 23(g)(I)(A).

The Court finds that Plaintiffs' counsel - Brent Baldwin, Thomas S. Stewart, Steven M. Wald, Robert Sears and Elizabeth McCulley, all of the law firm of Baker Sterchi Cowden & Rice, L.L.C. in St. Louis and Kansas City, Missouri - satisfies the requirements to serve as class counsel under RCFC 23(g). Counsel represent that they have already conducted significant work

regarding the claims at issue. A review of their qualifications demonstrates that they have the necessary experience and knowledge of the applicable law to act as class counsel. Furthermore, the Court has no reason to doubt that Plaintiffs' counsel, along with their firm, have the necessary resources to devote to this class. As such, the Court appoints Messrs. Baldwin, Stewart, Wald, and Sears, and Ms. McCulley, to be class counsel for this action.

C.   Schedule

Following certification of the class, Plaintiffs, by September 18, 2009, shall prepare and submit for Defendant's review a proposed plan for providing notice to the potential class members and draft notice that meets the requirements of RCFC 23(c)(2) . Within 15 days of Plaintiffs' submission of the proposed plan, Defendant shall review and provide comments to Plaintiffs. The parties shall thereafter seek to reach agreement regarding the content of the notice and the means of providing notice. If such an agreement is reached, the parties then shall file the joint proposed plan. If no such agreement is reached within 10 days of delivery of the government's comments, Plaintiffs at that time shall file their proposed plan, and Defendant shall file its objections within 10 days. Notice to the putative class members shall be provided as soon as practicable, but no later than 90 days, upon an order by the Court approving a plan for providing notice.

Conclusion

Plaintiffs' motion for class certification is GRANTED. Identification, notification, and closing of the class shall proceed in accordance with RFCF 23(c)(1)(C)(2)(B) and pursuant to the schedule set forth in above.

Date: September 3, 2009

Respectfully submitted by:

BAKER STERCHI COWDEN & RICE, L.L.C.

JOHN C. CRUDEN
Acting Assistant Attorney General


By:   /s/ Steven M. Wald
   Brent W. Baldwin
   Steven M. Wald
   J. Robert Sears
   1010 Market Street, Suite 950
   St. Louis, MO 63102-1708
   (314) 231-2925
   (314) 231-4857 (facsimile)
   baldwin@bscr-law.com
   wald@bscr-law.com
   sears@bscr-law.com

   -and-

   Thomas S. Stewart
   Elizabeth G. McCulley
   2400 Pershing Road, Suite 500
   Kansas City, MO 64108
   (816) 471-2121
   (816) 472-0288 (facsimile)
   stewart@bscr-law.com
   mcculley@bscr-law.com

   ATTORNEYS FOR PLAINTIFF

By:  /s/ Bruce K. Trauben (by SMW with permission)
   Bruce K. Trauben
   U.S. Department of Justice
   Environmental and Natural Resources
   Division
   Natural Resources Section
   P.O. Box 663
   Washington, D.C. 20044
   (202) 305-0238
   (202) 305-0506 (facsimile)
   bruce.trauben@usdoj.gov

   ATTORNEYS FOR DEFENDANT