IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 09-103L

(Filed: December 23, 2009)

| | |
|---|---|
| DANIEL and KATHY HAGGART for themselves and as representatives of a class of similarly situated individuals, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

## ORDER

The court acknowledges the joint status report filed by the parties on December 22, 2009. The report addresses the court's order of December 3, 2009, which requested that the parties separately submit statements by December 22, 2009, regarding the appropriateness of issuing class notice where a trail-use agreement had not been entered but a notice of interim trail use or abandonment had been issued. The parties advise that a trail-use agreement was executed on December 21, 2009, and that the issue posed by the order of December 3, 2009 consequently has been removed from the case. Statements by the parties as to their position on issuing notice thus no longer are necessary. The parties also advise that there is no impediment to issuing the class notice contemplated by the court's earlier opinion and order certifying a class. *See Haggart v. United States*, 89 Fed. Cl. 523 (2009).

In the circumstances, the parties are relieved of any obligation to provide the previously requested statements of position, and the hearing scheduled for January 5, 2010 is CANCELLED. In addition, the court APPROVES the form of notice to potential class numbers of the opportunity to participate in this class action, attached as Appendix A to this order, as well as the form of legal notice to potential class members by publication, attached as Appendix B to this order. The court further APPROVES the plan for providing notice to the class, as provided in the parties' Joint Status Report filed November 5, 2009, except that each of the dates specified in the plan shall be stepped back by 35 days.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge

# APPENDIX A
## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DANIEL HAGGART AND KATHY HAGGART, et al., For Themselves and As Representatives of a Class of Similarly Situated Persons,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>        Defendant. | )<br>)<br>)<br>) No. 09-103 L<br>)<br>) Judge Charles F. Lettow<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF OPPORTUNITY TO PARTICIPATE IN CLASS ACTION**
**A court has authorized this Notice. This is not a solicitation from a lawyer.**

TO:   All property owners who had an ownership interest on October 27, 2008 or November 28, 2008 in lands adjoining and/or underlying those portions of the railroad corridor or right-of-way located in King County, that runs from Kennydale to Wilburton (between mileposts 5.00 and 10.60), from Wilburton to Woodinville (between mileposts 11.25 and 23.80), or from Woodinville to Redmond (between mileposts 0.0 and 7.30), on which a rail line was formerly operated by BNSF Railway Co.

**1. Why did I get this Notice?**

Local property records show that you own or previously owned a parcel of property that abuts or is traversed by a segment of the railroad corridor or right-of-way described above.

The purpose of this Notice is to inform you of a class action lawsuit ("Class Action") brought against the United States by other property owners adjacent to the Railroad Line ("Named Plaintiffs"), to advise you of how your rights may be affected by the Class Action, and to instruct you on the procedure to opt into, or join, this Class Action if you choose to do so.

Judge Charles F. Lettow, the Judge of the United States Court of Federal Claims assigned to this case, has permitted the publication and distribution of this Notice.

**2. What is this lawsuit about?**

On February 19, 2009, the Named Plaintiffs filed their Complaint against the United States in the United States Court of Federal Claims for themselves and on behalf of a proposed group or "class" of similarly situated property owners. The lawsuit alleges that the Surface Transportation Board ("STB") issued a Notice of Interim Trail Use ("NITU") concerning the Railroad Line that authorized the railroad company previously operating the rail line ("BNSF") to enter into a "railbanking" agreement with King County, Washington to preserve the right-of-way for future rail use and to allow interim trail use of the right-of-way. The

lawsuit alleges that the STB's issuance of the NITU interfered with property interests recognized under Washington law and, therefore, constitutes a taking of private property for public use pursuant to the Fifth Amendment to the United States Constitution.

Defendant, the United States, denies that the Named Plaintiffs or potential class members are entitled to compensation for a Fifth Amendment taking.

**3. How did this lawsuit become a Class Action?**

On September 28, 2009, Judge Charles F. Lettow of the United States Court of Federal Claims ruled that the lawsuit will proceed as a class action. In doing so, Judge Lettow did not rule on the merits of the Named Plaintiffs' Complaint or find that the United States has any liability to Plaintiffs or to potential class members.

**4. Am I an eligible class member?**

You are receiving this notice, which the Court authorized, because it has been determined based upon a review of public records that you may be an eligible class member. Eligible class members are those who, on October 27, 2008 (for property located along the railroad corridor between Kennydale and Wilburton, or between Woodinville and Redmond), or on November 28, 2008 (for property located along the railroad corridor between Wilburton and Woodinville), owned an interest in land adjacent to or underlying the Railroad Line, and where BNSF held only an easement in the railroad corridor.

