**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| DANIEL HAGGART AND KATHY HAGGART, et al., For Themselves and As Representatives of a Class of Similarly Situated Persons, | ) ) ) No. 09-103 L |
| Plaintiffs, | ) ) Judge Charles F. Lettow |
| vs. | ) ) |
| THE UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

**JOINT STATUS REPORT**

On November 6, 2009, the Parties filed a Joint Status Report (Dkt. No. 30), proposing a schedule of events relating to enlisting potential class members, including filing an amended complaint and serving a claims book on Defendant. See Nov. 6, 2009 Jt. Status Rep. at 3-7. On August 16, 2010, Plaintiffs filed their Fourth Amended Complaint (Dkt. No. 41) on behalf of 521 Plaintiffs. Defendant answered the Fourth Amended Complaint on September 2, 2010 (Dkt. No. 44). Also on August 16, 2010, Plaintiffs served on Defendant a claims book containing information about each of the 521 claims asserted in this action. Service of the claims book on August 16 thus triggered the 30-day period within which the parties were to submit a Joint Status Report after they met and conferred "in a good faith attempt to resolve any objections Defendant may have to the participation of any claimant(s) in this action." Nov. 6, 2009 Jt. Status Rep. at 7. On September 3, 2010, the Court ordered the parties to submit their joint status report on or before September 17, 2010 (Dkt. No. 45). The parties' joint status report follows.

1

1. On September 13, 2010, counsel for the parties met and conferred in person in Washington, D.C. During that meeting, counsel collaboratively devised a plan to efficiently identify those claims that are potentially valid.

2. That plan includes the following actions:

    a. By approximately September 21, 2010, Plaintiffs will categorize as "clear fee," or "clear easement," or "to be determined," the deeds that conveyed to the original, predecessor railroads the rights-of-way at issue (the "source deeds").

    b. Defendant, within approximately two weeks from the date it receives Plaintiffs' categorization, will review and comment on Plaintiffs' categorization of the source deeds.

    c. The parties will thereafter meet and confer in an attempt to resolve, without further litigation, any differences of opinion on the interest conveyed by the source deeds.

    d. Defendant may conduct discovery, including third party discovery, relating to the Plaintiffs' property interests, through January 15, 2010.

    e. By approximately January 15, 2010, Defendant will submit to Plaintiffs its objections to any claims. The parties agree that Defendant does not waive, and expressly reserves, all objections and defenses that it may have against any claim regardless of whether it objects or not to any particular claim in the proposed January 15, 2010, submission of objections.

    f. The parties intend to jointly explore retaining a consulting firm that is capable of assisting them in mapping the rights-of-way at issue to graphically depict the location of the parcels at issue and, where there is no dispute, the property interest held by the railroad in the right-of-way adjacent to those parcels. The firm selected also

is expected to be able to assist the parties in administering the claims of both named plaintiffs and opting-in class members. Toward that goal, on September 13, 2010, counsel for the parties met with a representative of such a consulting firm. The parties have not set a deadline for deciding whether to retain, and actually retaining, a consulting firm, but intend to do so as soon as possible.

3. So the Court is kept informed of developments that may affect this case, Defendant wishes to inform the Court of the following (Plaintiffs believe this information is irrelevant since it is only speculative what will occur (or in what time-frame) in the STB proceeding that is referenced). A railroad, GNP Rly. Inc. ("GNP"), filed a petition with the Surface Transportation Board ("STB") on August 24, 2010, asking the STB to vacate the Notice of Interim Trail Use or Abandonment ("NITU") that was issued on October 27, 2008 (STB Docket No. AB-6 (Sub-No. 463X)). This right-of-way is known as the Redmond Spur and is one of the rights-of-way at issue in this case. See Fourth Am. Compl., ¶¶ 3, 48, 49. In its August 24, 2010 Petition, GNP also asked the STB to partially vacate the NITU issued on November 28, 2008 that relates to the segment of right-of-way from Wilburton to Woodinville, Washington (STB Docket No. AB-6 (Sub-No. 465X)), which Plaintiffs refer to as the "North Railbanking Segment" in their complaint. See Fourth Am. Compl., ¶¶ 5, 48, 51. GNP is seeking to vacate the NITU with respect to 1.8 miles of the North Railbanking Segment. GNP indicated in its petition that it intends to reactivate common carrier railroad service on these segments of the rights-of-way at issue.

4. The parties intend to jointly report to the Court on their progress made toward the goals identified above on or before November 17, 2010.

5. The parties request a further joint status conference be scheduled on or before November 19, 2010.

Respectfully submitted,

| | |
|---|---|
| BAKER STERCHI COWDEN & RICE, L.L.C. | IGNACIA S. MORENO<br>Assistant Attorney General |
| By /s/ Steven Wald (by BKT w/perm.)<br>Brent W. Baldwin<br>Steven M. Wald<br>J. Robert Sears<br>1010 Market Street, Suite 950<br>St. Louis, MO 63102-1708<br>(314) 231-2925<br>(314) 231-4857 (facsimile)<br>baldwin@bscr-law.com<br>wald@bscr-law.com<br>sears@bscr-law.com<br><br>-and-<br><br>Thomas S. Stewart<br>Elizabeth G. McCulley<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>(816) 471-2121<br>(816) 472-0288 (facsimile)<br>stewart@bscr-law.com<br>mcculley@bscr-law.com<br><br>ATTORNEYS FOR PLAINTIFFS | By /s/ Bruce K. Trauben<br>Bruce K. Trauben<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Natural Resources Section<br>P.O. Box 663<br>Washington, D.C. 20044<br>(202) 305-0238<br>(202) 305-0506 (facsimile)<br>bruce.trauben@usdoj.gov<br><br>ATTORNEYS FOR DEFENDANT |

Dated: September 16, 2010