**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

DANIEL HAGGART AND KATHY HAGGART, et )
al., For Themselves and As Representatives of a )
Class of Similarly Situated Persons,                )        No.  09-103 L
                                                                    )
                    Plaintiffs,                             )        Judge Charles F. Lettow
                                                                    )
        vs.                                                    )
                                                                    )
THE UNITED STATES OF AMERICA,          )
                                                                    )
                    Defendant.                           )

**JOINT STATUS REPORT**

1.      As reported in their September 23, 2011, Joint Status Report, the parties

specifically identified easements conveyed to the original predecessor railroad by

condemnation, deeds, and prescriptive easements (but have not agreed concerning the

scope of the easements), as well as fee conveyances to the railroad.

2.      There are now 3 major categories or classes of conveyances:  easement,

fee, and disputed easement/fee conveyances.

3.      While the parties could not agree on the fee or easement character of

every conveyance to the railroad at issue in this case, the parties have continued to

explore further stipulations in order to attempt to limit the issues needing Court

resolution, as well as potential settlement possibilities.  In furtherance of these goals,

however, and in order to administer the claims in this large complex case as efficiently

as possible, the parties have agreed, with the Court's permission, to divide the current

class into sub-classes.  Specifically, the parties are contemplating the following sub-

classes for case management and briefing purposes: (1) those claimants who own

property adjacent to the right-of-way in the "easement" category and where the

government, subject to its reservation of rights to raise the issue should additional

1

information come to light, has not challenged the Plaintiffs' property interest in the right-of-way based upon any language in the Plaintiffs' deeds;  (2) those claimants who own property adjacent to the right-of-way in the "disputed easement/fee" category and where the government, subject to its reservation of rights, has not challenged the Plaintiffs' property interest in the right-of-way based upon any language in the Plaintiffs' deeds; (3) those claimants who own property adjacent to the right-of-way in either the "easement" or "disputed easement/ fee" category and where the government has identified an issue regarding those Plaintiffs' alleged property interest in the right-of-way based upon language in their deeds (*see, e.g., Roeder Co. v. Burlington Northern, Inc.*, 716 P.2d 855 (Wash. 1986)) (Notes: (a) Plaintiffs do not stipulate to the merits of the "metes and bounds" defense, and merely acknowledge that the government may raise such a defense; (b) Defendant believes that Plaintiffs have the affirmative duty of coming forward and establishing a property interest in the right-of-way, and have failed to do so in certain instances because, for example, the metes and bounds of certain Plaintiffs' deeds do not include the right-of-way); and (4) those claimants in the "fee" category, whose claims Plaintiffs will voluntarily move to dismiss.

4.      The parties propose that, by November 18, 2011, the parties file a formal joint motion with the Court proposing which class members should be divided into the agreed-upon sub-classes, and further detailing the parties' proposed plan of litigating/resolving the claims within the respective proposed sub-classes.

5.      The parties do not intend to file a Motion for Summary Judgment until the Court issues its Order regarding sub-classes in light of the parties' forthcoming proposed plan.

SL293882v.1

Respectfully submitted,

BAKER STERCHI COWDEN & RICE,
L.L.C.

IGNACIA S. MORENO
Assistant Attorney General


By  /s/ Steven Wald (by BKT w/permission)
   Brent W. Baldwin
   Steven M. Wald
   J. Robert Sears
   1010 Market Street, Suite 950
   St. Louis, MO 63102-1708
   (314) 231-2925
   (314) 231-4857 (facsimile)
   baldwin@bscr-law.com
   wald@bscr-law.com
   sears@bscr-law.com

   -and-

Thomas S. Stewart
Elizabeth G. McCulley
2400 Pershing Road, Suite 500
Kansas City, MO 64108
(816) 471-2121
(816) 472-0288 (facsimile)
stewart@bscr-law.com
mcculley@bscr-law.com

ATTORNEYS FOR PLAINTIFFS

By   /s/ Bruce K. Trauben
   Bruce K. Trauben
   U.S. Department of Justice
   Environment & Natural Resources Division
   Natural Resources Section
   P.O. Box 663
   Washington, D.C. 20044
   (202) 305-0238
   (202) 305-0506 (facsimile)
   bruce.trauben@usdoj.gov

   ATTORNEYS FOR DEFENDANT

Dated:  October 24, 2011

SL293882v.1