UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DANIEL AND KATHY HAGGART, *et al*, For Themselves and As Representatives of a Class of Similarly Situated Persons,<br><br>      Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 09-103 L<br><br>Judge Charles F. Lettow<br>*Electronically filed on June 18, 2012* |

**SUBCLASS TWO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AND ON THE PROPER METHODOLOGY TO DETERMINE THE AMOUNT OF JUST COMPENSATION**

The Subclass Two Plaintiffs were defined in this Court's April 26, 2012 Order (D.E. 81, at 7). The Subclass Two Plaintiffs 1994 Richard H. Elfers Trust & 1994 Priscilla P. Elfers Trust Company (Cl. No. 1); AIDLIB, LLC (Cl. No. 6); Gerald and Susan Barber (f/k/a Susan Lang) (Cl. No. 22); Barrier Properties, LLC (Cl. Nos. 24.A and B); Margaret Benson (Cl. No. 35); Kari Block (Cl. No. 46); Kim D. Bowden and Lori Anderson (Cl. Nos. 49.A and B); Anthony P. Boydston (Cl. Nos. 50.A-C); Rhonda Lee Breard (Cl. No. 53); John Michael Brown (Cl. No. 60); Harold A. Bruce (Cl. No. 62); Conner Homes at Barbee Mill, LLC (Cl. Nos. 84.A-J); Construction Industry Training Counsel (Cl. No. 85); Guy A. & Rebecca A. Conversano (Cl. Nos. 86.A and B); Ken C. Craig (Cl. No. 88); Cypress Point Building LLC (Cl. No. 94); D & P Lockner I LLC (Cl. No. 95); Thomas R. and Kathleen I. Dahlby (Cl. Nos. 96.A and B); Donald C. and Patricia A. Dana (Cl. Nos. 97.A and B); Floyd C. and Sandra M. Darrow (Cl. No. 98); Dayton P. Dennison (Cl. No. 102); Lynn T. Dich (Cl. No. 105); Diversity Assets, LLC (Cl. No. 109); Patrick Dye, c/o POA- Robert Dye (Cl. No. 113); Bruce E. and Mary R. Erikson (Cl. No.

1

120); Vincent and Jennifer Farinas (Cl. No. 127); Brian Fife (Cl. No. 133); Mathew Flynn (Cl. No. 139); Ron O. Gery (Cl. No. 150); Robert L. Goertz (Cl. No. 153); Joyce Kendrick Goodwin (Cl. No. 155); Marjorie Grundhus and William E. Grundhus (Cl. Nos. 158.A and B); Richard Hagar (Cl. No. 161); Daniel and Kathy Haggart (Cl. No. 162); Hillside 116, LLC (Cl. Nos. 176.A and B); Jeffery C. and Ling Hilton (Cl. No. 177); John H. Houtz (Cl. No. 180); Thomas R. and Caryl J. Hunt (Cl. No. 186); James D. and Cynthia A. Huse (Cl. No. 189); Kevin Iden (Cl. No. 191); Infinity 7, LL (Cl. No. 192); Interpoint Corporation (Cl. Nos. 193.A and B); Joseph A. Ioppolo (Cl. No. 194); James H. Jacques (Cl. No. 200); Patricia E. Johnson (Cl. No. 211); Susan E. Johnson (Cl. Nos. 212.A and B); George and Nancy Johnston (Cl. No. 214); Tommy A. Jones (Cl. No. 217); Robert Eric Jorgensen and Rosemary Russo (Cl. No. 219); Joseph M. and Carol L. Collier Revocable Living Trust (Cl. No. 220); William F. and Debra Keppler (Cl. No. 229); Larry Kolesar (Cl. No. 239); Arthur T. and Lori Y. Kozai (Cl. No. 240); Conrad R. and Joy A. Kreick (Cl. No. 241); Mani Krishnamurthy (Cl. No. 242); Robert Lais (Cl. No. 253); Denis W. Law (Cl. No. 256); Legacy Kelsey Creek, LLC (Cl. No. 261); IIena A. and Ioan Leuca (Cl. No. 266); Kevin L. Lindahl and Rebecca A. Byus (Cl. No. 268); Viktoria Littleman (Cl. No. 273); Donald P. and Patricia Lockner (Cl. No. 274); John Peter, III and Nancy Lorge (Cl. No. 279); Craig D. Magnusson (Cl. No. 286); Magoon Enterprises LLC (Cl. No. 287); Nancy Manz (Cl. No. 289); Michael P. Mayfield (Cl. No. 295); David and Sally McCray (Cl. No. 297); Walter C. Moore (Cl. Nos. 309.A and B); Jeanette Morino (Cl. No. 312); Christine S. Mueller (Cl. No. 314); Andrea S. Nasarow (Cl. No. 318); Fritz W. and Angela F. Nelson (Cl. No. 321); Gregory J. Nick (Cl. No. 324); Michael and Gina Oldham (Cl. No. 329); PACCAR, Inc. (Cl. No. 336); Karyn A. Pasquier (Cl. No. 338); PBI Enterprises, Inc. (Cl. No. 339); Robert D. Peha (Cl. No. 341); J. George Peterson (Cl. No. 344); Larry L. Peterson (Cl. No. 346); George Charles

