UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DANIEL AND KATHY HAGGART, *et al*,<br>For Themselves and As Representatives of a<br>Class of Similarly Situated Persons,<br><br>       Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)  Case No. 09-103 L<br>)<br>)  Judge Charles F. Lettow<br>)  *Electronically filed on July 2, 2012*<br>)<br>)<br>) |

---

## PLAINTIFFS' RESPONSE TO DEFENDANT'S
## NOTICE OF INDIRECTLY RELATED CASE PURSUANT TO RULE 40.2(b)(3)(D)

---

On June 19, 2012, Defendant filed a Notice of Indirectly Related Case, asserting that *Access Golf, LLC v. United States*, No. 12-248L (Fed. Cl., filed Apr. 17, 2012) ("*Access Golf*") is indirectly related to this case. The Defendant asserts that these two cases, *Haggart* and *Access Golf*, should be consolidated. Plaintiffs disagree because these two cases are not technically indirectly related under Rule 40.2(b)(2)(A) and their consolidation will not promote the efficient administration of justice pursuant to Rule 40.2(b)(2)(B).

Rule 40.2(b) of the Rules of the Court of Federal Claims states as follows:

**Rule 40.2. Related Cases**

**(b) Indirectly Related Cases.**

    **(1) *In General.*** If a party is aware of the existence of any indirectly related case(s), the party may file a Notice of Indirectly Related Case(s).

    **(2) *Definition.*** For the purpose of this rule, cases are indirectly related when:

        **(A)** they present common issues of fact; and

**(B)** their consolidation for purposes of coordinated discovery can be expected significantly to promote the efficient administration of justice.

While it is true that the two Plaintiffs in *Access Golf* own property along a small portion of the 25 mile former railroad right-of-way across from a very limited number of the *Haggart* Class Members, the only common issues of <u>fact</u> under Rule 40.2(b)(2)(A) in both cases is the date of the taking pertaining to one of the three Notices of Interim Trail Use ("NITU") applicable to the *Haggar*t Class Action and the three original railroad source conveyances in *Access Golf* are the same as three of the hundreds at issue in *Haggart*.  Thus, a few of the *Haggart* Class Members and the two *Access Golf* Plaintiffs share a common <u>legal</u> issue, not a factual issue, concerning the nature of the railroad's interest in the right-of-way and whether the railroad merely held an easement or owned the land in fee under the first prong of *Preseault II.*

The  legal issue of whether the railroad held only an easement pursuant to the original railroad source conveyances in the *Access Golf* case concerning three conveyances is far more narrow of a legal issue than that of the railroad's interest in well over 100 railroad source conveyances in the *Haggart* Class Action.  Further, the issue of the individual Plaintiffs' ownership interest in the underlying fee of the former railroad right-of-way, whether a *Haggart* Class Member or an *Access Golf* Plaintiff, is not a common factual issue to either case. Moreover, the three railroad source conveyances, whether condemnation or deed, applicable to *Access Golf*, actually contain identical language to those railroad source conveyances applicable to many other Washington Rails-to-Trails cases pending in the Court of Federal Claims before numerous Judges, including Judge Baskir.

The *Access Golf* Plaintiffs specifically chose not to participate in the *Haggart* Class Action and adamantly oppose consolidation with the *Haggart* Class Action for purposes of discovery or any other purpose.  Numerous and extensive issues exist in *Haggart* that are

irrelevant to the *Access Golf* case.  It is impossible to conclude that the consolidation of these two cases could possibly promote the "efficient administration of justice" under Rule 40.2(b)(2)(B), at least as far as the two Plaintiffs in *Access Golf* are concerned.

The *Access Golf* case only involves two Plaintiffs and seven parcels of land.  Actual discovery has already been completed for the railroad source conveyances and the only discovery that needs to be completed is documentation regarding the Plaintiffs' actual ownership of the parcels of land on the date of the taking, including their ownership deeds and other documents, which is actually ready to be served (the *Access Golf* Plaintiffs are ready to serve that discovery on Defendant at this time and Defendant has already been informed).  In fact, Plaintiffs are ready to file the motion for summary judgment in *Access Golf* on liability and wish to do so at the earliest possible time.  Furthermore, once liability is determined, the damages issues in *Access Golf* are much different than the valuation issues in *Haggart*.  Consolidation of *Access Golf* with the *Haggart* Class Action clearly will not promote the efficient administration of justice for the *Access Golf* Plaintiffs' case and would actually cause unjustified and unwarranted delay of the adjudication of *Access Golf*.

In sum, it would be unfair and prejudicial to the *Access Golf* Plaintiffs to suffer consolidation with the *Haggart* Class Action and incur a delay in adjudication of their case while waiting for numerous irrelevant issues to be resolved in the *Haggart* Class Action.  As such, Plaintiffs in the *Haggart* Class Action and Plaintiffs in *Access Golf* oppose consolidation of the cases.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, L.L.C.

Date:  July 2, 2012                    By   */s/ Thomas S. Stewart*
                                          Thomas S. Stewart

3

Elizabeth  McCulley
2400 Pershing Road, Suite 500
Kansas City, MO 64108
(816) 471-2121
(816) 472-0288 (facsimile)
stewart@bscr-law.com
mcculley@bscr-law.com

-and-

Steven M. Wald
J. Robert Sears
1010 Market Street, Suite 950
St. Louis, MO 63102-1708
(314) 231-2925
(314) 231-4857 (facsimile)
wald@bscr-law.com
sears@bscr-law.com

ATTORNEYS FOR PLAINTIFFS


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF on this 2nd day of July, 2012, with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this same day, to:

BRUCE K. TRAUBEN
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0238
Facsimile: (202) 305-0506
E-mail: bruce.trauben@usdoj.gov
**ATTORNEY FOR DEFENDANT**


_____*/s/ Thomas S. Stewart*_____
ATTORNEY FOR PLAINTIFFS