UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DANIEL AND KATHY HAGGART, *et al*,<br>For Themselves and As Representatives of a<br>Class of Similarly Situated Persons, | )<br>)<br>) | |
| | ) | |
| Plaintiffs, | ) | Case No. 09-103 L |
| | ) | |
| vs. | ) | Judge Charles F. Lettow |
| | ) | *Electronically filed on July 13, 2012* |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

---

## SUBCLASS FOUR PLAINTIFFS' MOTION FOR
## PARTIAL SUMMARY JUDGMENT ON LIABILITY

---

The Subclass Four Plaintiffs were defined in this Court's April 26, 2012 Order (D.E. 81, at 7). Subclass Four consists of 159 Plaintiffs who collectively own 214 parcels, as follows: 1998 Kemis Family Limited Partnership (Cl. No. 2); 355 Wilburton Office Condominium Association (Cl. No. 3); ADM II, LLC (Cl. No. 5); AIY Chan, formerly Chan & Chan, LP (Cl. No. 7); Derek Arndt (Cl. Nos. 15. A-C); B.D. Real Estate, LLC (Cl. No. 17); Kirk and Lynn Barrett (Cl. No. 23); Barrier Properties, LLC (Cl. Nos. 24.B and 24.C); William F. and Linda O. Baxter (Cl. Nos. 26.A and 26.B); Baxter Air, Inc. (Cl. No. 27); Marc Bean (Cl. No. 29); LeMoin C. Beckman (Cl. No. 30); Jeffrey and Lisa K. Behrman (Cl. No. 31); Bel-Red Center LLC (Cl. No. 34); Lonnie J. Benson (Cl. Nos. 36.A and 36.B); Barbara Bergstrom (Cl. No. 37); Charles W. Billow (Cl. No. 41); Christopher W. and Mary C. Black (Cl. No. 44); Barry Bloch (Cl. No. 45); Robert and Jeanne Bolton and Robert and Susan Swanson (Cl. No. 47); Dale J. Bowar (Cl. No. 48); Anthony C. Boydston (Cl. No. 50.C); Steven Brace (Cl. No. 51); Kazuyo Brandjord (Cl. No. 52); Broadus Farm II, Inc. (Cl. No. 56); Bruce K. and Patricia A. Brown (Cl. No. 59); Mary

L. Brunt (Cl. No. 63); Car Lot LLC (Cl. No. 67); CGSNW-Willows, LLC (Cl. Nos. 70.A and 70.B); Chaipatanapong Limited Partnership (Cl. No. 71); Virendra K. and Roshila Chaudhary (Cl. No. 73); Diane Clark (Cl. No. 75); Cleveland Street Condominium Association (Cl. No. 79); Conner Homes at Barbee Mill, LLC (Cl. Nos. 84.K-W); Creekside Park Owners Association (Cl. No. 89); William Curley (Cl. No. 93); Thomas R. DeRoulet (Cl. No. 103); Ollie Maxine Dickenson (Cl. No. 107); Curtis L. and Julie G. Dickerson (Cl. No. 108); DMB-1, LLC (Cl. No. 110); Jeffrey B. and Anika V. Dubois (Cl. No. 111); Paul C. and Kathryn L. Egly (Cl. No. 116); EQR-Redmond Way, LLC (Cl. Nos. 119.A and 119.B); Starr L. Evans (Cl. No. 125); Holly Finkbeiner (Cl. Nos. 134.A and 134.B); James G. Fisk (Cl. No. 136); Floor Craft Building LLC (Cl. No. 138); Frey Reed Building LLC (Cl. No. 141); G.C.W. Company, Inc. (Cl. No. 142); Teresa Gallo (Cl. No. 143); GE Commercial Finance Business Property Corporation (Cl. No. 146); Faramarz Ghoddoussi (Cl. No. 151.A); Benjamin Golding (Cl. No. 154); Cary and Olympia Granger (Cl. No. 156); Hal I LLC (Cl. No. 163); Christopher M. Hall (Cl. No. 164); Hawthorne Condominiums Homeowners Association (Cl. No. 173); Hudson Willows Properties, LLC and Jaki Willows Properties, LLC (Cl. No. 184); Infinity 7 LLC (Cl. Nos. 192.A and 192.B); J.G. Redmond II, LLC (Cl. No. 197); J.G. Redmond, LLC (Cl. No. 198); Michael B. Jacobsen (Cl. No. 199); Stanley Jaffe (Cl. No. 201); Jewell, a/k/a Marie Laing Jewell (Cl. No. 204); JJMC Management LLC (Cl. No. 205); Stuart D. and Patricia R. Johnson (Cl. Nos. 209.A and 209.B); Kim J Kaiser (Cl. No. 222); Bashir Karim (Cl. No. 223); Scott L. and Kathryn Kaseburg (Cl. No. 224); Marc S. Kaye and Susan Wayman (Cl. No. 225); Patrick J. Kelly (Cl. No. 226); Bobby J. and Barbara S. Kelly (Cl. No. 227); Kerfield Enterprises (Cl. Nos. 230.A and 230.B); Kimsey Living Trust, through Trustees Timothy Kimsey and Glenda Kimsey (Cl. No. 233); Kirkland Totem Lake, LLC (Cl. No. 237); L & R Investments, LLC. (Cl. Nos. 245.A

