**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HAGGART, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09-103L |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | Judge Charles F. Lettow |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO SUBCLASS TWO PLAINTIFFS'
PROPOSED FINDINGS OF UNCONTROVERTED FACTS**

The United States responds, herein, to each of the 140 paragraphs in Subclass Two

Plaintiffs' Proposed Findings of Uncontroverted Facts (ECF No. 90).[1]

1. Paragraph 1 contains a general characterization of the Subclass Two Plaintiffs. The

United States does not agree that all of the 134 parcels are adjacent to the railroad right-of-way

at issue in this case, as explained further below, and as admitted by Plaintiffs in their motion

papers. The United States responds to the facts asserted for each Plaintiff below.

2. Claimant No. 1 - The United States admits that the Elfers Trusts owned the parcel of

land, Assessor ID No. 3343302570 on the dates that the NITUs issued. The United States

objects to the statement that this parcel is adjacent to the right-of-way because the King County

parcel map shows this land is adjacent to Ripley Lane, and not to the right-of-way at issue. The

United States objects to the legal conclusion that Plaintiffs the own the fee interest in the right-

---

[1] Plaintiffs cite RCFC 56(c)(2) as the authority for filing their Proposed Findings of
Uncontroverted Facts, however, that rule relates to objections asserting that a fact is not
supported by admissible evidence. *See* RCFC 56(c)(2). The Rules no longer require a party to
file a Proposed Finding of Uncontroverted Facts, in support of a Rule 56 motion. Nevertheless,
because Plaintiffs filed Proposed Findings of Uncontroverted Facts, the United States must
respond. The United States' statement of pertinent facts are set out in its brief, and in supporting
declaration(s).

of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

3. Claimant No. 6 - The United States admits that AIDLIB, LLC, owned the parcel of land, Assessor ID No. 3326059243 on the dates that the NITUs issued, and that this land is adjacent to right-of-way at issue. The United States objects to the legal conclusion that Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

4. Claimant No. 22 - The United States admits that Plaintiff Susan Lang (apparently now Susan Barber) owned the parcel of land, Assessor ID No.3343302750 on the dates that the NITUs issued. The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to Ripley Lane, and not to the right-of-way at issue. Plaintiffs have not provided proof of ownership on the NITU dates for Gerald Barber as the Assessor's report reflects only the name of Susan E. Lang as the owner. The United States also objects to the legal conclusion that Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

5. Claimant No. 24A - The United States admits that Barrier Properties, LLC, owned the parcel of land, Assessor ID No.2825059070, on the dates that the NITUs issued, and that this land is adjacent to right-of-way at issue. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

6. Claimant No. 24B - The United States admits that Barrier Properties, LLC, owned the parcel of land, Assessor ID No. 1099100002, on the dates that the NITUs issued, and that this

land is adjacent to right-of-way at issue.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.  Axxion Map 39 (Pls.' Ex. C), shows that about one-half of this property is adjacent to a disputed part of the righ-of-way.

7.  Claimant No. 35 - The United States admits that Margaret Benson owned the parcel of land, Assessor ID No. 3343302360, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to Ripley Lane, and not the right-of-way at issue.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

8.  Claimant No. 46 -  The United States admits that Kari Block owned the parcel of land, Assessor ID No. , on the dates that the NITUs issued.  The United States however objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

9.  Claimant No. 49A - The United States admits that Kim D. Bowden and Lori Larson owned the parcel of land, Assessor ID No. 3342104050, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to Mountain View Avenue, and not the right-of-way at issue.  Axxion map No. 56 (Pls.' Ex. C) does not depict the southern portion of this parcel, suggesting that it may lie south of the right-of-way at issue.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

10.   Claimant No. 49B - The United States admits that Kim D. Bowden owned the parcel of land, Assessor ID No. 3342103705, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this is submerged shore land, and is not adjacent to the right-of-way at issue.  Axxion map No. 56 (Pls.' Ex. C) also shows that this parcel is submerged shore land.  King County Assessor information sheet submitted by Plaintiffs states that this parcel is presently being used as a "water body, fresh," supporting the conclusion that it is submerged shore land.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

11.   Claimant No. 50A - The United States admits that Anthony Boydston owned the parcel of land, Assessor ID No.3342700240, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

12.   Claimant No. 50B - The United States admits that Anthony Boydston owned the parcel of land, Assessor ID No.3342700070, on the dates that the NITUs issued.  The United States objects to this proposed finding of fact because this parcel should not be included in Subclass Two, because the deed for this parcel expressly states: "Beginning on the westerly margin line of the Northern Pacific Railway Company's right of way, 136.65 feet North and 1410.00 feet west of southeast corner of Government Lot 3, Section 20, Township 24 North, Range 5 East W.M.; thence west to inner harbor line of Lake Washington; thence northerly along

said inner harbor line to a point west of a point 50.00 feet north of point of beginning; thence east *to westerly line of said Northern Pacific Railway right of way*; *thence south along said right of way 50.00 feet to point of beginning*; (also known as tract 3 of Pleasure Point Park, according to the unrecorded plat thereof); situate in the City of Bellevue, County of King, State of Washington." Deed No. 20030307001999, at Exhibit A, thereto (emphasis added). The deed itself thus describes the parcel by metes and bounds as running along the right-of-way, and it is not appropriately included in Subclass Two. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

