## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

HAGGART, et al.                          )
                                         )
                 Plaintiffs,             )
                                         )
        v.                               )        No. 09-103L
                                         )
THE UNITED STATES OF AMERICA,            )        Judge Charles F. Lettow
                                         )
                 Defendant.              )
_____)

### DEFENDANT'S RESPONSE TO SUBCLASS FOUR PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACTS

The United States responds, herein, to each of the 219 paragraphs in Subclass Four Plaintiffs' Proposed Findings of Uncontroverted Facts (ECF No. 101).[1]  In General, the United States objects to all assertions of law, and not facts.  Thus, for example, the United States objects to any and all legal conclusions asserted as fact relating to ownership of land, especially the right of way, unless the United States expressly states that it does not dispute the assertion.

1.      Paragraph 1 contains a general characterization of the Subclass Four Plaintiffs. The United States does not agree that all of the 159 parcels are adjacent to the railroad right-of-way at issue in this case, as explained further below, and as admitted by Plaintiffs in their motion papers.  The United States responds to the facts asserted for each Plaintiff(s) below.

_____

[1] Plaintiffs cite RCFC 56(c)(2) as the authority for filing their Proposed Findings of Uncontroverted Facts, however, that rule relates to objections asserting that a fact is not supported by admissible evidence.  *See* RCFC 56(c)(2).  The Rules no longer require a party to file a Proposed Finding of Uncontroverted Facts, in support of a Rule 56 motion.  Nevertheless, because Plaintiffs filed Proposed Findings of Uncontroverted Facts, the United States must respond, while reserving the right to object at trial.  The United States' statement of pertinent facts are set out in its motion papers, including its brief filed in support of its motion for partial summary judgment with respect to Subclass Two (ECF No. 108), and in the supporting declarations of Susan Odom (ECF No. 109) and Craig Watson (ECF No. 110) filed on August 21, 2012.

2.      Claim No. 2 - The United States  that Plaintiff 1998 Kermis Family Limited owned the parcel of land, Assessor ID No. 5711600010, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

3.      Claim No. 3 - The United States objects to Plaintiffs' assertion that 355 Wilburton Office Condominium Association owned the parcel of land, Assessor ID No. 8636800000, on the dates that the NITUs issued on October 27, 2008 and November 25, 2008.  Plaintiffs did not submit a deed showing ownership of the property on the NITU dates, but rather submitted a declaration for establishing an office condominium, which suggests but does not prove ownership of the property.  Additionally, if the Association owned the property on the date of the declaration, February 12, 2008, Plaintiffs do not submit proof that the Condominium Association remained the owner on the NITU dates - the Tax Assessor information does not identify the owner.  The United States objects to the legal conclusions that the Plaintiffs assert in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

4.      Claim No. 5 - The United States does not dispute that Plaintiff ADM II, LLC owned the parcel of land, Assessor ID No. 2726059092, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-

way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

5.      Claim No. 7 - The United States objects to Plaintiffs' assertion that Plaintiff Aiy Chan owned the parcel of land, Assessor ID No. 6828700035, on the dates that the NITUs issued; the documents submitted by Plaintiffs shows that Chan & Chan LP owned the property as of March 16, 2004, and that Aiy Chan LLC did not acquire the property until 2011, several transactions later.  Plaintiffs therefore have not submitted proof that Plaintiff Aiy Chan LLC owned the property on the NITU dates.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

6.      Claim No. 15A - The United States does not dispute that Plaintiffs Derek and Susan Arndt  owned the parcel of land, Assessor ID No. 3982701155, on the dates that the NITUs issued; however, the United States notes that the pertinent conveyance to these Plaintiffs appears to be recording No. 8104080265, and not No. 7610110080, as Plaintiffs contend.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

7.      Claim No. 15B - The United States does not dispute that Plaintiffs Derek owned the parcel of land, Assessor ID No. 3982700915, on the dates that the NITUs issued; however, the United States notes that it appears that the pertinent conveyance to Plaintiffs is the deed

bearing recording No. 7610110080, and not No. 8104080265.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

8.     Claim No. 15C - The United States does not dispute that Plaintiffs Derek and Susan Arndt  owned the parcel of land, Assessor ID No. 3982701130, on the dates that the NITUs issued; however, the relevant deed appears to be the bearing recording No. 8104080265, and not No. 7610110080.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

9.     Claim No. 17 - The United States does not dispute that Plaintiff BD Real Estate, LLC  owned the parcel of land, Assessor ID No. 1526059075, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

10.     Claim No. 23 - The United States does not dispute that Plaintiffs Kirt Barrett and Lynn Barrett owned the parcel of land, Assessor ID No. 2588500020, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

11.     Claim No. 24B - The United States does not dispute that Plaintiff Barrier Properties LLC owned the parcel of land, Assessor ID No. 1099100002, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

12.     Claim No. 24C - The United States does not dispute that Plaintiff Barrier Properties LLC owned the parcel of land, Assessor ID No. 1099100011, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

13.     Claim No. 26A - The United States does not dispute that Plaintiffs William F. and Linda O Baxter  owned the parcel of land, Assessor ID No. 9518100045, on the dates that the NITUs issued; although Plaintiffs did not produce a deed showing when these Plaintiffs acquired the property but, rather, merely submitted a real estate contract.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to NE Woodinville Drive, and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of

the Trails Act as contended.

14.    Claim No. 26B - The United States does not dispute that Plaintiffs William F. and Linda O Baxter owned the parcel of land, Assessor ID No. 9518100035, on the dates that the NITUs issued; however, Plaintiffs did not produce a deed showing when these Plaintiffs acquired the property but, rather, merely submitted a real estate contract behind Tab 26A.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to NE Woodinville Drive , and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

15.    Claim No. 27 -The United States does not dispute that Plaintiff Baxter Air, Inc., owned the parcel of land, Assessor ID No. 9518100050, on the dates that the NITUs issued. The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to NE Woodinville Drive, and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

16.    Claim No. 29 -  The United States does not dispute that Plaintiff Marc Bean owned the parcel of land, Assessor ID No. 9808610400, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph

including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

17.     Claim No. 30 - The United States objects to Plaintiffs' assertion that Plaintiffs LeMoin and Linda Beckman owned the parcel of land, Assessor ID No. 4134300250, on the NITU dates at issue, because the description of the property in the deed does not match the description of the parcel in the Assessor information sheet submitted by Plaintiffs.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to Lakehurst Lane, and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

18.     Claim No. 31 - The United States does not dispute that Plaintiffs Jeffrey and Lisa K. Behrman owned the parcel of land, Assessor ID No.17525059302, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

19.     Claim No. 32 - The United States does not dispute that Plaintiff Bel-Red Center LLC owned the parcel of land, Assessor ID No. 2825059212, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph

including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

20.     Claim No. 36A - The United States does not dispute that Plaintiff Lonnie Benson owned the parcel of land, Assessor ID No. 1725059289, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

21.     Claim No. 36B -  The United States does not dispute that Plaintiff Lonnie Benson owned the parcel of land, Assessor ID No. 1725059307, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

22.     Claim No. 37 -  The United States objects on the grounds that Plaintiffs failed to provide sufficient documentation showing that the deed produced relates to the same property described as Assessor ID No. 6828700090, so the United States cannot admit or deny that Plaintiff Bergstrom owned the parcel on the applicable NITU date.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to Pleasure Point Lane, and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts

in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

23.     Claim No. 41 - The United States does not dispute that Plaintiffs Charles W. Billow and Courtni M. Billow owned the parcel of land, Assessor ID No. 6828700095, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

24.     Claim No. 44 - The United States does not dispute that Plaintiffs Christopher and Mary Black owned the parcel of land, Assessor ID No. 6828700065, on the dates that the NITUs issued.   The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to Pleasure Point Lane, and not the right-of-way at issue.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

25.     Claim No. 45  - The United States does not dispute that Plaintiff Barry Bloch owned the parcel of land, Assessor ID No. 1246200093, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as

contended.

26.     Claim No. 47 - The United States does not dispute that Plaintiffs Robert M.
Bolton and Jeanne Bolton owned the parcel of land, Assessor ID No. 7198900061, on the dates
that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff
asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee
interest in the right-of-way and that this parcel is now subject to easements created by the
operation of the Trails Act as contended.

