## IN *THE UNITED STATES COURT OF FEDERAL* CLAIMS

DANIEL HAGGART AND KATHY HAGGART, et
al., For Themselves and As Representatives of a Class)
of Similarly Situated Persons,             )    Case No.  09-103 L

        Plaintiffs,          )    Judge Charles F. Lettow

    vs.                )

THE UNITED STATES OF AMERICA,    )    Filed September 19, 2012

        Defendant.        )

---

### SUBCLASS FOUR PLAINTIFFS' PROPOSED SUPPLEMENTAL FINDINGS OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY

Pursuant to RCFC 56(C)(2), Plaintiffs submit their Proposed Findings of Uncontroverted Facts in Support of their Motion for Partial Summary Judgment on Liability on Subclass Four, for their cause of action against the U.S. Government for taking the Plaintiffs' property without just compensation by operation of the Trails Act (16 U.S.C. § 1241), in violation of the Fifth Amendment to the United States Constitution. For their Proposed Findings of Uncontroverted Facts, Plaintiffs state as follows:

1.    **Claimant No. 3** – The proper claimants are EXP2 LLC and 200 Wilburton, LLC and Plaintiffs will revise the Class Index to reflect same.  The 355 Wilburton Office Condominium Assoc. are also owned by the same owners of 200 Wilburton and the title of the property for the Claim was incorrectly stated.  EXP2 LLC and 200 Wilburton acquired the property on February 8, 2008 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20080215001009.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this

property, identified as Parcel Identification No. 8636800000, on the NITU date. The applicable conveyance deed for this parcel is Recording No. 271780, Kellogg. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 3.

2.    **Claimant No. 7** – The proper claimant is Chan & Chan LP and Plaintiffs will revise the Class Index to reflect same. AIY Chan is the registered agent for Chan & Chan LP. Plaintiff Chan & Chan LP acquired the property on March 16, 2004 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20040319001276. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 6828700035, on the NITU date. The applicable conveyance deed for this parcel is Recording No. 269500, Kittinger. A copy of the deed, assessor's parcel report, individual GIS parcel map, Washington Secretary of State printout, and conveyance deed are attached as Exhibit 7.

3.    **Claimant No. 30** - Plaintiff Lemoin C. Beckman acquired the property on April 8, 1988 by those deeds recorded in the King County Recorder of Deeds at Recording No. 8804081309. Both the ownership deed and the assessor's parcel report identify this parcel is a portion of government lot 2. Further the ownership deed, parcel maps, and the parties' stipulations regarding the Axxion mapping of the parcel is more than enough evidence to show that this parcel is adjacent to the former rail corridor. The assessor's parcel report is a non-legal and non-binding short hand identification of the legal description and should not be relied upon for identifying the legal description of a parcel. *See Rhutasel v. United States*, 2012 Westlaw 2373252, at *5 (Fed. Cl. June 22, 2012). Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for

an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 4134300250, on the NITU date. The applicable conveyance deed for this parcel is Recording No. 269500, Kittinger. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 30.

4.    **Claimant No. 37** - Plaintiff Barbara Bergstrom acquired the property on May 11, 1966 by those deeds recorded in the King County Recorder of Deeds at Recording No. 7608050102. The ownership identifies this parcel as part of government lot 2. Further the ownership deed, parcel maps, and the parties' stipulations regarding the Axxion mapping of the parcel is more than enough evidence to show that this parcel is adjacent to the former rail corridor. The assessor's parcel report is a non-legal and non-binding short hand identification of the legal description and should not be relied upon for identifying the legal description of a parcel. *See Rhutasel v. United States*, 2012 Westlaw 2373252, at *5 (Fed. Cl. June 22, 2012). Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 6828700090, on the NITU date. The applicable conveyance deed for this parcel is Recording No. 269500, Kittinger. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 37.

5.    **Claimant No. 50.C** – Plaintiffs supplement their FOF to include the correct ownership deed with the correct legal description. Plaintiff Anthony P. Boydston acquired the property on February 28, 2003 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20030307001999. Plaintiff subsequently sold the property to Michael K. and Jan A. Jewell, the current owners on October 6, 2009 at Recording No. 20091013001878.

Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 6828100020, on the NITU date.   The applicable conveyance deed for this parcel is Recording No. 269500, Kittinger.   A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 50.C.

6.  **Claimant No**. **51**- Plaintiff's Steven Brace deeds are properly addressed in Subclass Four.

7.  **Claimant No. 63** - Plaintiff Mary L. Brunt acquired the property on August 11, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 3142, Page 427 and Letters Testamentary No. 06-4-00325-3, In the Matter of the Estate of John L. Burnt.   Further the ownership deed, parcel maps, and the parties' stipulations regarding the Axxion mapping of the parcel is more than enough evidence to show that this parcel is adjacent to the former rail corridor.   The assessor's parcel report is a non-legal and non-binding short hand identification of the legal description and should not be relied upon for identifying the legal description of a parcel.  *See Rhutasel v. United States*, 2012 Westlaw 2373252, at *5 (Fed. Cl. June 22, 2012).   Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 4134300040, on the NITU date.   The applicable conveyance deed for this parcel is Recording No. 269500, Kittinger.   A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 63.

8.  **Claimant No. 79** – The correct claimants are Cleveland Square LLC; RCTC Meridian Ridge, LLC; Grand Property LLC; Two Sons LLC and Plaintiffs will revise the Class

Index to reflect same.  Plaintiffs acquired the property on February 16, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20060216000842.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1624000000, on the NITU date.  This is a condominium complex and the parcel numbers changed once the parcel became individual units.  The applicable conveyance deeds for this parcel are Recording No. 13991 and 14132, McRedmond. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 79.

9.     **Claimant No. 84.K** - Plaintiff Conner Homes at Barbee Mill acquired the property on September 29, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20060929003428. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0518500640, on the NITU date.  Parent parcel no. 322405-9034-00, as identified on the ownership deed, is the parent parcel that was split— according to the King County parcel report, the parent parcel has been "killed," *see* parcel report, FOF 84.A-W.  The applicable conveyance deed for this parcel is Recording No. 266025, Colman. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 84.K.

10.    **Claimant No. 84.L** - Plaintiff Conner Homes at Barbee Mill acquired the property on September 29, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20060929003428. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an

interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0518500640, on the NITU date.  Parent parcel no. 322405-9034-00, as identified on the ownership deed, is the parent parcel that was split— according to the King County parcel report, the parent parcel has been "killed," *see* parcel report, FOF 84.A-W.   The applicable conveyance deed for this parcel is Recording No. 266025, Colman. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 84.L.

11.     **Claimant No. 84.M** - Plaintiff Conner Homes at Barbee Mill acquired the property on September 29, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20060929003428. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0518500640, on the NITU date.  Parent parcel no. 322405-9034-00, as identified on the ownership deed, is the parent parcel that was split— according to the King County parcel report, the parent parcel has been "killed," *see* parcel report, FOF 84.A-W.   The applicable conveyance deed for this parcel is Recording No. 266025, Colman. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 84.M.

12.     **Claimant No. 84.N** - Plaintiff Conner Homes at Barbee Mill acquired the property on September 29, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20060929003428. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0518500640, on the NITU date.  Parent parcel

no. 322405-9034-00, as identified on the ownership deed, is the parent parcel that was split—according to the King County parcel report, the parent parcel has been "killed," *see* parcel report, FOF 84.A-W.  The applicable conveyance deed for this parcel is Recording No. 266025, Colman. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 84.N.

13.     **Claimant No. 84.O** - Plaintiff Conner Homes at Barbee Mill acquired the property on September 29, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20060929003428. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0518500640, on the NITU date.  Parent parcel no. 322405-9034-00, as identified on the ownership deed, is the parent parcel that was split—according to the King County parcel report, the parent parcel has been "killed," *see* parcel report, FOF 84.A-W.  The applicable conveyance deed for this parcel is Recording No. 266025, Colman. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 84.O.