**5. How can I join the Class Action?**

To be considered eligible to join the Class Action, you must enroll in the action. To enroll, you must mail, fax, or hand deliver a completed Entry of Appearance form to Class Counsel. The Entry of Appearance form is attached to this Notice (a stamped, addressed envelope has been provided for your convenience). By signing and submitting this Entry of Appearance form, you are representing that you, or the entity you represent (such as a trustee of a trust or as an officer of a corporation), owned land on either October 27, 2008 or November 28, 2008 (as described in ¶ 4, above), that adjoins or underlies the Railroad Line, and that you wish to join the Class Action to have your potential claim pursued.

If you choose to join this Class Action, your Entry of Appearance form must be received by Class Counsel in time for Class Counsel to file the Entry of Appearance, <u>at the court</u>, with an accompanying motion to add you as a class member to the Class Action, **so mail, fax or hand deliver your completed form on or before TUESDAY JULY 6, 2010**. You may choose not to join this Class Action. If you wish to pursue your claim separately from the Class Action, you should discuss with your own attorney the fact that, if you do not file you own action with an appropriate federal court within six (6) years from either October 27, 2008 or November 28, 2008 (as described in ¶ 4, above), your claim may be time-barred and dismissed.

The court will include in the class any member who requests inclusion, subject to review.

**6. What happens once I join the Class Action?**

If you become a class member, a judgment in this case will be binding on you, meaning you could not pursue your own separate lawsuit using your own attorney.

If you become a class member, your interests will be represented by the Named Plaintiffs and Class Counsel.

**7. What if I no longer own the property that was along the Railroad Line?**

Whether you are still the owner, or have sold the property some time after either October 27, 2008 or November 28, 2008 (see ¶ 4, above), has no impact on your eligibility. However, you must have owned the property on either October 27, 2008 or November 28, 2008 (see ¶ 4, above) to be considered eligible.

**8. Will this case affect the recreational trail?**

The Class Action seeks just compensation for an alleged taking. The Class Action does not challenge the propriety or the legitimacy of the recreational trail. The only remedy available to class members if the Court concludes that a taking has occurred under the Fifth Amendment is a monetary judgment against the United States for just compensation of the property interest taken.

**9. If the case is unsuccessful, will I owe any money?**

If the case is unsuccessful, you will have no obligation for attorneys' fees or costs.

**10. Where is the form for me to fill out to apply to join the Class Action?**

If you wish to join this Class Action, please complete the simple Entry of Appearance on the next page, and then mail it to the address provided at the bottom of the Entry of Appearance form, or fax it to the fax number provided, or you may hand deliver it to Class Counsel. **If you wish to join this Class Action, you must ensure that the Class Counsel receives your Entry of Appearance form in time to file, at the Court, the Entry of Appearance form and a motion to add you as a class member to the class action, so your mailed form should be postmarked no later than <u>TUESDAY JULY 6, 2010</u>, or faxed or hand delivered to Class Counsel by that date.**

**11. What if I have additional questions?**

If you have additional questions about this Notice, please contact Class Counsel at the telephone number provided on the Entry of Appearance form.

## **ENTRY OF APPEARANCE**

I wish to opt-in to the Class Action lawsuit against the United States to assert a claim for a taking of private property for public use without just compensation. I owned land on either October 27, 2008 or November 28, 2008, that was immediately adjacent to or traversed by the railroad corridor, or right-of-way, located approximately between Kennydale and Wilburton (between mileposts 5.00 and 10.60), from Wilburton to Woodinville (between mileposts 11.25 and 23.80), or from Woodinville to Redmond (between mileposts 0.0 and 7.30), on which a rail line was formerly operated by BNSF Railway Co. ("BNSF").

By signing this Entry of Appearance form, below, I certify that the information provided in this Entry of Appearance form is true and correct, based upon my personal knowledge.

Note: If you represent an entity making a claim, such as a corporation, partnership, or trust, please identify the name of that entity in this Entry of Appearance, but sign in your own name as a representative of that entity. If you owned the land with another person or entity, it is only necessary that one of the owners sign this form, but it is helpful if you identify all owners.