Piantanida (Cl. No. 349); Carl G. and Stephanie A. Pollard (Cl. No. 351); Carl G. and Stephanie

A. Pollard (Cl. No. 353); Stephen C. Porter (Cl. No. 355); Alan E. and Cynthia M. Provost (Cl.

No. 358); Delores Quam (Cl. No. 361); Paul A. Remington (Cl. No. 375); Repass Office LLC

(Cl. No. 377.A); Darius F. and Vicki Richards (Cl. No. 379); Timothy J. and Virginia L. Riley

(Cl. No. 382); Roter Investments, LP. (Cl. No. 390); Safeway, Inc. (Cl. No. 397); Robert

Sapirstein (Cl. No. 401); Ananth K. and Uma A. Shenoy (Cl. No. 410); Jon A. Shirley (Cl. No.

412); John Sisley (Cl. No. 418.B); Raymond S. Sivesind and Jayne Riggs (Cl. No. 419); Gregg

B. and Kelly Smith (Cl. Nos. 422.A and B); James G. Tasca (Cl. No. 440); Robert W. Taylor

(Cl. No. 441); The Bisiack Family Trust (Cl. No. 448); The HJPM Chen Family LLC (Cl. No.

450); Thirty-Third Place Condominiums (Cl. No. 457); Pierre P. Thiry (Cl. No. 458); Kevin Tran

(Cl. No. 470); Kip Ware (Cl. No. 485); Gary A. Weil (Cl. No. 488); William and Karen Buchan

Family, LLC (Cl. No. 495); Marlene Winter (Cl. No. 500); Woodinville Landing LLC (Cl. No.

504.A); Mark and Rosemary Zilmer (Cl. No. 520), for their Motion for Partial Summary

Judgment, pursuant to RCFC 56, and as more fully set forth in Subclass Two Plaintiffs'

Memorandum in Support and in Plaintiffs' Findings of Uncontroverted Fact, both of which are

hereby incorporated by reference, request partial summary judgment on the following grounds:

Plaintiffs filed their Complaint under the Tucker Act and are seeking just compensation

under the Fifth Amendment for the taking of their property.  The Tucker Act constitutes the

Federal Government's implied promise to pay just compensation for valid claims founded on the

United States Constitution and, further, provides this Court jurisdiction over claims against the

government to recover damages founded on the Constitution.  *See Preseault v. Interstate*

*Commerce Comm'n*, 494 U.S. 1, 2 (1990) ("*Preseault I*").  It is well established that the federal

government may be liable under the Fifth Amendment for a taking of property belonging to

owners whose property has been burdened by a public use easement through the operation of the National Trails System Act ("Trails Act"), 16 U.S.C.A. § 1247. *See Preseault I,* 494 U.S. 1; *Preseault v. United States,* 100 F.3d 1525, 1533 (Fed. Cir. 1996) (*"Preseault II"*); *Toews v. United States*, 376 F.3d 1371 (Fed. Cir. 2004); *Ellamae Phillips Co. v. United States*, 564 F.3d 1367 (Fed. Cir. 2009) ("*Ellamae Phillips*").