and 245.B.); Lake Bellevue Village Homeowners' Association (Cl. No. 248); Lake Washington Youth Soccer Association (Cl. Nos. 250.A and 250.B); Gregory L. Lasek (Cl. No. 254); Keith Lashley (Cl. No. 255); Francis Jane Lee (Cl. No. 258); Lola L. Leen (Cl. No. 260); Legacy Partners II Redmond Quadrant E, LLC (Cl. No. 263); Ileana A. and Ioan Leuca (Cl. No. 266); Linder Family LLC, by Robert Linder (Cl. No. 269); Carl D. Lindstrom and Richard David Ulvin (Cl. No. 271); Lion Es Hotel Holdings LP (Cl. No. 272); Loren R. Lofgren (Cl. No. 275); Susan B. Long (Cl. No. 276); Macbride Family LLC (Cl. Nos. 282.A and 282.B); Magoon Enterprises, LLC (Cl. No. 287); Mastro, Individually, and through Bankruptcy Trustee James Rigby (Cl. Nos. 291.A-E); Matson, d/b/a Hollywood Hill Animal Hospital  (Cl. Nos. 294.A and 294.B); Michael P. Mayfield  (Cl. No. 295); Kirk A. McEwan  (Cl. No. 298); Peter L. Mears (Cl. No. 300); Milestone Property Investors, LLC f/k/a B & B Property Investors, LLC (Cl. No. 303); Shaun M. and Kristine J. Miller  (Cl. No. 305); Jerrold H. and Leslie Milstein (Cl. No. 306); Nelgroup Properties LLC (Cl. No. 320); Novelty Hill Properties, LLC (Cl. Nos. 325.A-E); NWCV Associates, LLC (Cl. No. 326); OB Kirkland Properties, LLC (Cl. No. 327); Overlake Christian Church (Cl. No. 334); Leif-Ivar Pedersen, Jon Pedersen and Erik Pedersen (Cl. No. 340); Performance Properties of Washington, LLC (Cl. No. 342); Pine Forest Properties, Inc., f/k/a Pine Forest Transitory Co. (Cl. Nos. 350.A-C); Public Storage, successor in interest by operation of merger to Public Storage Properties XVI, Inc. (Cl. Nos. 359.A and 359.B); Quinton 83d Mall LLC (Cl. No. 362);, R & T Barber Family LP (Cl. Nos. 363.A and 363.B); M. Jean Radmer (Cl. No. 364); Randolph W. Redlin (Cl. No. 369); Redmond Gateway LLC (Cl. No. 371.B); Redmoor Corp. (Cl. No. 372); Reez Properties Inc. f/k/a  Zetron Properties, Inc. (Cl. Nos. 373.A and 373.B); Frederick and Kathy Repass, Individually and on Behalf of Repass Office, LLC (Cl. Nos. 377.A and 377.B); Jeffrey M. Richter and Kristin Trace (Cl. No. 381);

Jerry Rise (Cl. No. 383), Russell Roland and Galina Smolniakova (Cl. No. 388);, Tali Roth (Cl.