13. Claimant No. 50C - The United States admits that Anthony Boydston owned the parcel of land, Assessor ID No. 6828100020, on the dates that the NITUs issued. The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor information sheets submitted by Plaintiffs state that this parcel is located at 5851 Pleasure Point Lane, which publicly available maps show is separated from the right-of-way by Pleasure Point Lane, and is not adjacent to the railroad right-of-way. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

14. Claimant No. 53 - The United States admits that Rhonda Lee Beard owned the parcel of land, Assessor ID No. 3343302440, on the dates that the NITUs issued. The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs show that this parcel is separated from the right-of-way by Ripley Lane, and is not adjacent to the railroad right-of-way. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this

parcel is now subject to easements created by the operation of the Trails Act as contended.

15.   Claimant No. 60 - The United States admits that John M. Brown owned the parcel of land, Assessor ID No. 3342700270, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

16.   Claimant No. 62- The United States admits that Harold Bruce owned the parcel of land, Assessor ID No. 3343302475, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that the parcel is adjacent to Ripley Lane and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

17.   Claimant No. 84A - The United States admits that Connor Homes at Barbee Mill, LLC ("Connor Homes") owned the parcel of land conveyed by Deed No. 20060929003428, Assessor ID No. 322405-9034-00 (as stated in the deed submitted by Plaintiffs), on the dates that the NITUs issued.  The United States objects because the Assessor information sheet submitted by Plaintiffs is for a different parcel, No. 051850-1030, and no Assessor locator map was submitted by Plaintiffs showing the location of Parcel No. 322405-9034-00. T he United States objects to the statement that this parcel is adjacent to the right-of-way because Axxion map No. 55 (Pls.' Ex. C) shows that Parcel No. 051850-1030, is separated from the railroad right-of-way by another parcel of land, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

18. Claimant No. 84B -  The United States admits that Connor Homes owned the parcel of land conveyed by Deed No. 20060929003428, Assessor ID No. 322405-9034-00 (as stated in the deed submitted by Plaintiffs), on the dates that the NITUs issued.  The United States objects because the Assessor information sheet submitted by Plaintiffs is for a different parcel, No. 051850-0990.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is separated from the railroad right-of-way by a road, and because Axxion map No. 55 (Pls.' Ex. C) also shows that Parcel No. 051850-0990, is separated from the railroad right-of-way by another parcel of land, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

19. Claimant No. 84C -  The United States admits that Connor Homes owned the parcel of land conveyed by Deed No. 20060929003428, Assessor ID No. 322405-9034-00 (as stated in the deed submitted by Plaintiffs), on the dates that the NITUs issued.  The United States objectes because the Assessor information sheet submitted by Plaintiffs is for a different parcel, No. 051850-0990.   The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is separated from the railroad right-of-way by a road, and because  Axxion map No. 55 (Pls.' Ex. C) also shows that Parcel No. 051850-0990, is separated from the railroad right-of-way by another parcel of land, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

20.  Claimant No. 84D - The United States admits that Connor Homes owned the parcel

of land conveyed by Deed No. 20060929003428, Assessor ID No. 322405-9034-00 (as stated in the deed submitted by Plaintiffs), on the dates that the NITUs issued.  The United States objects because the Assessor information sheet submitted by Plaintiffs is for a different parcel, No. 051850-1000.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is separated from the railroad right-of-way by a road, and because  Axxion map No. 55 (Pls.' Ex. C) also shows that Parcel No. 051850-1000, is separated from the railroad right-of-way by another parcel of land, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

21.  Claimant No. 84E - The United States admits that Connor Homes owned the parcel of land conveyed by Deed No. 20060929003428, Assessor ID No. 322405-9034-00 (as stated in the deed submitted by Plaintiffs), on the dates that the NITUs issued.  The United States objects because the Assessor information sheet submitted by Plaintiffs is for a different parcel, No. 051850-1020.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is separated from the railroad right-of-way by a road, and because  Axxion map No. 55 (Pls.' Ex. C) also shows that Parcel No. 051850-0990, is separated from the railroad right-of-way by another parcel of land, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

22.  Claimant No. 84F - The United States admits that Connor Homes owned the parcel of land conveyed by Deed No. 20060929003428, Assessor ID No. 322405-9034-00 (as stated in

the deed submitted by Plaintiffs), on the dates that the NITUs issued.  The United States objects

because the Assessor information sheet submitted by Plaintiffs is for a different parcel, No.

0518501110.  The United States objects to the statement that this parcel is adjacent to the right-

of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is

separated from the railroad right-of-way by a road, and Axxion map No. 55 (Pls.' Ex. C) also

shows that Parcel No. 0518501110, is separated from the railroad right-of-way by another parcel

of land, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion

that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to

easements created by the operation of the Trails Act as contended.