27.     Claim No. 48 - The United States does not dispute that Plaintiffs Dale J. and
Dianna M. Bowar owned the parcel of land, Assessor ID No. 1724059024, on the dates that the
NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this
paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the
right-of-way and that this parcel is now subject to easements created by the operation of the
Trails Act as contended.

28.     Claim No. 50C - The United States objects on the grounds that the documentation
submitted by Plaintiffs shows that Plaintiff Anthony Boydston purchased Lots 14 & 15, Block A,
Volume 11 of Plats, Page 64, but the Assessor information sheet reflecting the pertinent parcel
ID No. 6828100020, is for Plat Lot No. 3, Pleasure Point Park, and Plaintiffs do not show any
relationship between the grant and the land claimed.  Furthermore, the legal description of the
land sold by Plaintiff Boydston to Jewell, which Boydston claims he owned on the NITU dates,
describes the parcel as running up to and along the westerly margin of the right-of-way, which
suggests that this parcel should be in Subclass Three, and not Subclass Four.  The United States
objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not

limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this

parcel is now subject to easements created by the operation of the Trails Act as contended.

29.     Claim No. 51 - The United States does not dispute that Plaintiff Steven Brace the

parcel of land, Assessor ID No. 6828100085, on the dates that the NITUs issued.  The legal

description of the land in the Assessor information sheets describes the land as running "TAP on

WLY MGN BNR CO R/W TH NE ALG SD MGN 107.57 TPOB," which means the metes and

bounds run "to a point on the westerly margin of the Burlington Northern Railroad Co. right of

way, thence northeast along said margin 107.57 feet to the point of beginning," and this parcel is

also known as Lot B in Boundary Line Adjustment No. 94-9991, record No. 9503219007.  *See*

Tab 51, King County Department of Assessments, Legal Description.  Consequently, it appears

that this parcel should be in Subclass Three, and not Subclass Four. The United States objects to

the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the

assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now

subject to easements created by the operation of the Trails Act as contended.

30.     Claim No. 52 - The United States does not dispute that Plaintiff Kazuyo W.

Branjord owned the parcel of land, Assessor ID No. 9808590520, on the dates that the NITUs

issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this

paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the

right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

31.     Claim No. 56 - The United States does not dispute that Plaintiff Broadus Family

II, LLC owned the parcel of land, Assessor ID No. 8046100044, on the dates that the NITUs

issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this

paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the

right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

32.     Claim No. 59 - The United States does not dispute that Plaintiff Bruce K. Brown

owned the parcel of land, Assessor ID No. 2588500050, on dates that the NITUs issued.   The

United States objects to the legal conclusions that the Plaintiff asserts in this paragraph

including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-

way and that this parcel is now subject to easements created by the operation of the Trails Act as

contended.

33.     Claim No.  63- The United States objects to the assertion that Mary L. Brunt

owned the parcel of land described in the deed to John L. Brunt on the NITU dates, because the

description in that deed is not the same as the description of the parcel provided in the Assessor

information sheet, so it is not possible to admit or deny that the parcel identified as Assessor ID

No. 4134300040, is the same parcel.  Additionally, Plaintiffs submit a Letters Testamentary

identifying Mary L. Brunt as the Executrix of the Estate of John L. Brunt, but there is no

evidence of distribution of the land to Mary L. Brunt, entitling her to bring this claim on her own

behalf, as the purported owner on the NITU date.  The United States objects to the legal

conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion

that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to

easements created by the operation of the Trails Act as contended.

34.     Claim No. 67 - The United States does not dispute that Plaintiff Car Lott, LLC

owned the parcel of land, Assessor ID No. 9270700035, on the dates that the NITUs issued.

The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph

including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-

way and that this parcel is now subject to easements created by the operation of the Trails Act as

contended.

35.     Claim No. 70A - The United States does not dispute that Plaintiff CGSNW-

Willows, LLC owned the parcel of land, Assessor ID No. 0325059258, dates that the NITUs

issued.   The United States objects to the statement that this parcel is adjacent to the right-of-way

because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent

to Willows Road NE, and not the right-of-way at issue.  The United States objects to the legal

conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion

that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to

easements created by the operation of the Trails Act as contended.

36.     Claim No. 70B - The United States does not dispute that Plaintiff  owned the

parcel of land, Assessor ID No. 0325059259, on the dates that the NITUs issued.  The United

States objects to the statement that this parcel is adjacent to the right-of-way because the

Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to Willows

Road NE, and not the right-of-way at issue.  The United States objects to the legal conclusions

that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this

Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements

created by the operation of the Trails Act as contended.

37.     Claim No. 71 - The United States does not dispute that Plaintiff Chaipatanapong

Limited Partnership owned the parcel of land, Assessor ID No. 1526059026, on the dates the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way located to the east of the property (Redmond Spur), because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to the Woodinville-Redmond Road, and not the Redmond Spur.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

38.     Claim No. 73 - The United States does not dispute that Plaintiffs Virendra K. and Roshila Chaudhary owned the parcel of land, Assessor ID No. 9808590530, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

39.     Claim No. 75 - The United States does not dispute that Plaintiff Diane J. Clark owned the parcel of land, Assessor ID No. 2826059071, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

40.     Claim No. 79 - The United States objects to the assertion that Plaintiff Cleveland Square LLC owned the parcel of land bearing Assessor ID No. 1624000000, on the dates that the

NITUs issued, because the deed and other supporting documents submitted by Plaintiffs do not use this Assessor ID No., therefore, the United States cannot admit or deny this assertion.  Also, some of the parcels described in the deed submitted by Plaintiffs in support of this claim make clear that the land, at least in part, is not adjacent to the right of way (see, for example the description to parcel H, which begins at a point "6 feet North of the Northerly Line of Northern Pacific Railway Company Right-of-Way," and then runs parallel to the northerly line of the right of way.  *See* Deed No. 20060216000842, Ex. A, at 4 (Tab 79 to Pls.' Proposed Findings of Uncontroverted Facts)).  The United States also objects because the Parcel with ID No. 1624000000, is depicted on Axxion Map 21 (Pls.' Ex. C), as adjacent to a parcel of land which has been sold, and the legal consequences of that sale are not known.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

41.     Claim No. 84K - The United States  objects to the assertion that Plaintiff Connor Homes at Barbee Mill, LLC owned the parcel of land bearing Assessor ID No. 0518500640, on the dates that the NITUs issued, because the deed submitted by Plaintiffs does not use this Assessor ID No., and there is no matching property description, therefore, the United States cannot admit or deny this assertion.  Additionally, the United States objects to this claim on the grounds that Axxion Map No. 55 shows that this parcel is not adjacent to the right of way.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as

contended.

42.     Claim No. 84L - Same objections as above in response to Paragraph 41, which are incorporated herein by reference with respect to parcel No. 0518500010.

43.     Claim No. 84M - Same objections as above in response to Paragraph 41, which are incorporated herein by reference with respect to parcel No. 0518500650

44.     Claim No. 84N - Same objections as above in response to Paragraph 41, which are incorporated herein by reference with respect to parcel No.  0518500660.

45.     Claim No. 84O -  Same objections as above in response to Paragraph 41, which are incorporated herein by reference with respect to parcel No. 0518500670.

46.     Claim No. 84P -  Same objections as above in response to Paragraph 41, which are incorporated herein by reference with respect to parcel No. 0518500700.

47.     Claim No. 84Q - Same objections as above in response to Paragraph 41, which are incorporated herein by reference with respect to parcel No. 0518500710.

48.     Claim No. 84R -  Same objections as above in response to Paragraph 41, which are incorporated herein by reference with respect to parcel No. 0518501060.

49.     Claim No. 84S - Same objections as above in response to Paragraph 41, which are incorporated herein by reference with respect to parcel No. 0518501070.

50.     Claim No. 84T - Same objections as above in response to Paragraph 41, which are incorporated herein by reference with respect to parcel No. 0518501090.

51.     Claim No. 84U - Same objections as above in response to Paragraph 41, which are incorporated herein by reference with respect to parcel No. 05189501040.

52.     Claim No. 84V - Same objections as above in response to Paragraph 41, which

are incorporated herein by reference with respect to parcel No. 0518501080.

53.     Claim No. 84W - Same objections as above in response to Paragraph 41, which are incorporated herein by reference with respect to parcel No. 0518501050.