14.     **Claimant No. 84.P** - Plaintiff Conner Homes at Barbee Mill acquired the property on September 29, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20060929003428. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0518500640, on the NITU date.  Parent parcel no. 322405-9034-00, as identified on the ownership deed, is the parent parcel that was split—according to the King County parcel report, the parent parcel has been "killed," *see* parcel report,

FOF 84.A-W.   The applicable conveyance deed for this parcel is Recording No. 266025, Colman. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 84.P.

15.     **Claimant No. 84.Q** - Plaintiff Conner Homes at Barbee Mill acquired the property on September 29, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20060929003428. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0518500640, on the NITU date.  Parent parcel no. 322405-9034-00, as identified on the ownership deed, is the parent parcel that was split— according to the King County parcel report, the parent parcel has been "killed," *see* parcel report, FOF 84.A-W.   The applicable conveyance deed for this parcel is Recording No. 266025, Colman. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 84.Q.

16.     **Claimant No. 84.R** - Plaintiff Conner Homes at Barbee Mill acquired the property on September 29, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20060929003428. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0518500640, on the NITU date.  Parent parcel no. 322405-9034-00, as identified on the ownership deed, is the parent parcel that was split— according to the King County parcel report, the parent parcel has been "killed," *see* parcel report, FOF 84.A-W.   The applicable conveyance deed for this parcel is Recording No. 266025,

Colman. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 84.4.

17.    **Claimant No. 84.S** - Plaintiff Conner Homes at Barbee Mill acquired the property on September 29, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20060929003428. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0518500640, on the NITU date. Parent parcel no. 322405-9034-00, as identified on the ownership deed, is the parent parcel that was split— according to the King County parcel report, the parent parcel has been "killed," *see* parcel report, FOF 84.A-W. The applicable conveyance deed for this parcel is Recording No. 266025, Colman. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 84.S.

18.    **Claimant No. 84.T** - Plaintiff Conner Homes at Barbee Mill acquired the property on September 29, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20060929003428. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0518500640, on the NITU date. Parent parcel no. 322405-9034-00, as identified on the ownership deed, is the parent parcel that was split— according to the King County parcel report, the parent parcel has been "killed," *see* parcel report, FOF 84.A-W. The applicable conveyance deed for this parcel is Recording No. 266025, Colman. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 84.T.

19.     **Claimant No. 84.U** - Plaintiff Conner Homes at Barbee Mill acquired the property on September 29, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20060929003428. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0518500640, on the NITU date.  Parent parcel no. 322405-9034-00, as identified on the ownership deed, is the parent parcel that was split—according to the King County parcel report, the parent parcel has been "killed," *see* parcel report, FOF 84.A-W.   The applicable conveyance deed for this parcel is Recording No. 266025, Colman. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 84.U.

20.     **Claimant No. 84.V** - Plaintiff Conner Homes at Barbee Mill acquired the property on September 29, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20060929003428. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 0518500640, on the NITU date.  Parent parcel no. 322405-9034-00, as identified on the ownership deed, is the parent parcel that was split—according to the King County parcel report, the parent parcel has been "killed," *see* parcel report, FOF 84.A-W.   The applicable conveyance deed for this parcel is Recording No. 266025, Colman. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 84.V.

21.     **Claimant No. 84.W** - Plaintiff Conner Homes at Barbee Mill acquired the property on September 29, 2006 by those deeds recorded in the King County Recorder of Deeds

at Recording No. 20060929003428. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 0518500640, on the NITU date. Parent parcel no. 322405-9034-00, as identified on the ownership deed, is the parent parcel that was split—according to the King County parcel report, the parent parcel has been "killed," *see* parcel report, FOF 84.A-W. The applicable conveyance deed for this parcel is Recording No. 266025, Colman. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 84.W.