Date: _____

Signature:_____

Name (print or type): _____

Street Address of Property that is
Next to the Railroad Line: _____

Current Mailing Address: _____

**Other contact information (optional):**
HOME TELEPHONE:_____
WORK TELEPHONE: _____
CELL PHONE: _____
E-MAIL ADDRESS: _____

**PLEASE RETURN YOUR SIGNED ENTRY OF APPEARANCE POST-MARKED NO LATER THAN TUESDAY JULY 6, 2010 OR FAXED OR HAND-DELIVERED TO CLASS COUNSEL BY THAT DATE (a stamped, addressed envelope has been provided for your convenience):**

Haggart v. United States Class Action
c/o Steven Wald, Esq.
1010 Market Street, Suite 950
St. Louis, MO 63102
You can also fax your signed claim form to: 314-231-4857

**If you have any questions, please call Class Counsel at (888) 235-6193.**

# APPENDIX B

## LEGAL NOTICE AUTHORIZED BY THE U.S. COURT OF FEDERAL CLAIMS

**If on October 27, 2008 or November 28, 2008, you had an ownership interest in land adjacent to or underlying those portions of the railroad corridor or right-of-way located in King County, that runs from Kennydale to Wilburton (between mileposts 5.00 and 10.60), from Wilburton to Woodinville (between mileposts 11.25 and 23.80), or from Woodinville to Redmond (between mileposts 0.0 and 7.30), on which a rail line was formerly operated by BNSF Railway Co., you may be an eligible class member.**

**1. What is this lawsuit about?**

On February 19, 2009, a complaint was filed against the United States in the United States Court of Federal Claims by property owners for themselves and on behalf of a proposed group or "class" of similarly situated property owners. The lawsuit alleges that the Surface Transportation Board ("STB") issued a Notice of Interim Trail Use ("NITU") concerning the Railroad Line that authorized the railroad company previously operating the rail line–BNSF--to enter into a "railbanking" agreement with King County to preserve this right-of-way for future rail use and to allow interim trail use of the right-of-way. The lawsuit alleges that the STB's issuance of the NITU interfered with property interests recognized under Washington law and, therefore, constitutesa taking of private property for public use pursuant to the Fifth Amendment to the United States Constitution.

Defendant, the United States, denies that the Named Plaintiffs or potential class members are entitled to compensation for a Fifth Amendment taking.

**2. Am I an eligible class member?**

Eligible class members are those who, on October 27, 2008 (for land located between Kennydale and Wilburton; or between Woodinville and Redmond) or November 28, 2008 (for land located between Wilburton and Woodinville), owned an interest in land adjacent to or underlying the railroad corridor or right-of-way on which a rail line was formerly operated by the Burlington Northern and Santa Fe Railway Company ("BNSF") in King County, Washington (the "Railroad Line"), and where BNSF only held an easement.

**3. How can I join the Class Action?**

To be considered eligible to join the Class Action, **by TUESDAY JULY 6, 2010, you must mail, fax, or hand deliver a completed form** stating that you, or the entity you represent owned land on October 27, 2008 or November 28, 2008, that was next to or traversed by the Railroad Line, and that you wish to join the Class Action to have your claim pursued. If you do so and are otherwise eligible, Class Counsel will enter your appearance on or before July 20, 2010, **Class Counsel (info below) will provide you with the form upon your request.**

**4. What happens once I join the Class Action?**

If you become a class member, a judgment in this case will be binding on you, meaning you could not pursue your own separate lawsuit using your own attorney. If you do not join in the Class Action, please be aware that the last day to file your own action is six (6) years from either October 27, 2008 or November 28, 2008, depending upon which segment of the railroad corridor your property is adjacent to; otherwise, your claim would be barred by the statute of limitations.

**5. Other information**

Whether you are still the owner, or have sold the property, has no impact on your eligibility. However, you must have owned the property on October 27, 2008 or November 28, 2008 to be considered eligible.

Judge Charles F. Lettow of the United States Court of Federal Claims ruled that the lawsuit will proceed as a class action. In doing so, Judge Lettow did not rule on the merits of the Named Plaintiffs' Complaint or find that the United States has any liability to Plaintiffs or to potential class members.

The Class Action seeks just compensation for an alleged taking. The Class Action does not challenge the propriety or the legitimacy of any recreational trail. The only remedy available to

class members if the Court concludes that a taking has occurred under the Fifth Amendment is a monetary judgment against the United States for just compensation of the property interest taken.

If the case is unsuccessful, you will have no obligation for attorneys' fees or costs.

**You can request a form to join the class action from Class Counsel.** Their contact information is: Baker Sterchi Cowden & Rice, L.L.C., 1010 Market Street, Suite 950, St. Louis, MO 63101; (314) 231-2925; (888) 235-6193; (314) 231-4857 (fax)