The United States effected a taking of the Subclass Two Plaintiffs' property and is liable for "just compensation" under the Fifth Amendment of the United States Constitution. The Defendant has stipulated that all Subclass Two Plaintiffs own land adjacent to the former railroad right-of-way. Further, pursuant to Washington law, all landowners in Subclass Two are presumed to own to the centerline of the railroad corridor. *See Roeder Co. v. Burlington Northern, Inc.*, 716 P.2d 855 (Wash. 1986); *Northlake Marine Works, Inc. v. City of Seattle*, 857 P.2d 283, 289-90 (Wash. App. 1993). This Court should grant the Subclass Two Plaintiffs' motion for summary judgment on liability for the following reasons:

1. The railroad originally acquired an easement (as stipulated by the Defendant); and

2. The railroad's easement was limited to use for railroad purposes, and the issuance of the Notice of Interim Trail Use ("NITU") authorizing conversion of the railroad line for use as a public recreational trail under the Trails Act is beyond the original scope of the easement, and thus constituted a taking that requires just compensation.

*See Preseault II,* 100 F.3d at 1533; *Ellamae Phillips*, 564 F.3d at 1373.

The Subclass Two Plaintiffs prevail on the first element of the *Preseault II* test, fee or easement, because it has been stipulated that they own land adjacent to areas of the railroad corridor that were obtained as easements by the original acquiring railroad. Subclass Two Plaintiffs also prevail on the second element of the *Preseault II* test, scope of the easement. Under Washington law, recreational trail use is beyond the scope of railroad purpose easements.

*Lawson v. State*, 730 P.2d 1308 (Wash. 1986).  Indeed, that was the conclusion reached by the CFC in two recent cases arising out of Washington.  *See Beres v. United States*, 2012 WL 1608254 (Fed. Cl. April 12, 2012); *Longnecker v. United States*, 2012 WL 1606330 (Fed. Cl. April 30, 2012).

Because the railroad easements were originally for railroad purposes only and, because under operation of Federal law, the easements are now subject to a public use including a public recreational trail, which is beyond the scope of the original railroad easement, all of the Subclass Two Plaintiffs' rights to their land unencumbered by the railroad easement was "taken" and they are entitled to just compensation.  All of the Subclass Two Plaintiffs have satisfied the prerequisites dictated by *Preseault II*, their property rights have now been taken, and they are entitled to summary judgment on the issue of liability.  The measure of damages for just compensation for a Trails Act taking is the difference in the value of the land unencumbered by a railroad easement and the value of the land encumbered by a perpetual recreational trail use easement subject to possible reactivation as a railroad.  *See Ladd v. United States*, 630 F.3d 1015 (Fed. Cir. 2010).

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, L.L.C.

Date:  June 18, 2012

By   */s/ Thomas S. Stewart*
    Thomas S. Stewart
    Elizabeth G. McCulley
    2400 Pershing Road, Suite 500
    Kansas City, MO 64108
    (816) 471-2121
    (816) 472-0288 (facsimile)
    stewart@bscr-law.com
    mcculley@bscr-law.com

    -and-

Steven M. Wald
J. Robert Sears
1010 Market Street, Suite 950
St. Louis, MO 63102-1708
(314) 231-2925
(314) 231-4857 (facsimile)
wald@bscr-law.com
sears@bscr-law.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF on this 18th day of June, 2012, with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this same day, to:

BRUCE K. TRAUBEN
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0238
Facsimile: (202) 305-0506
E-mail: bruce.trauben@usdoj.gov
**ATTORNEY FOR DEFENDANT**

_/s/ Thomas S. Stewart_
ATTORNEY FOR PLAINTIFFS