No. 391); Schiessl Investments LP (Cl. No. 406); Michael Schroeder (Cl. No. 407); Seawend,

Ltd. (Cl. No. 409), Silver Lake Land Group, LLC (Cl. No. 414); Suzi Kim Simpson (Cl. No.

416); Stuart and Dana Simpson (Cl. No. 417); James Sisley (Cl. Nos. 418.A and 418.B); Stephen

B. and Sherri A. Smolinske (Cl. No. 424); South Cove Ventures II, LLC (Cl. Nos. 427.A and

427.B); Ste. Michelle Wine Estates, Ltd., as successor to Lane Stimson Ltd., Stimson Lane Ltd.,

Stimson Lane Wine and Spirits, Chateau Ste. Michelle, and Ste. Michelle Vinters, Inc. (Cl. Nos.

431A.-G); James Geoffrey Stevenson  (Cl. No. 433); James E. Strang (Cl. No. 435); Maria

Strange (Cl. No. 436); Sunridge Properties LLC (Cl. No. 437); Robert T. and Cheryl D. Taylor

(Cl. No. 442); Marjorie D. Tedrow (Cl. No. 443); Ritwik Tewari (Cl. No. 447); The David C.

Miller Revocable Living Trust, through Trustee David C. Miller (Cl. No. 449); The Scarborough

Group, LLP (Cl. No. 454); Thirty-Third Place Condominiums (Cl. No. 457); Tjossem Properties

IV, LLC and Tjossem Properties V, LLC (Cl. No. 464); Trailwood LLC (Cl. No. 469); Nick and

Katherine Uren (Cl. Nos. 475.A and 475.B); Vertex International NV, LLC (Cl. No. 479); WA

Riverfront 2, LLC, WA Riverfront 3, LLC, WA Riverfront 4, LLC, WA Riverfront 5, LLC,  WA

Riverfront 6, LLC, WA Riverfront 7, LLC, WA Riverfront 8, LLC, WA Riverfront 9, LLC, WA

Riverfront 10, LLC, WA Riverfront 11, LLC,  WA Riverfront 12, LLC, WA Riverfront 13, LLC,

WA Riverfront 14, LLC, WA Riverfront 15, LLC, WA Riverfront 16, LLC, WA Riverfront 17,

LLC, WA Riverfront 18, LLC, WA Riverfront 19, LLC, WA Riverfront 20, LLC, WA

Riverfront 22, LLC (Cl. No. 481); Wallace/Knutsen L.L.C. (Cl. No. 483); Kim R. Ward (Cl. No.

484); Westpoint Properties, LLC (Cl. No. 491); Tonette Whitney (Cl. No. 492); Willows 90 (Cl.

Nos. 496.A and 496.B); John C. and Ellen Windell (Cl. No. 499); Woodinville II LLC. (Cl. No.

503); Woodinville Landing LLC (Cl. Nos. 504.A and 504.C); James E.  Woodinville Landing

LLC (Cl. Nos. 507.A-C); Robert R. Wright (Cl. No. 508); Yarrowood Condominiums (Cl. No. 513); Shahan Yee  (Cl. No. 514); Stephen Young (Cl. No. 515); Yang and Yuhong Huang Zhong (Cl. No. 519), and for their Motion for Partial Summary Judgment, pursuant to RCFC 56, and as more fully set forth in Subclass Four Plaintiffs' Memorandum in Support and in Plaintiffs' Findings of Uncontroverted Fact, both of which are hereby incorporated by reference, request partial summary judgment on the following grounds:

Plaintiffs filed their Complaint under the Tucker Act and are seeking just compensation under the Fifth Amendment for the taking of their property.  The Tucker Act constitutes the Federal Government's implied promise to pay just compensation for valid claims founded on the United States Constitution and, further, provides this Court jurisdiction over claims against the government to recover damages founded on the Constitution.  *See Preseault v. Interstate Commerce Comm'n*, 494 U.S. 1, 2 (1990) (*"Preseault I"*).  It is well established that the federal government may be liable under the Fifth Amendment for a taking of property belonging to owners whose property has been burdened by a public use easement through the operation of the National Trails System Act ("Trails Act"), 16 U.S.C.A. § 1247.  *See Preseault I,* 494 U.S. 1; *Preseault v. United States,* 100 F.3d 1525, 1533 (Fed. Cir. 1996) (*"Preseault II"*); *Toews v. United States*, 376 F.3d 1371 (Fed. Cir. 2004); *Ellamae Phillips Co. v. United States*, 564 F.3d 1367 (Fed. Cir. 2009) (*"Ellamae Phillips"*).