   23.  Claimant No. 84G - The United States admits that Connor Homes owned the parcel

of land conveyed by Deed No. 20060929003428, Assessor ID No. 322405-9034-00 (as stated in

the deed submitted by Plaintiffs), on the dates that the NITUs issued.  The United States objects

because the Assessor information sheet submitted by Plaintiffs is for a different parcel, No.

0518501120.   The United States objects to the statement that this parcel is adjacent to the right-

of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is

separated from the railroad right-of-way by a road, and because Axxion map No. 55 (Pls.' Ex. C)

also shows that Parcel No. 0518501120, is separated from the railroad right-of-way by another

parcel of land, and is not adjacent to the right-of-way.  The United States objects to the legal

conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now

subject to easements created by the operation of the Trails Act as contended.

   24.  Claimant No. 84H - The United States admits that Connor Homes owned the parcel

of land conveyed by Deed No. 20060929003428, Assessor ID No. 322405-9034-00 (as stated in

the deed submitted by Plaintiffs), on the dates that the NITUs issued.  The United States objects

because the Assessor information sheet submitted by Plaintiffs is for a different parcel, No. 0518501130.  The United States objects to the statement that this parcel is adjacent to the right-of-way because he Assessor locator map submitted by Plaintiffs shows that this parcel is separated from the railroad right-of-way by a road, and because Axxion map No. 55 (Pls.' Ex. C) also shows that Parcel No. 0518501130, is separated from the railroad right-of-way by another parcel of land, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

25.  Claimant No. 84I - The United States admits that Connor Homes owned the parcel of land conveyed by Deed No. 20060929003428, Assessor ID No. 322405-9034-00 (as stated in the deed submitted by Plaintiffs), on the dates that the NITUs issued.  The United States objects because the Assessor information sheet submitted by Plaintiffs is for a different parcel, No. 0518501010.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is separated from the railroad right-of-way by a road, and because Axxion map No. 55 (Pls.' Ex. C) also shows that Parcel No. 0518501010, is separated from the railroad right-of-way by another parcel of land, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

26.  Claimant No. 84J - The United States admits that Connor Homes owned the parcel of land conveyed by Deed No. 20060929003428, Assessor ID No. 322405-9034-00 (as stated in the deed submitted by Plaintiffs), on the dates that the NITUs issued.  The United States objects because the Assessor information sheet submitted by Plaintiffs is for a different parcel, No.

0518501140.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is separated from the railroad right-of-way by a road, and because Axxion map No. 55 (Pls.' Ex. C) also shows that Parcel No. 0518501140, is separated from the railroad right-of-way by another parcel of land, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

27.  Claimant No. 85 - The United States admits that Construction Industry Training Counsel owned the parcel of land, Assessor ID No. 2825059276, on the dates that the NITUs issued, and that this parcel is adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

28.  Claimant No. 86A - The United States admits that Guy and Rebecca Conversano owned the parcel of land, Assessor ID No. 3343302385, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map shows that this parcel is adjacent to Ripley Lane, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

29.  Claimant No. 86B - The United States admits that Guy and Rebecca Conversano owned the parcel of land, Assessor ID No. 3343302390, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map shows that this parcel is adjacent to Ripley Lane, and is not adjacent to the

railroad right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

30.  Claimant No. 88 - The United States admits that Ken C. Craig owned the parcel of land, Assessor ID No. 4101010270, on the dates that the NITUs issued, and is adjacent to the railroad right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

31.  Claimant No. 94 - The United States admits that Cypress Point Building LLC owned the parcel of land, Assessor ID No. 2825059277, on the dates that the NITUs issued, and is adjacent to the railroad right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

32.  Claimant No. 95 - The United States admits that D & P Lockner I LLC owned the parcel of land, Assessor ID No. 3343301870, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map shows this parcel is adjacent to Hazelwood Lane, and is not adjacent to the railroad right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

33. & 34.  Claimant Nos. 96A & 96B -  The United States admits that Thomas R. and Kathleen I. Dahlby owned the parcels of land, Assessor ID Nos. 3342103795 & 3342103805, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is

adjacent to the right-of-way because the Assessor locator maps show that these parcels are adjacent to Mountain View Avenue, and are not adjacent to the railroad right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

35. & 36.  Claimant Nos. 97A & 97B - The United States admits that Donald C. and Patricia A. Dana owned the parcels of land, Assessor ID Nos. 3343302830 & 3343302831, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator maps show that these parcels are adjacent to Ripley Lane, and are not adjacent to the railroad right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

37.  Claimant No. 98 - The United States admits that Floyd and Sandra Darrow owned the parcel of land, Assessor ID No. 3343302130, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.  If adjacent to the right-of-way, part of this parcel is adjacent to part of the right-of-way owned in fee by the railroad as depicted on Axxion map. No. 51 (Pls.' Ex. C).