54.     Claim No. 89 - The United States objects to Plaintiffs' assertion that Plaintiff Creekside Park Owner's Association acquired the subject parcel on August 13, 1984, and remained in ownership on the NITU dates, because Plaintiffs did not submit a deed but rather a Declaration of Covenants, Conditions and Restrictions Establishing the Condominium to be Known as Creekside Park (Pls.' Tab 89), and Plaintiffs do  does not provide a sales history showing when the property was acquired or sold, so the United States cannot admit or deny this assertion.  Additionally, Exhibit A to the Declaration (page 28), describes the parcel in metes and bounds, making clear that this property runs up to and along the right of way, using the boundary of Lot 17 in the description, suggesting that this parcel should be in Subclass Three, and that Plaintiff does not own any property interest in the right of way.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

55.     Claim No. 93 - The United States does not dispute that Plaintiffs William L. Curley and Catherine M. Curley owned the parcel of land, Assessor ID No. 2588500030, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

56.     Claim No. 103  -  The United States does not dispute that Plaintiff Jeffrey Deroulet owned the parcel of land, Assessor ID No. 9270700035, on the dates that the NITUs issued. The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to Woodinville Drive NE, and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

57.     Claim No. 107 -  The United States objects to Plaintiffs' assertion that Plaintiff Ollie Mae Dickinson owned the parcel of land, Assessor ID No. 2911700030, on the dates that the NITUs issued, because none of the documents submitted by Plaintiffs in support of this claim bear the her name; Plaintiffs have not shown how she acquired an interest in the property, or that she is the same person as Maxine Dickenson who is named in the deed to Russell E. Dickenson. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

58.     Claim No. 108 - The United States does not dispute that Plaintiffs Curtis L. Dickerson and Julie G. Dickerson owned the parcel of land, Assessor ID No. 4134300045, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the

operation of the Trails Act as contended.

59.     Claim No. 110 - The United States objects to Plaintiffs' assertion that Plaintiff DMB-1, LLC owned the parcel of land, Assessor ID No. 0225059194, on the dates of the NITUs, because the Assessor's information sheet submitted by Plaintiffs indicates that William Brannin is the owner of the property and no sales history was provided indicating when DMB-1 sold the property; the United States, therefore, can neither admit nor deny this statement of fact. The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to Willows Road NE, and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

60.     Claim No. 111 - The United States does not dispute that Plaintiffs Jeffrey B. and Anika Dubois owned the parcel of land, Assessor ID No. 2911700040, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

61.     Claim No. 116 - The United States does not dispute that Plaintiff Paul Egly owned the parcel of land, Assessor ID No. 9808590540, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-

way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

62.    Claim 119A - The United States does not dispute that Plaintiff EQR-Redmond Way, LLC owned the parcel of land, Assessor ID No. 1125059040 (The legal description is , dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

63.    Claim 119B - The United States does not dispute that Plaintiff EQR-Redmond Way, LLC owned the parcel of land, Assessor ID No. 7792400065, dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

64.    Claim No. 125 - The United States does not dispute that Plaintiff Starr L. Evans owned the parcel of land, Assessor ID No. 4134300095, on the dates that the NITUs issued.  The United States objects to Plaintiffs' assertion that this parcel is adjacent to the right of way, because the deed produced indicates that Plaintiff only has an easement for a roadway over a 16-foot wide strip of land, with "the easterly line of said 16 foot strip being the westerly line of said railway right of way."  Ex. A to Deed No. 20020308002622 (Pls.' Tab 125).  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this

parcel is now subject to easements created by the operation of the Trails Act as contended.

65.     Claim No. 134A - The United States objects to Plaintiffs' assertion that Plaintiff Holly Finkbeiner owned the parcel of land, Assessor ID No. 2540500202, on the dates that the NITUs issued, because the deed submitted by Plaintiffs does not bear this Assessor ID No. and there is no correlation between property descriptions in the deed and the Assessor information sheet; the United States, therefore, can neither admit nor deny this statement.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

66.     Claim No. 134B- The United States objects to Plaintiffs' assertion that Plaintiff Holly Finkbeiner owned the parcel of land, Assessor ID No. 2540500203, on the dates that the NITUs issued, because the deed submitted by Plaintiffs does not bear this Assessor ID No. and there is no clear correlation between property descriptions in the deed and the Assessor information sheet; the United States, therefore, can neither admit nor deny this statement.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

67.     Claim No. 136 - The United States does not dispute that Plaintiff James G. Fisk owned the property owned the parcel of land, Assessor ID No. 0825059182, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the

right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

68.     Claim No. 138 - The United States does not dispute that Plaintiff Floor Craft

Building, LLC, owned the property owned the parcel of land, Assessor ID No. 9270700020 on

the dates that the NITUs issued.   The United States objects to the legal conclusions that the

Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff

owns the fee interest in the right-of-way and that this parcel is now subject to easements created

by the operation of the Trails Act as contended.

69.     Claim No. 141 - The United States does not dispute that Plaintiff Frey Reed

Building, LLC owned the property owned the parcel of land, Assessor ID No. 9270700020 on

the dates that the NITUs issued.   The United States objects to the legal conclusions that the

Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff

owns the fee interest in the right-of-way and that this parcel is now subject to easements created

by the operation of the Trails Act as contended.

70.     Claim No. 142 - The United States does not dispute that Plaintiff GCW Company,

Inc., owned the property owned the parcel of land, Assessor ID No. 7269100094, on the dates

that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff

asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee

interest in the right-of-way and that this parcel is now subject to easements created by the

operation of the Trails Act as contended.

71.     Claim No. 143 - The United States does not dispute that Plaintiff Teresa Gallo

owned the parcel of land, Assessor ID No. 2588500040, on the dates that the NITUs issued.

The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

72.     Claim No. 146 - The United States does not dispute that Plaintiff GE Commercial Finance Business Property owned the property owned the parcel of land, Assessor ID No. 2588500040 dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

73.     Claim No. 151A - The United States does not dispute that Plaintiff Faramarz Ghoddoussi owned the property owned the parcel of land, Assessor ID No. 9518100100, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to Woodinville Drive NE, and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

74.     Claim No. 154 - The United States does not dispute that Plaintiff Benjamin Golding owned the property owned the parcel of land, Assessor ID No. 1624059121, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff

asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

75.     Claim No. 156 - The United States does not dispute that Plaintiffs Cary and Olympia Granger owned Lot 9, City of Kirkland Short Plat No. SS-01-77, which apparently comprises part of the parcel of land, Assessor ID No. 1247100007, on the dates that the NITUs issued (note the deed submitted only grants this one lot to Plaintiffs); there is insufficient information regarding the remaining parts of this parcel to admit or deny that these Plaintiffs owned the remainder of the parcel.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

76.     Claim No. 163 - The United States does not dispute that Hal 1, LLC owned the property owned the parcel of land, Assessor ID No. 3886903401, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

77.     Claim No. 164 - The United States does not dispute that Christopher Hall owned the property owned the parcel of land, Assessor ID No. 3982703185, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the

right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

78.     Claim No. 173 - The United States objects to Plaintiffs' assertion that Hawthorne

Condominiums Homeowners Association owned the property on the NITU dates, because the

documentation submitted does not show when the Hawthorne Condominiums Homeowners

Association took possession of the property, Assessor ID No. 3175100000, and still owned it on

the NITU dates (note that the Declaration, at 17, submitted at Pls.' Tab 173, states that the

"Association shall be a nonprofit corporation . . . [and] may use the name 'Hawthorne

Condominium Association,' or such other names as may be selected by the Board," suggesting

that this Plaintiff did not exist yet at the time of the Declaration, and no proof of when it was

created and took ownership of any property was submitted); the United States, therefore, can

neither admit nor deny this statement.  The United States objects to the legal conclusions that the

Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff

owns the fee interest in the right-of-way and that this parcel is now subject to easements created

by the operation of the Trails Act as contended.

79.     Claim No. 184 -  The United States does not dispute that Hudson Willows

Properties, LLC owned the property owned the parcel of land, Assessor ID No. 6979500040 on

the dates that the NITUs issued.  The United States objects to the statement that this parcel is

adjacent to the right-of-way because Axxion Map 16 (Pls.' Ex. C) shows that this land is

adjacent to Willows Road NE, and not the right-of-way at issue. The United States objects to the

legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the

assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now

subject to easements created by the operation of the Trails Act as contended.