22. **Claimant No. 89** - Plaintiff Creekside Park Owner's Assoc. acquired the property on September 29, 1983 by those deeds recorded in the King County Recorder of Deeds at Recording No.8309300791. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1822400000, on the NITU date. The applicable conveyance deed for this parcel is Recording No. 13894, Woodin. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 89. Defendant's assertion that this parcel belongs in Subclass Three based upon a description of the property in the condominium conditions is baseless and inaccurate.

23. **Claimant No. 107** – The proper claimants are Russell E. and Maxine Dickinson and Plaintiffs will revise the Class Index to reflect same. Plaintiffs Russell E. and Maxine Dickinson acquired the property on September 13, 1976 by those deeds recorded in the King County Recorder of Deeds at Recording No. 7609150175. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the

11

Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 2911700030, on the NITU date. The applicable conveyance deeds for this parcel are Recording No. 272311, Doran. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 107.

24.     **Claimant No. 110** - Plaintiff DMB-1, LLC acquired the property on July 12, 2007 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20070712001011. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 225059194, on the NITU date.   Further William Brannin is the registered agent and likely responsible for payment of taxes, which may be why he is listed on the parcel report.   The applicable conveyance deed for this parcel is Recording No. 14169, George. A copy of the deed, assessor's parcel report, individual GIS parcel map, Washington Secretary of State printout, and conveyance deed are attached as Exhibit 110.

25.     **Claimant No. 134.B** – Plaintiffs supplement and provide the correct ownership deed for this parcel.  Plaintiff Holly Finkbeiner acquired the property on July 24, 1975 by those deeds recorded in the King County Recorder of Deeds at Recording No. 7507240540. After Plaintiff's purchase of the property, it was "short platted" several times, thus, the parcel numbers changed.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 2540500203, on the NITU date.   The applicable conveyance deed for this

parcel is Recording No. 270752, Craig.  A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 134.B.

26.     **Claimant No. 173** - Plaintiffs supplement and provide the correct ownership deed for this parcel.  Plaintiff Hawthrorne Condominiums Homeowners Association acquired the property on June 7, 1996 by those deeds recorded in the King County Recorder of Deeds at Recording No. 9606120955. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 3175100000, on the NITU date.  The applicable conveyance deed for this parcel is Recording No. 271054, North American Trust and Recording No. 263565, Carlberg.  A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 173.

27.     **Claimant No. 225** – Plaintiffs supplement and provide the correct ownership deed for this parcel.  Plaintiffs Marc S. Kayne and Susan J. Wayman acquired the property on June 14, 2001 by those deeds recorded in the King County Recorder of Deeds at Recording No. 20010622000746.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 4134300275, on the NITU date.  Plaintiffs provide a corrected parcel report, although a parcel report is not binding or evidence of a legal description for a parcel.  The applicable conveyance deed for this parcel is Recording No. 269500, Kittinger.  A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 225.

28.   **Claimant No. 248** – Plaintiffs supplement and provide the correct ownership deed for this parcel.  Plaintiff Lake Bellevue Village Homeowners Association acquired the property on December 15, 1978 by those deeds recorded in the King County Recorder of Deeds at Recording No. 7901080317.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 3986900000, on the NITU date.  The applicable conveyance deed for this parcel is Recording No. 267077, Sturtevant.  A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 248.

29.   **Claimant No. 276** – The proper claimant is Susan B. Long and Phillip H. Long Estate and Plaintiffs will revise the Class Index to reflect same.  Susan B. Long is the personal representative of Phillip H. Long's estate.  Plaintiff Estate of Phillip H. Long c/o Susan B. Long, Personal Representative acquired the property on August 30, 1945 by those deeds recorded in the King County Recorder of Deeds at Recording No. 3497482.  Susan B. Long and Phillip H. Long were married, Phillip H. Long passed away in 1994 and Susan B. Long is his sole heir (they had no children).  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 4134300050, on the NITU date.  The applicable conveyance deed for this parcel is Recording No. 269500, Kittinger.  A copy of the deed, assessor's parcel report, individual GIS parcel map, e-mail from Susan B. Long, and conveyance deed are attached as Exhibit 276.