The United States effected a taking of the Subclass Four Plaintiffs' property and is liable for "just compensation" under the Fifth Amendment of the United States Constitution.  The Defendant has stipulated that all Subclass Four Plaintiffs own land adjacent to the former railroad right-of-way.  Further, pursuant to Washington law, all landowners in Subclass Four are presumed to own to the centerline of the railroad corridor.  *See Roeder Co. v. Burlington*

*Northern, Inc.*, 716 P.2d 855 (Wash. 1986); *Northlake Marine Works, Inc. v. City of Seattle*, 857

P.2d 283, 289-90 (Wash. App. 1993).   This Court should grant the Subclass Four Plaintiffs'

motion for summary judgment on liability for the following reasons:

1.    The railroad originally acquired an easement by deed; and

2.    The railroad's easement was limited to use for railroad purposes, and the issuance of the Notice of Interim Trail Use ("NITU") authorizing conversion of the railroad line for use as a public recreational trail under the Trails Act is beyond the original scope of the easement, and thus constituted a taking that requires just compensation.

*See Preseault II,* 100 F.3d at 1533; *Ellamae Phillips*, 564 F.3d at 1373.

The Subclass Four Plaintiffs prevail on the first element of the *Preseault II* test, fee or

easement, because they own land adjacent to areas of the railroad corridor that were obtained as

easements by deed by the original acquiring railroad.   *Kershaw Sunnyside Ranches, Inc. v.*

*Yakima Interurban Lines Ass'n.*, 126 P.3d 16 (Wash 2006).   Subclass Four Plaintiffs also prevail

on the second element of the *Preseault II* test, scope of the easement.   Under Washington law,

recreational trail use is beyond the scope of railroad purpose easements.   *Lawson v. State*, 730

P.2d 1308 (Wash. 1986).   Indeed, that was the conclusion reached by the CFC in two recent

cases arising out of Washington.   *See Beres v. United States*, 2012 WL 1608254 (Fed. Cl. April

12, 2012); *Longnecker v. United States*, 2012 WL 1606330 (Fed. Cl. April 30, 2012).

Because the railroad easements were originally for railroad purposes only and, because

under operation of Federal law, the easements are now subject to a public use including a public

recreational trail, which is beyond the scope of the original railroad easement, all of the Subclass

Four Plaintiffs' rights to their land unencumbered by the railroad easement was "taken" and they

are entitled to just compensation.   All of the Subclass Four Plaintiffs have satisfied the

prerequisites dictated by *Preseault II*, their property rights have now been taken, and they are entitled to summary judgment on the issue of liability.

                    Respectfully submitted,

                    BAKER STERCHI COWDEN & RICE, L.L.C.

Date:  July 13, 2012

                    By   */s/ Thomas S. Stewart*_____
                         Thomas S. Stewart
                         Elizabeth McCulley
                         2400 Pershing Road, Suite 500
                         Kansas City, MO 64108
                         (816) 471-2121
                         (816) 472-0288 (facsimile)
                         stewart@bscr-law.com
                         mcculley@bscr-law.com

                         -and-

                         Steven M. Wald
                         J. Robert Sears
                         1010 Market Street, Suite 950
                         St. Louis, MO 63102-1708
                         (314) 231-2925
                         (314) 231-4857 (facsimile)
                         wald@bscr-law.com
                         sears@bscr-law.com

                         ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF on this 13th day of July, 2012, with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this same day, to:

BRUCE K. TRAUBEN
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0238
Facsimile: (202) 305-0506
E-mail: bruce.trauben@usdoj.gov
**ATTORNEY FOR DEFENDANT**


*/s/ Thomas S. Stewart*
ATTORNEY FOR PLAINTIFFS