38. Claimant No. 102 -  The United States admits that Dayton Dennison owned the parcel of land, Assessor ID No. 3342700200, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

39.  Claimant No. 105 - The United States admits that Lynn T. Dich owned the parcel of

land, Assessor ID No. 8899600070, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map shows that this parcel is adjacent to Lake Washington Blvd. and is not adjacent to the railroad right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

40.   Claimant No. 109 - The United States admits that Diversity Assets, LLC owned the parcel of land, Assessor ID No. 3343302875, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane, and is not adjacent to the right-of-way.  If adjacent to the right-of-way, part of this parcel is adjacent to part of the right-of-way Plaintiffs agree is held in fee (Axxion map No. 53).  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

41.   Claimant No. 113 - The United States admits that Patrick Dye owned the parcel of land, Assessor ID No. 3343302780, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

42.   Claimant No. 120 - The United States admits that Bruce and Mary Erikson owned

the parcel of land, Assessor ID No. 3342700126, on the dates that the NITUs issued.  The United

States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way

and that this parcel is now subject to easements created by the operation of the Trails Act as

contended.

43.  Claimant No. 127 - The United States admits that Vincent and Jennifer Farinas

owned the parcel of land, Assessor ID No. 3343302370, on the dates that the NITUs issued.  The

United States objects to the statement that this parcel is adjacent to the right-of-way because the

Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane

and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that

this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to

easements created by the operation of the Trails Act as contended.

44. Claimant No. 133 - The United States admits that Brian Fife owned the parcel of

land, Assessor ID No. 3342700300, on the dates that the NITUs issued.  The United States

objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that

this parcel is now subject to easements created by the operation of the Trails Act as contended.

45.  Claimant No. 139 - The United States admits that Mathew Flynn owned the parcel of

land, Assessor ID No. 3343302795, on the dates that the NITUs issued.  The United States

objects to the statement that this parcel is adjacent to the right-of-way because the Assessor

locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane and not to

the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the

fee interest in the right-of-way and that this parcel is now subject to easements created by the

operation of the Trails Act as contended.

46.  Claimant No. 150 - The United States admits that Ron Gery owned the parcel of

land, Assessor ID No. 4101010260 (note, Plaintiffs incorrectly identify this parcel as No. 3343302795), on the dates that the NITUs issued, and that it is adjacent to the right-of-way, including part of the right-of-way that Plaintiffs the parties agree was held by the railroad in fee. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

47.   Claimant No. 153 - The United States objects because the deed cited by Plaintiffs, No. 199001240643, does not convey the property to Robert L. Goetz - that deed is from Michael Gross as executor of the estate of Helen J. Rubattino, grantor, to Elizabeth Terry, grantee.  That deed "further assigns unto Elizabeth Terry that certain real estate contract dated May 1, 1975 between Tom Rubattino and Helen Rubattino, his wife as seller and Robert L. Goetz and Susan Ray Goetz, his wife."  Plaintiffs have not shown when Plaintiff Robert L. Goetz acquired the property, so the United States objects and further states that it cannot admit or deny that this Plaintiff owned the property (No. 3342103810) on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Mountain View Avenue, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

48.   Claimant No. 155 - The United States admits that Joyce Kendrick Goodwin owned the parcel of land, Assessor ID No. 3342700211, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as

contended.

49.   Claimant No. 158A - The United States admits that Marjorie Grundhus, individually and as Trustee of the William E. Grundhaus Trust owned the parcel of land, Assessor ID No. 3343302690, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

50.   Claimant No. 158B - The United States admits that Marjorie Grundhus, individually and as Trustee of the William E. Grundhaus Trust owned the parcel of land, Assessor ID No. 3343302700, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

51.   Claimant No. 161 - The United States admits that Richard Hagar owned the parcel of land, Assessor ID No. 3343301860 (Note: Plaintiffs incorrectly identify this parcel as No. 3343302700), on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Hazelwood Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-

of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

52.  Claimant No. 162 - The United States admits that Plaintiffs Daniel and Kathy Haggart owned the parcel of land, Assessor ID No. 3343302550, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

53.  Claimant No. 176A - The United States admits that Plaintiff Hillside 116, LLC owned the parcel of land, Assessor ID No. 2825059103, on the dates that the NITUs issued, and that this parcel is adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

54.  Claimant No. 176B - The United States admits that Plaintiff Hillside 116, LLC owned the parcel of land, Assessor ID No. 2825059290, on the dates that the NITUs issued, and that this parcel is adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

55.  Claimant No. 177 - The United States admits that Plaintiffs Jeffery C. Hilton and Ling Hilton owned the parcel of land, Assessor ID No. 3343302871, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to

Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

56.  Claimant No. 180 - The United States admits that Plaintiff John H. Houtz owned the parcel of land, Assessor ID No. 3343302510, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

57.  Claimant No. 186 - The United States admits that Plaintiffs Thomas R. and Caryl J. Hunt owned the parcel of land, Assessor ID No. 3342700425, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Lake Washington Blvd., and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

58.  Claimant No. 189 - The United States admits that Plaintiffs James D. and Cynthia A. Huse owned the parcel of land, Assessor ID No. 3343302800, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because Axxion map No. 52 shows that this parcel is situated between the parcels of claimants 139 and 97A, and therefore, like those parcels, is adjacent to Ripley Lane, and not to the right-of-way (Plaintiffs did not submit an Assessor locator map for this parcel).  The United States

objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

59.   Claimant No. 191 -  The United States admits that Plaintiff Kevin Iden owned the parcel of land, Assessor ID No. 3343302870, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