80.     Claim No. 192A - The United States does not dispute that Infinity 7 LLC owned the property owned the parcel of land, Assessor ID No. 25400500204 on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

81.     Claim No. 192B - The United States does not dispute that Infinity 7 LLC owned the property owned the parcel of land, Assessor ID No. 2540500205, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

82.     Claim No. 197 - The United States does not dispute that J.G. Redmond II, LLC owned the property owned the parcel of land, Assessor ID No. 1225059201, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

83.     Claim No. 198 - The United States does not dispute that J.G. Redmond II, LLC owned the property owned the parcel of land, Assessor ID No. 1225059094, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this

paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

84.    Claim No. 199 - The United States does not dispute that Michael B. Jacobsen owned the property owned the parcel of land, Assessor ID No. 4134300070, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

85.    Claim No. 201- The United States does not dispute that Stanley Jaffe  owned the property owned the parcel of land, Assessor ID No. 7269100080, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

86.    Claim No. 204 - The United States does not dispute that Maria Laing Jewell owned the property owned the parcel of land, Assessor ID No.  2911700065, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

87.    Claim No. 205 - The United States does not dispute that JJMC Management LLC

owned the property owned the parcel of land, Assessor ID No. 0325059194, dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way, because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to Willows Road NE, and not the right-of-way at issue. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

88.     Claim No. 209A - The United States does not dispute that Plaintiffs Stuart D. and Patricia R. Johnson owned the parcel of land, Assessor ID No. 9399700380, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

89.     Claim No. 209B - The United States does not dispute that owned the parcel of land, Assessor ID No.  9399700370, on the dates that the NITUs issued.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

90.     Claim No. 222 - The United States does not dispute that Plaintiff Kim J. Kaiser owned the parcel of land, Assessor ID No.  6828700105, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-

way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

91.    Claim No. 223 - The United States does not dispute that Plaintiff Bashir Karim owned the parcel of land, Assessor ID No. 8946400050 on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

92.    Claim No. 224 - The United States does not dispute Plaintiffs' assertion that Plaintiffs Scott L. Kaseburg and Kathryn Kaseburg owned the parcel of land, Assessor ID No. 6828700045, on the dates that the NITUs issued (note: Defendant located the Assessor information sheets relating to this parcel behind Tab 225, for Plaintiffs' Kaye and Wayman, for whom no information was provided (*see* paragraph 93, below)). The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

93.    Claim No. 225 - The United States objects to Plaintiffs' assertion that Plaintiffs Marc S. Kaye and Susan J. Wayman owned the parcel of land, Assessor ID No. 4134300275, on the dates that the NITUs issued, because Plaintiffs did not submit any proof that these Plaintiffs continued to own the land, after purchasing it, until and upon the relevant NITU date; the United States, therefore, can neither admit nor deny this statement.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the

assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

94.     Claim No. 226 - The United States does not dispute that Plaintiff Patrick J.J. Kelly owned the parcel of land, Assessor ID No.  9430500021, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

95.     Claim No. 227 - The United States does not dispute that Plaintiffs Bobby J and Barbara Kelly  owned the parcel of land, Assessor ID No.  0926059184, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

96.     Claim No. 230A - The United States does not dispute that Plaintiff Kerfield Enterprises owned the parcel of land, Assessor ID No.  0926059184, on the dates that the NITUs issued.  To the extent that this Plaintiff's claim relates to the Redmond Spur to the east of this property, the United States objects to the statement that this parcel is adjacent to the right-of-way, because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to Woodinville Drive NE, to the east, and is not adjacent to the Redmond Spur.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-

way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

97.     Claim No. 230B - The United States does not dispute that Plaintiff Kerfield Enterprises owned the parcel of land, Assessor ID No.  0926059136 (note: it appears that the deed to this parcel is found behind Tab No. 230A, and the deed behind 230B relates to the Parcel identified above, in paragraph 96), on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

98.     Claim No. 233 - The United States does not dispute that Plaintiff Kimsey Living Trust  owned the parcel of land, Assessor ID No.  4134300277, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

99.     Claim No. 237 - The United States does not dispute that Plaintiff Kirkland Totem Lake, LLC owned the parcel of land, Assessor ID No.  2826059068, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to 120th Place NE, and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to

easements created by the operation of the Trails Act as contended.

100.     Claim No. 245A -The United States does not dispute that Plaintiff L & R Investments,  LLC owned the parcel of land, Assessor ID No.  9430500032, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

101.     Claim No. 245B - The United States does not dispute that Plaintiff L & R Investments, LLC owned the parcel of land, Assessor ID No.  9430500031 on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

102.     Claim No. 248 - The United States objects to Plaintiffs' assertion that Plaintiff Lake Bellevue Village Homeowners Association owned the parcel of land, Assessor ID No. 3986900000, on the dates that the NITUs issued., because Plaintiffs provided no deed, but only a Declaration and Covenants, etc., for Lake Bellevue Village, A Condominium; therefore the United States can neither admit nor deny this statement.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by operation of the Trails Act as contended.

103.     Claim No. 250A -  The United States does not dispute that Plaintiff Lake

Washington Youth Soccer Association owned the parcel of land, Assessor ID No. 2726059127, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

104.    Claim No. 250B -  The United States does not dispute that Plaintiff Lake Washington Youth Soccer Association owned the parcel of land, Assessor ID No.  2726059014, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

105.    Claim No. 254 -  The United States does not dispute that Plaintiff Gregory Lasek owned the parcel of land, Assessor ID No. 6828700060, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

106.    Claim No. 255B -  The United States does not dispute that Plaintiff Keith A. Lashley  owned the parcel of land, Assessor ID No. 3982700229, on the dates that the NITUs issued.  The United States objects to the inclusion of this parcel in Subclass Four as it appears from the text of the deed produced by Plaintiffs at Tab No. 255B, relating to this parcel, that it should be in Subclass Three, because this deed describes the property by metes and bounds

as " . . . thence North 89° 42' 45" East a distance of 44 70 feet to a point on the westerly right of

way of the Northern Pacific Railway, *thence South 0° 42'07" East along said right of way* a

distance of 120 00 feet to a point which bears north 89° 42' 45" East from the true point of

beginning."  Schedule A to Deed No. 20021022001177 (attached at Pls.' Tab No. 255B).

Additionally, Axxion Map 28 indicates that there is a parcel between Plaintiff's property and the

right of way, which has been sold, and the legal effect of that sale is not clear.  The United States

objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not

limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this

parcel is now subject to easements created by the operation of the Trails Act as contended.

107.    Claim No. 258 -  The United States does not dispute that Plaintiff Frances Jane

Lee owned the parcel of land, Assessor ID No. 2588500010, on the dates that the NITUs issued.

The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph

including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-

way and that this parcel is now subject to easements created by the operation of the Trails Act as

contended.

108.    Claim No. 260 -  The United States does not dispute that Plaintiff Lola L. Leen

owned the parcel of land,  Assessor ID No. 2825059207 on the dates that the NITUs issued. The

United States objects to the legal conclusions that the Plaintiff asserts in this paragraph

including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-

way and that this parcel is now subject to easements created by the operation of the Trails Act as

contended.