30. **Claimant No. 303** – Milstone Property Investors are the proper claimant. The ownership deed is to B&B Property Investors, LLC and B&B changed its name to Milstone Property Investors, LLC. Plaintiff Milstone Property Investors, LLC acquired the property on September 15, 1995 by those deeds recorded in the King County Recorder of Deeds at Recording No. 9409160931. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiff was fee owner of this property, identified as Parcel Identification No. 1526059019, on the NITU date. The applicable conveyance deed for this parcel is Recording No. 13565, Peterson. A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 303.

31. **Claimant No. 340** – The proper claimants are Leif-Ivar Pedersen, Jon Pedersen, and Erik Pedersen and Plaintiffs will revise the Class Index to reflect same. Plaintiffs acquired the property on December 28, 1992 by those deeds recorded in the King County Recorder of Deeds at Recording No. 9212300960. Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation. Plaintiffs were fee owners of this property, identified as Parcel Identification No. 1526059086, on the NITU date. The applicable conveyance deeds for this parcel are Recording No. 13448, Anderson; Recording No. 13564, Jacobsen; and Recording No. 271054, North American Trust. A copy of the deed, assessor's parcel report, individual GIS parcel map, Washington Secretary of State printout, and conveyance deeds are attached as Exhibit 340.

32. **Claimant No. 359.A**- Plaintiff's Public Storage, successor in interest by operation of merger to Public Storage Properties XVI, Inc. deeds are properly addressed in Subclass Four.

33.     **Claimant No. 359.B**- Plaintiff's Public Storage, successor in interest by operation of merger to Public Storage Properties XVI, Inc. deeds are properly addressed in Subclass Four

34.     **Claimant No. 383** – Plaintiff Jerry Rise acquired the property on August 22, 1995 by those deeds recorded in the King County Recorder of Deeds at Recording No. 9508240501. Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 825059336, on the NITU date.  Further the ownership deed, parcel maps, and the parties' stipulations regarding the Axxion mapping of the parcel is more than enough evidence to show that this parcel is adjacent to the former rail corridor.  The assessor's parcel report is a non-legal and non-binding short hand identification of the legal description and should not be relied upon for identifying the legal description of a parcel.  *See Rhutasel v. United States*, 2012 Westlaw 2373252, at \*5 (Fed. Cl. June 22, 2012).  Regardless, Plaintiffs provide an assessor's parcel lreport supporting the Plaintiffs' ownership on the NITU date.  The applicable conveyance deed for this parcel is Recording No. 263884, Robinson.  A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 383.

35.     **Claimant No. 418.A** – The proper claimants are James R. and Carolyn H. Sisley and Plaintiffs will revise the Class Index to reflect same.  Plaintiffs acquired the property on February 11, 1985 by those deeds recorded in the King County Recorder of Deeds at Recording No. 6.  Plaintiffs previously provided the correct ownership deed evidencing ownership on the NITU.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as

Parcel Identification No. 0120000200, on the NITU date.  The applicable conveyance deed for this parcel is Recording No. 266864, Alexander.  A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 418.A.

36.     **Claimant No. 427.A** – Plaintiffs provide the ownership deed for Plaintiff South Cove Ventures, II LLC.  Plaintiff acquired the property on June 23, 1998 by those deeds recorded in the King County Recorder of Deeds at Recording No. 9806242279.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 325059004, on the NITU date. The assessor parcel report lists RBB Building LLC.  RBB Building LLC is owned by South Cove Ventures II.  The applicable conveyance deed for this parcel is Recording No. 13856, Hartman.  A copy of the deeds, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 427.A.

37.     **Claimant No. 427.B** – Plaintiffs provide the ownership deed for Plaintiff South Cove Ventures, II LLC.  Plaintiff acquired the property on June 23, 1998 by those deeds recorded in the King County Recorder of Deeds at Recording No. 9806242279.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 325059004, on the NITU date.  The assessor parcel report lists RBB Building LLC.  RBB Building LLC is owned by South Cove Ventures II.  The applicable conveyance deed for this parcel is Recording No. 13856, Hartman.  A copy of the deeds, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 427.A.