60.   Claimant No. 192 - The United States admits that Plaintiff Infinity 7, LLC owned the parcel of land, Assessor ID No. 2540500205, on the dates that the NITUs issued, and that it is adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

61.   Claimant No. 193A - The United States admits that Plaintiff Interpoint Corporation owned the parcel of land, Assessor ID No. 3426059094, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs and Axxion map No. 17 (Pls.' Ex. C), show that this parcel is adjacent to Willows Road, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

62.   Claimant No. 193B - The United States objects to the statement that Plaintiff

Interpoint Corporation owned the parcel of land, Assessor ID No. 3426059037, on the dates that the NITUs issued, because Plaintiffs did not submit in this exhibit (No. 193B) a deed conveying this parcel to Interpoint Corp.  The United States also objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs and Axxion map No. 17 (Pls.' Ex. C), show that this parcel is adjacent to Willows Road, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

63.  Claimant No. 194 - The United States admits that Plaintiff Joseph Ioppolo owned the parcel of land, Assessor ID No. 3343302850, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

64.  Claimant No. 200 - The United States admits that Plaintiff James Jacques owned the parcel of land, Assessor ID No. 3343302650 (Note: Plaintiffs incorrectly identify this parcel as No. 3343302850), on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

65.  Claimant No. 211 - The United States admits that Plaintiff Patricia E. Johnson owned the parcel of land, Assessor ID No. 3343302660, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

66.  Claimant No. 212A -  The United States admits that Plaintiff Susan E. Johnson owned the parcel of land, Assessor ID No. 3342100565, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Lake Washington Blvd., and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

67.  Claimant No. 212B -  The United States admits that Plaintiff Susan E. Johnson owned the parcel of land, Assessor ID No. 3342100569, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Lake Washington Blvd., and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

68.  Claimant No. 214 - The United States admits that Plaintiff George and Nancy

Johnston owned the parcel of land, Assessor ID No. 3343302630, on the dates that the NITUs

issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way

because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to

Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that

this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to

easements created by the operation of the Trails Act as contended.

69.  Claimant No. 217 - The United States admits that Plaintiff Tommy A. Jones owned

the parcel of land, Assessor ID No. 3343302340, on the dates that the NITUs issued.  The United

States objects to the statement that this parcel is adjacent to the right-of-way because the

Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane,

and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff

owns the fee interest in the right-of-way and that this parcel is now subject to easements created

by the operation of the Trails Act as contended.

70.  Claimant No. 219 - The United States admits that Plaintiffs Robert E. Jorgensen and

Rosemary R. Russo owned the parcel of land, Assessor ID No. 3343301970, on the dates that the

NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee

interest in the right-of-way and that this parcel is now subject to easements created by the

operation of the Trails Act as contended.

71.  Claimant No. 220 - The United States admits that Plaintiffs Joseph M. and Carol L.

Collier Revocable Living Trust owned the parcel of land, Assessor ID No. 9399700900, on the

dates that the NITUs issued, and that it is adjacent to the right-of-way.  The United States objects

because part of this parcel is adjacent to the right-of-way held in fee and not as an easement.

The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

72.  Claimant No. 229 - The United States admits that Plaintiffs William F. and Debra Keppler owned the parcel of land, Assessor ID No. 3342104045, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Mountain View Ave., and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

73.  Claimant No. 239 - The United States admits that Plaintiff Larry Kolesar owned the parcel of land, Assessor ID No. 3629160010, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Lake Washington Blvd., and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

74.  Claimant No. 240 - The United States admits that Plaintiffs Arthur T. and Lori Y. Kozai owned the parcel of land, Assessor ID No. 3343301940, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Hazelwood Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to

easements created by the operation of the Trails Act as contended.

75.   Claimant No. 241 - The United States admits that Plaintiffs Conrad R. and Joy A. Kreick owned the parcel of land, Assessor ID No. 3342700290, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

76.   Claimant No. 242 - The United States admits that Plaintiff Mani Krishnamurthy owned the parcel of land, Assessor ID No. 3343301930, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Hazelwood Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

77.   Claimant No. 253 - The United States admits that Plaintiff Robert Laris (Note: Plaintiffs spelled this name as "Lais," but the deed and Assessor information submitted by Plaintiffs identifies him as "Laris") owned the parcel of land, Assessor ID No. 3343302480, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

78.   Claimant No. 256 - The United States admits that Plaintiff Denis W. Law owned the parcel of land, Assessor ID No. 3342700280, on the dates that the NITUs issued.  The United

States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

79. Claimant No. 261 - The United States admits that Plaintiff Legacy Kelsey Creek, LLC owned the parcel of land, Assessor ID No. 2825059213, on the dates that the NITUs issued, and only a part of the parcel is adjacent to the right-of-way. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

80. Claimant No. 266 - The United States admits that Plaintiffs Ilena and Ioan Leuca owned the parcel of land, Assessor ID No. 9808590570, on the dates that the NITUs issued, and is in part adjacent to right-of-way at issue in the pending Subclass Two Plaintiffs' motion. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

81. Claimant No. 268 - The United States admits that Plaintiffs Kevin Lindahl and Rebecca Byus owned the parcel of land, Assessor ID No. 3342700190, on the dates that the NITUs issued. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

82. Claimant No. 273 - The United States admits that Plaintiff Viktoria Littleman owned the parcel of land, Assessor ID No. 3342700176, on the dates that the NITUs issued. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as

contended.