109.    Claim No. 263 -  The United States does not dispute that Plaintiff Legacy Partners

II Redmond Quadrant E, LLC owned the parcel of land, Assessor ID No. 6979500050, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to Willows Road NE, and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

110.    Claim No. 266 -  The United States does not dispute that Plaintiffs Ileana & Ioan Leuca owned the parcel of land, Assessor ID No. 9808590570, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

111.    Claim No. 269 -  The United States does not dispute that Plaintiff Linder Family LLC owned the parcel of land, Assessor ID No. 7198800016, on the dates that the NITUs issued. The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs and Axxion Map 21 (Pls.' Ex. C) shows that this land is adjacent to another parcel of land, and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

112.    Claim No. 271 - The United States objects to Plaintiffs' assertion that Plaintiffs Carl D. Lindstrom and Richard David Ulvin owned the property, Assessor ID No. 3982700385, on the dates that the NITUs issued.  The deed submitted by Plaintiffs identifies Richard David Ulvin as the grantee, however, the Tax Assessor information sheet identifies the owner as Janet L. Ulvin, who acquired the property from Robert Brandt, and there is no indication how or when Brand acquired the property from grantee Richard David Ulvin.  There is no documentation showing that Carl D. Lindstrom owned the property at any time.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

113.    Claim No. 272 - The United States does not dispute that Plaintiff Lion Es Hotels Holdings LP owned the parcel of land, Assessor ID No. 7202410060, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs and Axxion Map 21 (Pls.' Ex. C) show that this parcel is adjacent to NE 76th Street, and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

114.    Claim No. 275 - The United States does not dispute that Plaintiff Loren R. Lofgren owned the parcel of land, Assessor ID No. 6828700046, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this

paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

115.     Claim No. 276 - The United States objects to Plaintiffs' assertion that Plaintiff Susan B. Long acquired the property by deed dated August 30, 195 and owned the parcel of land, Assessor ID No. 4134300050, on the dates that the NITUs issued; none of the documents submitted by Plaintiffs in support of this claim identify Susan B. Long as the owner of the property (which identify Philip H. Long as the grantee and owner).  Plaintiffs assert elsewhere that Philip H. Long is deceased, but they have made no showing that Susan B. Long is the successor-in-interest.  Additionally, the Assessor locator map and Axxion Map No. 50 show this parcel as being separated from the right of way by another piece or parcel of land, so Plaintiffs have not shown that it is adjacent to the right of way.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

116.     Claim No. 282A - The United States does not dispute that Plaintiff Macbride Family LLC owned the parcel of land, Assessor ID No. 2226059006, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

117.     Claim No. 282B - The United States does not dispute that Plaintiff Macbride

Family LLC owned the parcel of land, Assessor ID No. 2726059001, on the dates that the NITUs

issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this

paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the

right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

118.    Claim No. 287 - The United States does not dispute that Plaintiff Magoon

Enterprises LLC owned the parcel of land, Assessor ID No. 2726059039, on the dates that the

NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-

of-way because the Assessor parcel locator map submitted by Plaintiffs and Axxion Map No. 13

(Pls.' Ex. C) show that this land is adjacent to NE 124th Street, and not the right-of-way at issue.

The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph

including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-

way and that this parcel is now subject to easements created by the operation of the Trails Act as

contended.

119.    Claim No. 291A - The United States does not dispute that Plaintiff Michael R.

Mastro owned the parcel of land, Assessor ID No. 2726059002, on the dates that the NITUs

issued (the United States notes, however, that it appears that the correct deed conveying this

parcel to Plaintiff Mastro is deed No. 20080328001585, found behind Tab No. 291B, as the

description in the Assessor sheet for parcel No. 2726059002 appears to match the description of

Parcel A in that deed).  To the extent Plaintiffs claim that this parcel is adjacent to the Redmond

Spur, the United States objects, because Axxion Map Nos. 12 and 14 (Pls.' Ex. C) show that this

land is adjacent to 141st Avenue NE, and not the right-of-way at issue to the east.  The United

States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

120.    Claim No. 291B - The United States does not dispute that Plaintiff Michael R. Mastro owned the parcel of land, Assessor ID No. 2226059027, on the dates that the NITUs issued.  To the extent Plaintiffs claim that this parcel is adjacent to the Redmond Spur, the United States objects, because Axxion Map No. 12 (Pls.' Ex. C) shows that this land is adjacent to 141st Avenue NE, and not the Redmond Spur to the east.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

121.    Claim No. 291C - The United States does not dispute that Plaintiff Michael R. Mastro owned the parcel of land, Assessor ID No. 2226059042, on the dates that the NITUs issued.  To the extent Plaintiffs claim that this parcel is adjacent to the Redmond Spur, the United States objects, because Axxion Map No. 12 (Pls.' Ex. C) shows that this land is adjacent to 141st Avenue NE, and not the Redmond Spur to the east.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

122.    Claim No. 291D - The United States does not dispute that Plaintiff Michael R. Mastro owned the parcel of land, Assessor ID No. 2226059053, on the dates that the NITUs issued.  To the extent Plaintiffs claim that this parcel is adjacent to the Redmond Spur, the

United States objects, because Axxion Map No. 12 (Pls.' Ex. C) shows that this land is adjacent to 141st Avenue NE, and not the Redmond Spur to the east.   The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

123.   Claim No. 291E - The United States does not dispute that Plaintiff Michael R. Mastro  owned the parcel of land, Assessor ID No. 2226059080, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

124.   Claim No. 294A - The United States does not dispute that Plaintiff Allen D. Matson d/b/a Hollywood Hill Animal Hospital owned the parcel of land, Assessor ID No. 0926059033, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

125.   Claim No. 294B - The United States does not dispute that Plaintiff Allen D. Matson d/b/a Hollywood Hill Animal Hospital owned the parcel of land, Assessor ID No. 0926059183, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to

easements created by the operation of the Trails Act as contended.

126.   Claim No. 295 - The United States does not dispute that Plaintiff Michael P. Mayfield owned the parcel of land, Assessor ID No. 7923250070, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

127.   Claim No. 298 - The United States does not dispute that Plaintiff Kirk A. McEwan owned the parcel of land, Assessor ID No. 2911700025, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

128.   Claim No. 300 - The United States does not dispute that Plaintiff Peter L. Mears owned the parcel of land, Assessor ID No. 2911700050, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

129.   Claim No. 303 -  The United States objects to Plaintiffs' assertion that Plaintiff Milstone [sic] Property Investors, LLC  owned the parcel of land, Assessor ID No. 1526059019, on the dates that the NITUs issued, because the documents submitted by Plaintiffs do not show

that Plaintiff Milstone is the successor-in-interest to the grantee, B&B Property Investors, LLC, and the Tax Assessor information sheet identifies the owner as Ascentia Wine Estates LLC; the United States therefore can neither admit or deny this assertion.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

130.    Claim No. 305 - The United States does not dispute that Plaintiffs Shaun M. Miller and Kristine J. Miller owned the parcel of land, Assessor ID No. 4101010330, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

131.    Claim No. 306 - The United States does not dispute that Plaintiffs Jerrold H. and Leslie Milstein owned the parcel of land, Assessor ID No. 4134300053, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

132.    Claim No. 320 - The United States does not dispute that Plaintiff Nelgroup Properties, LLC owned the parcel of land, Assessor ID No. 7198900070, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the

right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

133.    Claim No. 325A - The United States does not dispute that Plaintiff Novelty Hill Properties, LLC owned the parcel of land, Assessor ID No. 1526059038, on the dates that the NITUs issued.  To the extent that this Plaintiff asserts or may assert a claim relating to the Woodinville Branch, to the west of the property, the United States objects to the statement that this parcel is adjacent, because the Assessor parcel locator map submitted by Plaintiffs (at Tab 325C) and Axxion Map No. 9 (Pls.' Ex. C) show that this land is adjacent to Woodinville-Redmond Road, and is not adjacent to the right of way to the west of the road (additionally, a parcel claimed by Plaintiff Uren is located on the western side of the road).  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

134.    Claim No. 325B - The United States does not dispute that Plaintiff Novelty Hill Properties, LLC owned the parcel of land, Assessor ID No. 1526059098, on the dates that the NITUs issued.  To the extent that this Plaintiff asserts or may assert a claim relating to the Woodinville Branch, to the west of the property, the United States objects to the statement that this parcel is adjacent, because the Assessor parcel locator map submitted by Plaintiffs (at Tab 325C) and Axxion Map No. 9 (Pls.' Ex. C) show that this land is adjacent to Woodinville-Redmond Road, and is not adjacent to the right of way to the west of the road (additionally, a parcel claimed by Plaintiff Uren is located on the western side of the road).  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not

limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

135.    Claim No. 325C - The United States does not dispute that Plaintiff Novelty Hill Properties, LLC owned the parcel of land, Assessor ID No. 1526059097, on the dates that the NITUs issued.  To the extent that this Plaintiff asserts or may assert a claim relating to the Woodinville Branch, to the west of the property, the United States objects to the statement that this parcel is adjacent, because the Assessor parcel locator map submitted by Plaintiffs (at Tab 325C) and Axxion Map No. 9 (Pls.' Ex. C) show that this land is adjacent to Woodinville-Redmond Road, and is not adjacent to the right of way to the west of the road (additionally, a parcel claimed by Plaintiff Uren is located on the western side of the road).  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