38.     **Claimant No. 431.A** – Plaintiff Ste. Michelle Wine Estates, Ltd. is the successor

to Lane Stimson Ltd., Stimson Lane Ltd., Stimson Lane Wine and Spirits, Chateau Ste. Michelle,

and Ste. Michelle Vinters, Inc.   The ownership deed lists Chateau Ste. Michelle and Ste.

Michelle Wine Estates Ltd. is the successor in interest.   The parcel report lists Stimson Lane

Wine and Spirits, however, the assessor's parcel report is irrelevant and Plaintiff is the successor

in interest to Stimson Lane Wine and Spirits.  Plaintiff acquired the property on May 6, 1983 by

those deeds recorded in the King County Recorder of Deeds at Recording No. 8305060554.

Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the

easements (created by the operation of the Trails Act) for an interim public access trail and

possible future railroad activation.   Plaintiffs were fee owners of this property, identified as

Parcel Identification No. 2226059092, on the NITU date.   The applicable conveyance deeds for

this parcel are Recording Nos. 63539, Lunn and Recording No. 263882, Jacobsen.  A copy of the

deed, assessor's parcel report, individual GIS parcel map, and conveyance deeds are attached as

Exhibit 431.A.

39.     **Claimant No. 431.B** – Plaintiff Ste. Michelle Wine Estates, Ltd. is the successor

to Lane Stimson Ltd., Stimson Lane Ltd., Stimson Lane Wine and Spirits, Chateau Ste. Michelle,

and Ste. Michelle Vinters, Inc.  The ownership deed lists Ste. Michelle Vinters, Inc. and Ste.

Michelle Wine Estates Ltd. is the successor in interest.   The parcel report lists Stimson Lane

Wine and Spirits, however, the assessor's parcel report is irrelevant and Plaintiff is the successor

in interest to Stimson Lane Wine and Spirits.  Plaintiff acquired the property on December 22,

1986 by those deeds recorded in the King County Recorder of Deeds at Recording No.

8612260266.   Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now

subject to the easements (created by the operation of the Trails Act) for an interim public access

trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified

as Parcel Identification No. 2226059081, on the NITU date.  The first legal description is not in metes and bounds, and, thus can be properly addressed in Subclass Four.   The applicable conveyance deeds for this parcel are Recording No.  263882, Jacobsen.  A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deed are attached as Exhibit 431.B.

40.     **Claimant No. 431.C** – Plaintiff Ste. Michelle Wine Estates, Ltd. is the successor to Lane Stimson Ltd., Stimson Lane Ltd., Stimson Lane Wine and Spirits, Chateau Ste. Michelle, and Ste. Michelle Vinters, Inc. The ownership deed lists Ste. Michelle Vinters, Inc. and Ste. Michelle Wine Estates Ltd. is the successor in interest.  The parcel report lists Stimson Lane Wine and Spirits, however, the assessor's parcel report is irrelevant and Plaintiff is the successor in interest to Stimson Lane Wine and Spirits.  Plaintiff acquired the property on December 22, 1986 by those deeds recorded in the King County Recorder of Deeds at Recording No. 8612260266.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 2226059032, on the NITU date. The first legal description is not in metes and bounds, and, thus can be properly addressed in Subclass Four.   The applicable conveyance deeds for this parcel are Recording Nos. 63539. Lunn and Recording No. 263882, Jacobsen.   A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deeds are attached as Exhibit 431.C.