83.   Claimant No. 274 - The United States admits that Plaintiffs Donald and Patricia

Lockner owned the parcel of land, Assessor ID No. 3343301880, on the dates that the NITUs

issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way

because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to

Hazelwood Lane, and not to the right-of-way.  The United States objects to the legal conclusion

that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to

easements created by the operation of the Trails Act as contended.

84.   Claimant No. 279 - The United States objects and cannot admit or deny that

Plaintiffs John Peter Lorge III and Nancy E. Lorge owned the parcel of land, Assessor ID No.

3343302320, on the dates that the NITUs issued, because Plaintiffs submitted a real estate

contract and not a deed of conveyance to the Lorges.  The United States objects to the statement

that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by

Plaintiffs shows that this parcel is adjacent to Ripley Lane, and not to the right-of-way.  The

United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-

of-way and that this parcel is now subject to easements created by the operation of the Trails Act

as contended.

85.   Claimant No. 286 - The United States admits that Plaintiff Craig D. Magnusson

owned the parcel of land, Assessor ID No. 3343302300, on the dates that the NITUs issued.  The

United States objects to the statement that this parcel is adjacent to the right-of-way because the

Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane,

and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff

owns the fee interest in the right-of-way and that this parcel is now subject to easements created

by the operation of the Trails Act as contended.

86.   Claimant No. 287 - The United States admits that Plaintiff Magoon Enterprises LLC owned the parcel of land, Assessor ID No. 2726059039, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs, and Axxion map No. 13, show that this parcel is adjacent to NE 124th Street, and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

87.   Claimant No. 289  - The United States admits that Plaintiff Nancy Manz owned the parcel of land, Assessor ID No. 3343302720, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

88.   Claimant No. 295 - The United States admits that Plaintiff Michael Mayfield owned the parcel of land, Assessor ID No. 7923250070, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

89.   Claimant No. 297 - The United States admits that Plaintiffs David and Sally McCray owned the parcel of land, Assessor ID No. 3343302540, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the

Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

90. & 91.  Claimant Nos. 309A & 309B - The United States admits that Plaintiff Walter C. Moore owned the parcels of land, Assessor ID Nos. 3343302874 and 3343302876, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator maps submitted by Plaintiffs shows that these parcels are adjacent to Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

92.  Claimant No. 312 - The United States admits that Plaintiff Jeanette Morino owned the parcel of land, Assessor ID No. 3982701730, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

93.  Claimant No. 314 - The United States admits that Plaintiff Christie S. Mueller owned the parcel of land, Assessor ID No. 3343302670, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

94.  Claimant No. 318 - The United States admits that Plaintiff Andrea S. Nasarow owned the parcel of land, Assessor ID No. 3342103010, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Lake Washington Blvd., and is not adjacent to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

95.  Claimant No. 321 - The United States admits that Plaintiffs Fritz and Angela Nelson owned the parcel of land, Assessor ID No. 3342700110, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

96.  Claimant No. 324 - The United States admits that Plaintiff Gregory J. Nick owned the parcel of land, Assessor ID No. 3343301920, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Hazelwood Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

97.  Claimant No. 329 - The United States admits that Plaintiffs Michael and Gina Oldham owned the parcel of land, Assessor ID No. 3343302010, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to

Hazelwood Lane, and not to the right-of-way. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

98.   Claimant No. 336 - The United States admits that Plaintiff PACCAR, Inc. owned the parcel of land, Assessor ID No. 2025059074, on the dates that the NITUs issued. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

99.   Claimant No. 338 - The United States admits that Plaintiff Karyn A. Pasquier owned the parcel of land, Assessor ID No. 3342700250, on the dates that the NITUs issued. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

100.   Claimant No. 339 - The United States admits that Plaintiff PBI Enterprises, Inc. owned the parcel of land, Assessor ID No. 2825059218, on the dates that the NITUs issued. The United States objects to the inclusion of this parcel in Subclass Two because Axxion map No. 39 shows that this parcel is adjacent to a parcel of land or right-of-way that is in dispute - it is not immediately adjacent to the right-of-way held as an easement. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

101.   Claimant No. 341 - The United States admits that Plaintiff Robert D. Peha owned the parcel of land, Assessor ID No. 3342700310, on the dates that the NITUs issued. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way

and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

102.  Claimant No. 344 - The United States admits that Plaintiff George Peterson owned the parcel of land, Assessor ID No. 3343301990, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor locator map submitted by Plaintiffs shows that this parcel is adjacent to Hazelwood Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