136.    Claim No. 325D - The United States does not dispute that Plaintiff Novelty Hill Properties, LLC owned the parcel of land, Assessor ID No. 1526059117 on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

137.    Claim No. 325E - The United States does not dispute that Plaintiff Novelty Hill Properties, LLC owned the parcel of land, Assessor ID No. 1526059096 on the dates that the NITUs issued.  To the extent that this Plaintiff asserts or may assert a claim relating to the

Woodinville Branch, to the west of the property, the United States objects to the statement that this parcel is adjacent, because the Assessor parcel locator map submitted by Plaintiffs (at Tab 325C) and Axxion Map No. 9 (Pls.' Ex. C) show that this land is adjacent to Woodinville-Redmond Road, and is not adjacent to the right of way to the west of the road (additionally, a parcel claimed by Plaintiff Uren is located on the western side of the road).  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

138.    Claim No. 326 - The United States does not dispute that Plaintiff NACV [sic] Associates LLC, owned the parcel of land, Assessor ID No. 1526059054, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

139.    Claim No. 327 - The United States does not dispute that Plaintiff O.B. Kirkland Properties, LLC, owned the parcel of land, Assessor ID No. 2726059074, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

140.    Claim No. 334 - The United States does not dispute that Plaintiff Overlake Christian Church owned the parcel of land, Assessor ID No. 8858900010, on the dates that the

NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

141.    Claim No. 340 - The United States objects to Plaintiffs' assertion that Plaintiffs Leif-Ivar Pedersen, Jon Pedersen, and Erik Pedersen, owned the parcel of land, Assessor ID No. 1526059086, on the dates that the NITUs issued, because the Tax Assessor information submitted identifies the owner as Northwest Utilities, Inc., and there is no proof that these Plaintiffs continued to own the land on the NITU dates, after acquiring it in 1992.  To the extent that these Plaintiffs assert or may assert a claim relating to the Redmond Spur, to the east of the property, the United States objects to the statement that this parcel is adjacent, because the Assessor parcel locator map submitted by Plaintiffs (at Tab 340) and Axxion Map No. 8 (Pls.' Ex. C) show that this land is adjacent to Woodinville-Redmond Road, and is not adjacent to the right of way to the east of the road.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

142.    Claim No. 342 - The United States does not dispute that Plaintiff Performance Properties of Washington, LLC (or its President, Dale Fonk) owned the parcel of land, Assessor ID No. 1526059049, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to

easements created by the operation of the Trails Act as contended.

143.   Claim No. 350A - The United States does not dispute that Plaintiff Pine Forest
Properties, Inc., f/k/a Pine Forest Transitory, Co., owned the parcel of land, Assessor ID No.
1099100001, on the dates that the NITUs issued (the United States notes, however, that the
Assessor locator map behind Tab 350A identifies in handwriting parcel No. 1099100011 as  the
parcel at issue in claim No. 350A, but this parcel is owned by Plaintiff Barrier, so Plaintiffs have
not shown the location of Parcel No. 1099100001 (Axxion Map No. 40 places this parcel,
apparently a sliver of land, immediately south of Parcel No. 1099100005)) .  The United States
objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not
limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this
parcel is now subject to easements created by the operation of the Trails Act as contended.

144.   Claim No. 350B - The United States does not dispute that Plaintiff Pine Forest
Properties, Inc. f/k/a Pine Forest Transitory, Co., owned the parcel of land, Assessor ID No.
1099100005 on the dates that the NITUs issued.  The United States objects to the legal
conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion
that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to
easements created by the operation of the Trails Act as contended.

145.   Claim No. 350C - The United States does not dispute that Plaintiff Pine Forest
Properties, Inc. f/k/a Pine Forest Transitory, Co., owned the parcel of land, Assessor ID No.
1099100025, on the dates that the NITUs issued.  The United States notes that the Tax Assessor
locator map (behind Tab 350C) and Axxion Map No. 40 (Pls.' Ex. C) depict this parcel as not
being adjacent to the right of way at issue, and therefore the United States objects to Plaintiffs'

statement that this land adjoins the right of way.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

146.    Claim No. 359A - The United States does not dispute that Plaintiff Public Storage Properties XVI, Inc., owned the parcel of land, Assessor ID No.  2826059035, on the dates that the NITUs issued.  This parcel is described by metes and bounds as: ". . . thence Westerly along said Southerly margin to the Southeasterly margin of the Northern Pacific Railway Co. right-of-way . . . *thence Southwesterly along said Southeasterly margin* to a point being . . .," (Deed No. 9111252402 (Tab No. 359A) (emphasis added)), so this parcel would be more appropriately classified in Subclass Three and not Subclass Four.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

147.    Claim No. 359B -  The United States does not dispute that Plaintiff Public Storage Properties XVI, Inc., owned the parcel of land, Assessor ID No.  2826059016, on the dates that the NITUs issued.  This parcel is described by metes and bounds as: ". . . thence Westerly along said Southerly margin to the Southeasterly margin of the Northern Pacific Railway Co. right-of-way . . . *thence Southwesterly along said Southeasterly margin* to a point being . . .," (Deed No. 9111252402 (Tab No. 359A) (emphasis added)), so this parcel would be more appropriately classified in Subclass Three and not Subclass Four.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion

that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

148.    Claim No. 362 -  The United States does not dispute that Plaintiff Quinto 83d Mall, LLC owned the parcel of land, Assessor ID No. 7198900060, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

149.    Claim No. 363A -  The United States does not dispute that Plaintiff R & T Barber Family, LP owned the parcel of land, Assessor ID No.  7198800045, on the dates that the NITUs issued.  The United States objects to the statement that this parcel adjoins the right-of-way, because Axxion Map No. 21 (Pls.' Ex. C) shows that this parcel is adjacent to a parcel of land that apparently was carved out of the right of way and then sold, so this parcel is not adjacent to the right of way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

150.    Claim No. 363B - The United States does not dispute that Plaintiff R & T Barber Family, LP owned the parcel of land, Assessor ID No. 7792200005, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

151.    Claim No. 364 - The United States does not dispute that Plaintiff M. Jean Radmer owned the parcel of land, Assessor ID No. 1624059302, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

152.    Claim No. 369 - The United States does not dispute that Plaintiff Randolph W. Redlin owned the parcel of land, Assessor ID No. 1624059127, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

153.    Claim No. 371B - The United States does not dispute that Plaintiff Redmond Gateway, LLC owned the parcel of land, Assessor ID No. 7198800005, on the dates that the NITUs issued.  Axxion Map No. 21 (Pls.' Ex. C) shows that this parcel is adjacent to another parcel of land which has been carved out of the right of way and sold, so it appears that this parcel is not adjacent to the right of way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

154.    Claim No. 372 - The United States does not dispute that Plaintiff Redmoor

Corporation owned the parcel of land, Assessor ID No. 7198800026, on the dates that the NITUs issued.  Axxion Map No. 21 (Pls.' Ex. C) shows that this parcel is adjacent to another parcel of land which has been carved out of the right of way and sold, so it appears that this parcel is not adjacent to the right of way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

155.    Claim No. 373A - The United States does not dispute that Plaintiff Reez Properties, Inc. f/k/a Zetron Properties, Inc., owned the parcel of land, Assessor ID No. 6979500070,  on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs and Axxion Map No. 14 (Pls.' Ex. C) show that this land is adjacent to Willows Road NE, and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

156.    Claim No. 373B - The United States does not dispute that Plaintiff Reez Properties, Inc. f/k/a Zetron Properties, Inc., owned the parcel of land, Assessor ID No. 6979500060,  on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs and Axxion Map No. 14 (Pls.' Ex. C) show that this land is adjacent to Willows Road NE, and not the right-of-way at issue.  The United States objects to the legal conclusions that the

Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

157.    Claim No. 377A - The United States does not dispute that Plaintiffs Fred and Kathleen Repass owned the parcel of land, Assessor ID No. 0825059003, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

158.    Claim No. 377B - The United States does not dispute that Plaintiffs Fred and Kathy Repass, individually and on behalf of Repass Office, LLC, owned the parcel of land, Assessor ID No. 0120000180, on the dates that the NITUs issued.  (The United States notes that this parcel is adjacent to the right of way where Plaintiffs contend there is no deed to the rail road at least in part, so it may be in Subclass Two, rather then Subclass Four.)  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

159.    Claim No. 381 - The United States does not dispute that Plaintiffs Jeffrey M. Richter and Kristin Trace owned the parcel of land, Assessor ID No. 1725059334, on the dates that the NITUs issued.  The United States notes, however, that this property is described by metes and bounds as running ". . . to the Easterly margin of the Northern Pacific Railroad Right-of-Way; *thence North . . . East along the Easterly margin thereof* . . . to a point . . .," suggesting

that this parcel should be in Subclass Three and not Subclass Four (describing Parcel B; Parcel A

is described similarly except running "South . . . West along the Easterly margin [of the railroad

right of way]") (Deed No. 200070510000368 at Pls.' Tab No. 381).  The United States objects to

the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the

assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now

subject to easements created by the operation of the Trails Act as contended.