41.     **Claimant No. 431.D** – Plaintiff Ste. Michelle Wine Estates, Ltd. is the successor to Lane Stimson Ltd., Stimson Lane Ltd., Stimson Lane Wine and Spirits, Chateau Ste. Michelle, and Ste. Michelle Vinters, Inc. The ownership deed lists Stimson Lane, Ltd. and Ste. Michelle Vinters, Inc. and Ste. Michelle Wine Estates Ltd. is the successor in interest.  The parcel report

lists Stimson Lane Wine and Spirits, however, the assessor's parcel report is irrelevant and Plaintiff is the successor in interest to Stimson Lane Wine and Spirits.  Plaintiff acquired the property on December 22, 1986 those deeds recorded in the King County Recorder of Deeds at Recording No. 8612260266.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 2226059076, on the NITU date. The first legal description is not in metes and bounds, and, thus can be properly addressed in Subclass Four. The applicable conveyance deeds for this parcel are Recording Nos. 263882, Jacobsen and Recording No. 264119, Anderson.  A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deeds are attached as Exhibit 431.D.

42.     **Claimant No. 431.E** – Plaintiff Ste. Michelle Wine Estates, Ltd. is the s successor to Lane Stimson Ltd., Stimson Lane Ltd., Stimson Lane Wine and Spirits, Chateau Ste. Michelle, and Ste. Michelle Vinters, Inc. The ownership deed lists Chateau Ste. Michelle and Ste. Michelle Wine Estates Ltd. is the successor in interest.  The parcel report lists Stimson Lane Wine and Spirits, however, the assessor's parcel report is irrelevant and Plaintiff is the successor in interest to Stimson Lane Wine and Spirits.  Plaintiff acquired the property on December 22, 1986 those deeds recorded in the King County Recorder of Deeds at Recording No. 8612260266.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 2226059096 on the NITU date. The first legal description is not in metes and bounds, and, thus can be properly addressed in Subclass Four.  The applicable conveyance deeds for this parcel are Recording Nos. 63539, Lunn, Recording No. 263882, Jacobsen and Recording No.

264119, Anderson.  A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deeds are attached as Exhibit 431.E.

43.     **Claimant No. 431.F** – Plaintiff Ste. Michelle Wine Estates, Ltd. is the successor to Lane Stimson Ltd., Stimson Lane Ltd., Stimson Lane Wine and Spirits, Chateau Ste. Michelle, and Ste. Michelle Vinters, Inc. The ownership deed lists Chateau Ste. Michelle and Ste. Michelle Wine Estates Ltd. is the successor in interest.  The parcel report lists Stimson Lane Wine and Spirits, however, the assessor's parcel report is irrelevant and Plaintiff is the successor in interest to Stimson Lane Wine and Spirits.  Plaintiff acquired the property on August 14, 1987 by those deeds recorded in the King County Recorder of Deeds at Recording No. 8708180511.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 2226059046 on the NITU date.  The first legal description is not in metes and bounds, and, thus can be properly addressed in Subclass Four.  The applicable conveyance deed for this parcel is Recording No. 263882, Jacobsen.  A copy of the deed, assessor's parcel report, individual GIS parcel map, and conveyance deeds are attached as Exhibit 431.F.

44.     **Claimant No. 431.G** – Plaintiff Ste. Michelle Wine Estates, Ltd. is the successor to Lane Stimson Ltd., Stimson Lane Ltd., Stimson Lane Wine and Spirits, Chateau Ste. Michelle, and Ste. Michelle Vinters, Inc. The ownership deed lists Chateau Ste. Michelle and Ste. Michelle Wine Estates Ltd. is the successor in interest.  The parcel report lists Stimson Lane Wine and Spirits, however, the assessor's parcel report is irrelevant and Plaintiff is the successor in interest to Stimson Lane Wine and Spirits.  Plaintiff acquired the property on May 6, 1983 by those deeds recorded in the King County Recorder of Deeds at Recording No. 8305060554.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements

(created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 2226059086 on the NITU date. The applicable conveyance deed for this parcel is Recording No. 264119, Anderson.  A copy of the deed, assessor's report, individual GIS parcel map, and conveyance deeds are attached as Exhibit 431.G.

45.     **Claimant No. 457** – Plaintiffs provide an ownership deed for Plaintiff Thirty-Third Place Condominiums.  Plaintiff acquired the property on July 7, 2006 by those deeds recorded in the King County Recorder of Deeds at Recording No. 2006070700428.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 8603210000 on the NITU date. The applicable conveyance deed for this parcel is Recording No. 263562 and 3623, Fagerberg.  A copy of the deed, assessor's report, individual GIS parcel map, and conveyance deeds are attached as Exhibit 457.