103.  Claimant No. 346 - The United States admits that Plaintiff Larry Peterson owned the parcel of land, Assessor ID No. 3343302060, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because it appears from the Assessor information submitted by Plaintiffs that this parcel is adjacent to Hazelwood Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

104.  Claimant No. 349 - The United States admits that Plaintiff Charles Piantanida owned the parcel of land, Assessor ID No. 3343302740, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because it appears from the Assessor information submitted by Plaintiffs that this parcel is adjacent to Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

105.  Claimant No. 351 - The United States admits that Plaintiffs Carl and Stephanie Pollard owned the parcel of land, Assessor ID No. 2025059275, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

106.  Claimant No. 353 - The United States admits that Plaintiff Matthew C. Pool owned the parcel of land, Assessor ID No. 3342700355, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

107.  Claimant No. 355 - The United States admits that Plaintiff Stephen Porter owned the parcel of land, Assessor ID No. 3342103840, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because it appears from the Assessor information submitted by Plaintiffs that this parcel is adjacent to Mountain View Avenue, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

108.  Claimant No. 358 -   The United States admits that Plaintiffs Alan and Cynthia Provost owned the parcel of land, Assessor ID No. 3342700260, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

109.  Claimant No. 361 - The United States admits that Plaintiff Delores Quam owned

the parcel of land, Assessor ID No. 343301900, on the dates that the NITUs issued.  The United

States objects to the statement that this parcel is adjacent to the right-of-way because it appears

from the Assessor information submitted by Plaintiffs that this parcel is adjacent to Hazelwood

Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this

Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements

created by the operation of the Trails Act as contended.

      110.  Claimant No. 375 -  The United States admits that Plaintiff Paul Remington owned

the parcel of land, Assessor ID No. 343302000, on the dates that the NITUs issued.  The United

States objects to the statement that this parcel is adjacent to the right-of-way because it appears

from the Assessor information submitted by Plaintiffs that this parcel is adjacent to Hazelwood

Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this

Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements

created by the operation of the Trails Act as contended.

      111.  Claimant No. 377A - The United States objects because Plaintiff Repass Office

LLC did not own the parcel of land, Assessor ID No. 0120000180, on the dates that the NITUs

issued, as it had been sold on August 22, 2008, according to Deed No. 20080915000499, to

several individuals (including Frederick Repass).  The United States objects to the legal

conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now

subject to easements created by the operation of the Trails Act as contended.

      112.  Claimant No. 379 -The United States admits that Plaintiffs Darius and Vicki

Richards owned the parcel of land, Assessor ID No. 3342700330, on the dates that the NITUs

issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest

in the right-of-way and that this parcel is now subject to easements created by the operation of

the Trails Act as contended.

113.  Claimant No. 382 - The United States admits that Plaintiffs Timothy and Virginia Riley owned the parcel of land, Assessor ID No. 33427003200, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

114.  Claimant No. 390 - The United States admits that Plaintiff Roster Investments, LP owned the parcel of land, Assessor ID No. 3898100680, on the dates that the NITUs issued. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

115.  Claimant No. 397 - The United States objects that Safeway Inc. owned the parcel of land, Assessor ID No. 2825059302, on the dates that the NITUs issued, because the Assessor information sheet shows that the current owner is Grainger VW, and not Safeway, and it is not clear from the documents submitted when Safeway sold the land to Grainger.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

116.  Claimant No. 401 - The United States admits that Plaintiff Robert Sapirstein owned the parcel of land, Assessor ID No. 1234000713 (Note: the Deed cited by Plaintiffs conveyed this parcel with this No. to Plaintiff Sapirstein), on the dates that the NITUs issued.  The United States objects on the grounds that this parcel does not appear to be adjacent to the right-of-way based upon the Assessor locator map submitted by Plaintiffs.  The United States also objects to the legal conclusions that this Plaintiff owns the fee interest in the right-of-way and that this

parcel is now subject to easements created by the operation of the Trails Act as contended.

117.   Claimant No. 410 -  The United States admits that Plaintiffs Ananth and Uma Shenoy owned the parcel of land, Assessor ID No. 3343301890, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because it appears from the Assessor information submitted by Plaintiffs that this parcel is adjacent to Hazelwood Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

118.   Claimant No. 412 - The United States admits that Plaintiff Jon A. Shirley owned the parcel of land, Assessor ID No. 2825059278, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

119.   Claimant No. 418B - The United States objects to the assertion that Plaintiff John Sisley owned the parcel of land, Assessor ID No. 0120000190, on the dates that the NITUs issued, because the documents submitted in support of this statement to not show when Plaintiff Sisley acquired this parcel. The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

120.   Claimant No. 419 - The United States admits that Plaintiffs Raymond Sivesind and Jayne Riggs owned the parcel of land, Assessor ID No. 3342700125, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the

operation of the Trails Act as contended.