160.    Claim No. 383 - The United States objects to Plaintiffs' assertion that Plaintiff

Jerry Rise owned the parcel of land, Assessor ID No. 825059336, on the dates that the NITUs

issued, because Plaintiffs did not submit proof that this Plaintiff continued to own the property

until and upon the NITU dates after acquiring it in 1995 (also Plaintiffs did not submit

information sufficient to verify that the parcel conveyed in the deed produced relates to the

Assessor Parcel No. asserted).  The United States objects to the legal conclusions that the

Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff

owns the fee interest in the right-of-way and that this parcel is now subject to easements created

by the operation of the Trails Act as contended.

161.    Claim No. 388 - The United States does not dispute that Plaintiffs Russell Roland

and Galina Smolniakova, owned the parcel of land, Assessor ID No. 6828700081,  on the dates

that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff

asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee

interest in the right-of-way and that this parcel is now subject to easements created by the

operation of the Trails Act as contended.

162.    Claim No. 391 - The United States does not dispute that Plaintiff Tali Roth,

owned the parcel of land, Assessor ID No. 3982701420, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

163.    Claim No. 406 - The United States does not dispute that Plaintiff Schiessel Investments LP, owned the parcel of land, Assessor ID No. 0926059034, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

164.    Claim No. 407 - The United States does not dispute that Plaintiff Michael Schroeder, owned the parcel of land, Assessor ID No. 2911700020,  on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

165.    Claim No. 409 - The United States does not dispute that Plaintiff Seawend, Ltd. , owned the parcel of land, Assessor ID No. 1125059106,  on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as

contended.

166.    Claim No. 414 - The United States does not dispute that Plaintiff Silver Lake

Land Group, LLC, owned the parcel of land, Assessor ID No. 1526059046, on the dates that the

NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this

paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the

right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

167.    Claim No. 416 - The United States does not dispute that Plaintiff Suzi Kim

Simpson, owned the parcel of land, Assessor ID No. 3982700875, on the dates that the NITUs

issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this

paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the

right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

168.    Claim No. 417 - The United States does not dispute that Plaintiffs Stuart and

Dana Simpson, owned the parcel of land, Assessor ID No. 4134300276, on the dates that the

NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this

paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the

right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

169.    Claim No. 418A - The United States objects because Plaintiffs did not produce a

deed showing that Plaintiff James Sisley, owned the parcel of land, Assessor ID No.

0120000200, on the dates that the NITUs issued, and the documentation provided does not

clearly identify the specific tracts at issue.  The United States objects to the legal conclusions

that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this

Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements

created by the operation of the Trails Act as contended.

170.     Claim No. 418B - Same objections as above, in paragraph 418A.

171.     Claim No. 424 -  The United States does not dispute that Plaintiffs Stephen B. and

Sherri A. Smolinske, owned the parcel of land, Assessor ID No.  2024059045, on the dates that

the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in

this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in

the right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

172.     Claim No. 427A -  The United States objects to Plaintiffs' assertion that Plaintiff

South Cove Ventures, II, LLC, owned the parcel of land, Assessor ID No. 0325059004, on the

dates that the NITUs issued, because the Tax Assessor information sheet submitted by Plaintiffs

shows that RBB Building LLC now owns the property and there is no transaction information or

other documents showing when RBB Building acquired the parcel, or whether it is a success-in-

interest to South Cove Ventures, II, LLC.  The United States objects to the legal conclusions that

the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff

owns the fee interest in the right-of-way and that this parcel is now subject to easements created

by the operation of the Trails Act as contended.

173.     Claim No. 427B - Same objections as asserted in paragraph 172, above, with

respect to claim No. 427A.

174.    Claim No. 431A -  The United States objects to the assertion that Plaintiff Ste. Michelle Wines Estates, Ltd., as successor to Lane Stimson Ltd., Stimson Lane Wine and Spirits, Chateau Ste. Michelle, and Ste. Michelle Vinters, Inc. owned the parcel of land, Assessor ID No. 2226059092, on the dates that the NITUs issued, because Plaintiffs did not submit proof of any relationship between the grantee in Deed No. 8305060554 to Chateau Ste. Michelle and Stimson Lane Wine & Spirits, the owner reflected on the Assessor information sheets submitted by Plaintiffs behind Tab 431A, nor have Plaintiffs produced sufficient documentation showing that the parcel described in the referenced deed correlates to the parcel identified as ID No. 2226059092.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

175.    Claim No. 431B -  The United States asserts herein the same objections asserted in response to paragraph 174, above, because there is no documentation showing the relationship between the grantee, Ste. Michelle Vintners, Inc. and the record owner, Stimson Lane Wine & Spirits; and the United States further objects on the grounds that Parcel A of the deed submitted behind Tab 431B describes the property in metes and bounds as running "thence *along said west line of right-of-way* 171 feet . . .," indicating that this parcel should be in Subclass Three and not Subclass Four.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

176.   Claim No. 431C - Same objections as asserted above with respect to claim 431B.

177.   Claim No. 431D - Same objections as asserted above with respect to Claim 431B.

178.   Claim No. 431E - Same objections as asserted above with respect to Claim 431B.

179.   Claim No. 431F - The United States does not dispute that Stimson Lane, Ltd owned the parcel of land, Assessor ID No. 2226059046, on the dates that the NITUs issued; however Plaintiffs have not submitted documentation showing the relationship between Stimson Lane, Ltd. and Plaintiff Ste. Michelle Wine Estates, Ltd., and on that basis the United States objects.  Additionally, the deed describes the property by metes and bounds as running "thence north along said west line of right of way 171 feet . . .," suggesting that this parcel should be in Subclass Three and not Subclass Four. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

180.   Claim No. 431G - Same objections as asserted above with respect to Claim 431A.

181.   Claim No. 433 - The United States does not dispute that Plaintiff James Geoffrey Stevenson owned the parcel of land, Assessor's ID No. 1725059092, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

182.   Claim No. 435 - The United States does not dispute that Plaintiff James E. Strang, owned the parcel of land, Assessor ID No. 4134300055, on the dates that the NITUs issued.  The

United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

183.     Claim No. 436 - The United States does not dispute that Plaintiff Maria Strange, owned the parcel of land, Assessor ID No. 2911700045, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

184.     Claim No. 437 - The United States does not dispute that Plaintiff Sundridge Properties, LLC, owned the parcel of land, Assessor ID No. 0926059038, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs and Axxion Map No. 6 (Pls.' Ex. C) show that this land is adjacent to Woodinville-Redmond Rd., and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

185.     Claim No. 442 - The United States does not dispute that Plaintiff Robert T. Taylor, owned the parcel of land, (This deed does not provide a parcel number, Assessor ID No. 9808610410, on the dates that the NITUs issued.  The United States objects to the legal

conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

186.    Claim No. 443 - The United States does not dispute that Plaintiff Marjorie D. Tedrow owned the parcel of land, Assessor ID No.  9808590560, the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

187.    Claim No. 447 - The United States does not dispute that Plaintiff Ritwik Tewari owned the parcel of land, Assessor ID No. 8946400020, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

188.    Claim No. 449 - The United States does not dispute that Plaintiff The David C. Miller Revocable Living Trust, owned the parcel of land, Assessor ID No. 1895400040, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

189.    Claim No. 454 - The United States does not dispute that Plaintiff The

Scarborough Group, LLP, owned the parcel of land, Assessor ID No. 0225059078 on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs and Axxion Map No. 20 show that this land is adjacent to Willows Road NE, and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