46.     **Claimant No. 481**- Plaintiffs WA Riverfront 2, LLC, and the other WA Riverfront Plaintiffs' deeds are properly addressed in Subclass Four.

47.     **Claimant No. 507.A** – Plaintiff James E. and Linda C. Work acquired the property on April 30, 1984, by those deeds recorded in the King County Recorder of Deeds at Recording No. 8405080716.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0225059118 on the NITU date.  Plaintiffs are still listed on the assessor's parcel report supporting current ownership.  Further, the applicable conveyance deeds for this parcel are Recording No. 14169, George.  A copy of the deed,

assessor's report, individual GIS parcel map, and conveyance deeds are attached as Exhibit 507.A.

48.     **Claimant No. 507.B** – Plaintiffs James E. and Linda C. Work acquired the property on April 30, 1985 by those deeds recorded in the King County Recorder of Deeds at Recording No. 8405080716.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0225059229 on the NITU date.  Plaintiffs are still listed on the assessor's parcel report supporting current ownership.  Further, the applicable conveyance deeds for this parcel are Recording No. 14169, George.  A copy of the deed, assessor's report, individual GIS parcel map, and conveyance deeds are attached as Exhibit 507.B.

49.     **Claimant No. 507.C** – Plaintiffs James E. and Linda C. Work acquired the property on April 30, 1984 by those deeds recorded in the King County Recorder of Deeds at Recording No. 8405080716.  Plaintiffs' property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiffs were fee owners of this property, identified as Parcel Identification No. 0225059235 on the NITU date. Plaintiffs are still listed on the assessor's parcel report supporting current ownership.  Further, the applicable conveyance deeds for this parcel are Recording No. 14169, George.  A copy of the deed, assessor's report, individual GIS parcel map, and conveyance deeds are attached as Exhibit 507.C.

50.     **Claimant No. 513** – Plaintiffs provide the ownership deed for Plaintiff Yarrowood Condominiums.  Plaintiff acquired the property on December 12, 1974 by those

deeds recorded in the King County Recorder of Deeds at Recording No. 7402150078.  Plaintiff's property abuts and adjoins the abandoned right-of-way that is now subject to the easements (created by the operation of the Trails Act) for an interim public access trail and possible future railroad activation.  Plaintiff was fee owner of this property, identified as Parcel Identification No. 9809500000 on the NITU date. The applicable conveyance deeds for this parcel are Recording Nos. 263562 and 3623, Fagerberg.  A copy of the deed, assessor's report, individual GIS parcel map, and conveyance deeds are attached as Exhibit 513.

51.    A revised Class Index containing the revisions to specific class members is attached as Exhibit I.

BAKER STERCHI COWDEN & RICE, L.L.C.

Date:  September 19, 2012          By    /s/ Thomas S. Stewart
                                       Thomas S. Stewart
                                       Elizabeth G. McCulley
                                       2400 Pershing Road, Suite 500
                                       Kansas City, MO 64108
                                       (816) 471-2121
                                       (816) 472-0288 (facsimile)
                                       stewart@bscr-law.com
                                       mcculley@bscr-law.com

                                       -and-

                                       Steven M. Wald
                                       J. Robert Sears
                                       1010 Market Street, Suite 950
                                       St. Louis, MO 63102-1708
                                       (314) 231-2925
                                       (314) 231-4857 (facsimile)
                                       wald@bscr-law.com
                                       sears@bscr-law.com

                                       ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF on this 19th day of September, 2012, with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this 19th day of September, 2012, to:

Bruce K. Trauben
U.S. Department of Justice
Environmental and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044
(202) 305-0238
(202) 305-0506 (facsimile)
**ATTORNEY FOR DEFENDANT**


 /s/ Thomas S. Stewart
ATTORNEY FOR PLAINTIFFS


4814-1409-2305, v.  1