121. & 122.  Claimant No. 422A & 422B - The United States admits that Plaintiffs Gregg and Kelly Smith owned the parcels of land, Assessor ID Nos. 343302030 & 343302530, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because it appears from the Assessor information submitted by Plaintiffs that this parcel is adjacent to Hazelwood Lane or Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

123.  Claimant No. 440 - The United States admits that Plaintiff James G. Tasca owned the parcel of land, Assessor ID No. 3342700100, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

124.  Claimant No. 441 - The United States admits that Plaintiff Robert Taylor owned the parcel of land, Assessor ID No. 3342700149, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

125. Claimant No. 448 - The United States admits that Plaintiff The Bisiack Family Trust owned the parcel of land, Assessor ID No. 3342104046, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because it appears from the Assessor locator map submitted by Plaintiffs that this parcel is adjacent to

Mountain View Ave., and not to the right-of-way.  The United States objects to the legal

conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now

subject to easements created by the operation of the Trails Act as contended.

126.  Claimant No. 450 - The United States objects to the assertion that Plaintiff HJPM

Chen Family LLC owned the parcel of land, Assessor ID No. 2726059025, on the dates that the

NITUs issued, because the Assessor information sheets provided by Plaintiffs shows the current

owner is Marymoor Warehouse Associates, and not the Plaintiff named.  The documents

provided do not show when the land was sold by HJPM Chen Family LLC to Marymoor.  The

United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-

of-way and that this parcel is now subject to easements created by the operation of the Trails Act

as contended.

127.  Claimant No. 457 - The United States objects because Plaintiffs do not correctly

identify the parcel at issue (apparently incorrectly repeating the same parcel No. as for Plaintiff

No. 450) , so it is not possible to admit or deny whether Plaintiff Thirty-Third Place

Condominiums owned the parcel of land at issue on the dates that the NITUs issued.  The United

States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way

and that this parcel is now subject to easements created by the operation of the Trails Act as

contended.

128.  Claimant No. 458  - The United States admits that Plaintiff Pierre Thiry owned the

parcel of land, Assessor ID No. 3343302420, on the dates that the NITUs issued.  The United

States objects to the statement that this parcel is adjacent to the right-of-way because it appears

from the Assessor locator map submitted by Plaintiffs that this parcel is adjacent to Ripley Lane,

and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff

owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

129.   Claimant No. 470 - The United States admits that Plaintiff Kevin Tran owned the parcel of land, Assessor ID No. 3343301910, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because it appears from the Assessor information submitted by Plaintiffs that this parcel is adjacent to Hazelwood Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

130.   Claimant No. 485 -  The United States admits that Plaintiff Kip Ware owned the parcel of land, Assessor ID No. 3343302600, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because it appears from the Assessor information submitted by Plaintiffs that this parcel is adjacent to Ripley Lane, and not to the right-of-way.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

131.   Claimant No. 488 -  The United States admits that Plaintiff Gary Weil owned the parcel of land, Assessor ID No. 3342700230, on the dates that the NITUs issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

132.   Claimant No. 495 -  The United States admits that Plaintiff William and Karen Buchan Family LLC owned the parcel of land, Assessor ID No. 1242700012, on the dates that

the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the

right-of-way because it appears from the Assessor locator map submitted by Plaintiffs, and

Axxion map No. 37, that this parcel is adjacent to a road (apparently 115th Aveune, NE), and is

not adjacent to the right-of-way.  The United States objects to the legal conclusion that this

Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements

created by the operation of the Trails Act as contended.

133.  Claimant No. 500 -  The United States admits that Plaintiff Marlene Winter (on

condition that Marlene Winter formerly was known as Marlene N. Reich) owned the parcel of

land, Assessor ID No. 3342104048, on the dates that the NITUs issued.  The United States

objects to the statement that this parcel is adjacent to the right-of-way because it appears from

the Assessor information submitted by Plaintiffs, and by Axxion map No. 56, that this parcel is

adjacent to Mountain View Ave. or is otherwise not adjacent to the right-of-way.  The United

States objects to the legal conclusion that this Plaintiff owns the fee interest in the right-of-way

and that this parcel is now subject to easements created by the operation of the Trails Act as

contended.

134.  Claimant No. 504A -  The United States admits that Plaintiff Woodinville Landing

LLC owned the parcel of land, Assessor ID No. 0926059032, on the dates that the NITUs issued.

The United States objects to the legal conclusion that this Plaintiff owns the fee interest in the

right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

135.  Claimant No. 520 -  The United States admits that Plaintiffs Mark and Rosemary

Zilmer owned the parcel of land, Assessor ID No. 3342700080, on the dates that the NITUs

issued.  The United States objects to the legal conclusion that this Plaintiff owns the fee interest

in the right-of-way and that this parcel is now subject to easements created by the operation of

the Trails Act as contended.

136.   Objection to Plaintiffs' characterization of the document, which speaks for itself.

137.   Objection to Plaintiffs' characterization of the document, which speaks for itself.

138.   Objection to Plaintiffs' characterization of the document, which speaks for itself.

139.   No objections.

140.   Objection to Plaintiffs' characterization of the document, which speaks for itself.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

By:      *s/ Bruce K. Trauben*
BRUCE K. TRAUBEN
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Post Office Box 663
Washington, DC 20044
Tel. (202) 305-0238/ Fax (202) 305-0506
bruce.trauben@usdoj.gov

*Attorneys for the United States*

Dated: August 21, 2012