190.    Claim No. 457 - The United States objects for lack of definite proof that Plaintiff Thirty-Third Place Condominiums owned the parcel of land, Assessor ID No. 8603210000, on the dates that the NITUs issued, because it is not possible to correlate the description of the land in the Declaration to the description in the Assessor's information sheet submitted by Plaintiffs and because the parcel tax identification number in the Declaration (No. 2025059243) is not the same as the Assessor's parcel number, above.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

191.    Claim No. 464 - The United States does not dispute that Plaintiffs Tjossem Properties IV, LLC and Tjossem Properties V, LLC, owned the parcel of land, Assessor ID No. 0926059069 on the dates that the NITUs issued (the United States notes however that the Tax ID No. on the deed has been modified by hand, assigning last four digits, 9177, to the parcel ID No.).  The United States objects to the legal conclusions that the Plaintiff asserts in this

paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

192.     Claim No. 469 - The United States does not dispute that Plaintiff Trailwood LLC, owned the parcel of land, Assessor ID No. 0225059015, on the dates that the NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-of-way, because the Assessor parcel locator map submitted by Plaintiffs and Axxion Map No. 20 show that this land is adjacent to Willows Road NE, and not the right-of-way at issue.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

193.     Claim No. 475A - The United States does not dispute that Plaintiffs Nick and Katherine Uren, owned the parcel of land, Assessor ID No. 1526059031, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

194.     Claim No. 475B - The United States does not dispute that Plaintiffs Nick and Katherine Uren, owned the parcel of land, Assessor ID No. 1526059016, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

195.    Claim No. 479 - The United States does not dispute that Plaintiff Vertex International NV, LLC, owned the parcel of land, Assessor ID No. 9399700145, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

196.    Claim No. 481 - The United States does not dispute that Plaintiffs WA Riverfront 2, LLC, WA Riverfront 3, LLC, WA Riverfront 4, LLC, WA Riverfront 5, LLC, WA Riverfront 6,LLC, WA Riverfront 7, LLC, WA Riverfront 8, LLC, WA Riverfront 9, LLC, WA Riverfront 10, LLC, WA Riverfront 11, LLC, WA Riverfront 12, LLC, WA Riverfront 13, LLC, WA Riverfront 14, LLC, WA Riverfront 15, LLC, WA Riverfront 16, LLC, WA Riverfront 17, LLC, WA Riverfront 18, LLC, WA Riverfront 19, LLC, WA Riverfront, 20, LLC, WA Riverfront 22, LLC , Assessor ID No. 1526059005, on the dates that the NITUs issued.  The United States objects because this parcel appears to be the same as Parcel C described in the deed by metes and bounds as: "Commencing at the northwest corner of said section 15; thence south . . . west along the west line of said section 15, a distance of 133.66 feet to a point on the northeasterly margin of said Northern Pacific Railroad right of way; *thence south 52° 29' 21"  east along said margin*, a distance of 356.36 feet; *thence south 51° 12' 59"  east along said margin*, a distance of 93.07 feet . . . ."  Deed No. 20060126002294, at Ex. A thereto (Pls.' Tab No. 481) (emphasis added); therefore, this parcel should be classified in Subclass Three and not Subclass Four.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but

not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that

this parcel is now subject to easements created by the operation of the Trails Act as contended.

197.    Claim No. 483 - The United States does not dispute that Plaintiff

Wallace/Knutsen LLC, owned the parcel of land, Assessor ID No. 7201700010, on the dates that

the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in

this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in

the right-of-way and that this parcel is now subject to easements created by the operation of the

Trails Act as contended.

198.    Claim No. 484 - The United States does not dispute that Plaintiff Kim R.Ward,,

owned the parcel of land, Assessor ID No. 0120000361, on the dates that the NITUs issued.  The

United States objects to the statement that this parcel is adjacent to the right-of-way because the

Assessor parcel locator map submitted by Plaintiffs and Axxion Map No. 30 show that this land

is adjacent to Railroad Street (or NE Fir St.), and not the right-of-way at issue.  The United

States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but

not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that

this parcel is now subject to easements created by the operation of the Trails Act as contended.

199.    Claim No. 491 - The United States does not dispute that Plaintiff Westpoint

Properties, LLC (note: Plaintiffs incorrectly identified the owner of this parcel and claimant as

Kim R. Ward), owned the parcel of land, Assessor ID No. 9518100070, on the dates that the

NITUs issued.  The United States objects to the statement that this parcel is adjacent to the right-

of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is

adjacent to NE Woodinville Drive, and not the right-of-way at issue.  The United States objects

to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

200.    Claim No. 492 - The United States does not dispute that Plaintiff Tonette Whitney (note: Plaintiffs incorrectly identified the owner of the parcel and claimant as Westpoint Properties), owned the parcel of land, Assessor ID No. 1246200100, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

201.    Claim No. 496A - The United States does not dispute that Plaintiff Willows Properties, LP , owned the parcel of land, Assessor ID No. 7201700095, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

202.    Claim No. 496B - The United States does not dispute that Plaintiff Willows Properties, LP, owned the parcel of land, Assessor ID No. 0225059197, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

203.    Claim No. 499 - The United States does not dispute that Plaintiffs John & Ellen Windell owned the parcel of land, Assessor ID No. 0351100030, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

204.    Claim No. 503- The United States does not dispute that Plaintiff Woodinville II, LLC owned the parcel of land, Assessor ID No. 1526059006, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

205.    Claim No. 504A - The United States does not dispute that Plaintiff Woodinville Landing LLC, owned the parcel of land, Assessor ID No. 0926059162, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

206.    Claim No. 504C - The United States does not dispute that Plaintiff Woodinville Landing LLC, owned the parcel of land, Assessor ID No. 0926059032, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the

right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

207.    Claim No. 507A - The United States objects because the documentation provided does not show a correlation between the deed and the Assessor information sheet, so it is not possible on this record to confirm that Plaintiff James E. Work owned the parcel of land, Assessor ID No. 0225059118, on the NITU dates. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

208.    Claim No. 507B - Same objections as asserted above in response to paragraph 207, relating to claim No. 507A.

209.    Claim No. 507C - The United States does not dispute that Plaintiff James E. Work owned the parcel of land, Assessor ID No. 0225059235, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

210.    Claim No. 508 - The United States does not dispute that Plaintiff Robert Wright owned the parcel of land, Assessor ID No. 7923250100, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as

contended.

211.    Claim No. 513 - The United States, based on the documents submitted, can neither admit nor deny that Plaintiff Yarrowood Condominiums owned the parcel of land, Assessor ID No. 9809500000, on the dates that the NITUs issued, and therefore the United States objects.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

212.    Claim No. 514 - The United States does not dispute that Plaintiff Shan Yee, owned the parcel of land, Assessor ID No. 1725059300, on the dates that the NITUs issued.  The United States objects to Plaintiffs' assertion that this parcel is adjacent to the right of way because the parcel locator map submitted by Plaintiffs and Axxion Map No. 33 show that this parcel is not adjacent to the right of way.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

213.    Claim No. 515 - The United States does not dispute that Plaintiff Michael Young owned the parcel of land, Assessor ID No. 1725059301,on the dates that the NITUs issued.  The United States objects to Plaintiffs' assertion that this parcel is adjacent to the right of way because Axxion Map No. 33 shows that this parcel is not adjacent to the right of way.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-

way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

214.    Claim No. 519 -  The United States does not dispute that Plaintiffs Yan Zhong and Yuhong Huang, owned the parcel of land, Assessor ID No. 2911700060, on the dates that the NITUs issued.  The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

215.    The United States objects to Plaintiffs' characterization of the document, which speaks for itself.

216.    The United States objects to Plaintiffs' characterization of the document, which speaks for itself.

217.    The United States objects to Plaintiffs' characterization of the document, which speaks for itself.

218.    No objections.

219.    The United States objects to Plaintiffs' characterization of the document, which speaks for itself.

Respectfully submitted,


IGNACIA S. MORENO
Assistant Attorney General

/s/ Bruce K. Trauben
BRUCE K. TRAUBEN
Trial Attorney
U.S. Department of Justice

Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C.  20044
Tel: (202) 305-0238
Fax: (202) 305-0506
bruce.trauben@usdoj.gov
Attorneys for Defendant

Date: September 4, 2012