**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DANIEL and KATHY HAGGART, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09-103L |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | Judge Charles F. Lettow |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RESPONSE**
**TO SUBCLASS FOUR PLAINTIFFS' PROPOSED**
**SUPPLEMENTAL FINDINGS OF UNCONTROVERTED FACTS**

The United States responds, herein, to each of the 51 paragraphs of Subclass Four Plaintiffs' Proposed Supplemental Findings of Uncontroverted Facts (ECF No. 123). In general, the United States objects to all assertions of law, and not facts. Thus, for example, the United States objects to any and all legal conclusions asserted as fact relating to ownership of land, especially the right of way, unless the United States expressly states that it does not dispute the assertion.

1. Claim No. 3 - The United States objects on the grounds that Plaintiffs are attempting to substitute parties by amending a "Class Index to reflect same," (*see* ECF No. 123 at 1), which does not comply with RCFC 15 for amending pleadings. Additionally, the United States objects because none of the assessment documents continued to own the property on the NITU date. The United States objects to the legal conclusions that the Plaintiffs assert in this paragraph including, but not limited to the assertion that these Plaintiffs own the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

2. Claim No. 7 - The United States objects on the grounds that Plaintiffs are

attempting to substitute parties by amending a "Class Index to reflect same," (*see* ECF No. 123 at 2), which does not comply with RCFC 15 for amending pleadings. The United States objects on the grounds that the tax assessor documents reflect that Chan & Chan LP owned the property in 2004, but that it was sold in 2011 by Nora Chan, suggesting that there is a gap in the chain of title to Nora Chan from Chan & Chan, and throwing into question who the owner was on the NITU date in 2008. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

3. Claim No. 30 - The United States objects on the grounds that the description of the land at issue describes the property by metes and bounds as running up to and along the right of way, so this claim should be in Subclass Three, for case management purposes. Nevertheless, The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

4. Claim No. 37 - The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

5. Claim No. 50C - The legal description of the land describes the parcel as running up to and along the westerly margin of the right-of-way, so this parcel should be in Subclass

Three, and not Subclass Four. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

6. Claim No. 51 - Plaintiffs submit no new factual information showing that this claim is appropriately classified in Subclass Four, but simply make a conclusory statement.

7. Claim No. 63- The United States continues to object to the assertion that Mary L. Brunt owned the parcel of land described in the deed to John L. Brunt on the NITU dates, because the description in that deed is not the same as the description of the parcel provided in the Assessor information sheet, so it is not possible to admit or deny that the parcel identified as Assessor ID No. 4134300040, is the same parcel. Additionally, Plaintiffs submit a Letters Testamentary identifying Mary L. Brunt as the Executrix of the Estate of John L. Brunt, but there is no evidence of distribution of the land to Mary L. Brunt, entitling her to bring this claim on her own behalf, as the purported owner on the NITU date. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

8. Claim No. 79 - The United States objects on the grounds that Plaintiffs are attempting to add parties by amending a "Class Index to reflect same," (*see* ECF No. 123 at 4-5), which does not comply with RCFC 15 for amending pleadings. Also, some of the parcels described in the deed submitted by Plaintiffs in support of this claim make clear that the land, at least in part, is not adjacent to the right of way (see, for example the description to parcel H,

which begins at a point "6 feet North of the Northerly Line of Northern Pacific Railway Company Right-of-Way," and then runs parallel to the northerly line of the right of way. *See* Deed No. 20060216000842, Ex. A, at 4 (Tab 79 to Pls.' Proposed Findings of Uncontroverted Facts)). The United States also objects because the Parcel with ID No. 1624000000, is depicted on Axxion Map 21 (Pls.' Ex. C), as adjacent to a parcel of land which has been sold, and the legal consequences of that sale are not known. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

9. Claim No. 84K - The United States objects on the grounds that it appears that this Plaintiff is asserting a claim for compensation for each subdivided lot for the construction of condominium units, rather than asserting a claim for the parcel as a whole. Additionally, the United States objects to this claim on the grounds that Axxion Map No. 55 shows that this parcel is not adjacent to the right of way. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

10. Claim No. 84L - Same objections as above in response to Paragraph 9, which are incorporated herein by reference.

11. Claim No. 84M - Same objections as above in response to Paragraph 9, which are incorporated herein by reference.

12. Claim No. 84N - Same objections as above in response to Paragraph 9, which are

incorporated herein by reference.

13. Claim No. 84O - Same objections as above in response to Paragraph 9, which are incorporated herein by reference.

14. Claim No. 84P - Same objections as above in response to Paragraph 9, which are incorporated herein by reference.

15. Claim No. 84Q - Same objections as above in response to Paragraph 9, which are incorporated herein by reference.

16. Claim No. 84R - Same objections as above in response to Paragraph 9, which are incorporated herein by reference.

17. Claim No. 84S - Same objections as above in response to Paragraph 9, which are incorporated herein by reference.

18. Claim No. 84T - Same objections as above in response to Paragraph 9, which are incorporated herein by reference.

19. Claim No. 84U - Same objections as above in response to Paragraph 9, which are incorporated herein by reference.

20. Claim No. 84V - Same objections as above in response to Paragraph 9, which are incorporated herein by reference.

21. Claim No. 84W - Same objections as above in response to Paragraph 9, which are incorporated herein by reference.

22. Claim No. 89 - The United States continues to object to Plaintiffs' assertion that Plaintiff Creekside Park Owner's Association acquired the subject parcel on August 13, 1984, and remained in ownership on the NITU dates, because Plaintiffs did not submit a deed granting

the property to the Plaintiff (the deed produced conveyed the land to Bantz, Trace & Associates), but rather a Declaration of Covenants, Conditions and Restrictions Establishing the Condominium to be Known as Creekside Park (Pls.' Tab 89), and Plaintiffs do not provide a sales history showing when the property was acquired or sold, so the United States cannot admit or deny this assertion. Additionally, Exhibit A to the Declaration (page 28), describes the parcel in metes and bounds, making clear that this property runs up to and along the right of way, using the boundary of Lot 17 in the description, suggesting that this parcel should be in Subclass Three, and that Plaintiff does not own any property interest in the right of way. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

23. Claim No. 107 - The United States objects on the grounds that Plaintiffs are attempting to substitute parties by amending a "Class Index to reflect same," (*see* ECF No. 123 at 11), which does not comply with RCFC 15 for amending pleadings. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

24. Claim No. 110 - The United States objects to the statement that this parcel is adjacent to the right-of-way because the Assessor parcel locator map submitted by Plaintiffs shows that this land is adjacent to Willows Road NE, and not the right-of-way at issue. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-

way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

25. Claim No. 134B- The United States objects on the grounds that the deed produced by Plaintiffs is illegible, so it remains impossible to correlate the property conveyed by deed to the Assessor information sheet to verify that this Plaintiff owned the subject parcel on the NITU date; the United States, therefore, can neither admit nor deny this statement. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

26. Claim No. 173 - The United States objects on the grounds that the deed produced by Plaintiffs is for a conveyance to Rolling Meadows LLC and not to the Plaintiff, Hawthorne Condominiums Homeowners Association, so the United States still can neither admit nor deny Plaintiffs' statement that Hawthorne owned the property on the NITU dates. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

27. Claim No. 225 - The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

28. Claim No. 248 - The United States objects to Plaintiffs' assertion that Plaintiff Lake Bellevue Village Homeowners Association owned the parcel of land, Assessor ID No.

3986900000, on the dates that the NITUs issued, because the deed produced conveys the property to McGrath Development Corp. and not Plaintiff; therefore the United States can neither admit nor deny this statement. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by operation of the Trails Act as contended.

29. Claim No. 276 - The United States objects because the e-mail from Plaintiff Susan Long to Elizabeth G. McCulley, dated Sept. 17, 2012, is not evidence that Susan Long is the representative of the Estate of Phillip H. Long, or that Susan Long acquired the property upon the death of her husband. The United States objects on the grounds that Plaintiffs are attempting to substitute parties by amending a "Class Index to reflect same," (*see* ECF No. 123 at 14), which does not comply with RCFC 15 for amending pleadings. Additionally, the Assessor locator map and Axxion Map No. 50 show this parcel as being separated from the right of way by another piece or parcel of land, so Plaintiffs have not shown that it is adjacent to the right of way. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

30. Claim No. 303 - The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

31. Claim No. 340 - The United States objects on the grounds that Plaintiffs are attempting to substitute parties by amending a "Class Index to reflect same," (*see* ECF No. 123 at 15), which does not comply with RCFC 15 for amending pleadings. To the extent that these Plaintiffs assert or may assert a claim relating to the Redmond Spur, to the east of the property, the United States objects to the statement that this parcel is adjacent, because the Assessor parcel locator map submitted by Plaintiffs (at Tab 340) and Axxion Map No. 8 (Pls.' Ex. C) show that this land is adjacent to Woodinville-Redmond Road, and is not adjacent to the right of way to the east of the road. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

32. Claim No. 359A - Plaintiffs submit no new information but merely assert a conclusory statement, which is disputed.

33. Claim No. 359B- Plaintiffs submit no new information but merely assert a conclusory statement, which is disputed.

34. Claim No. 383 - The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

35. Claim No. 418A - The United States objects on the grounds that Plaintiffs are attempting to substitute parties by amending a "Class Index to reflect same," (*see* ECF No. 123 at 16), which does not comply with RCFC 15 for amending pleadings. The United States objects

to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

36. Claim No. 427A - The United States continues to object because the corporation registration information submitted by Plaintiffs does not reflect the corporate relationship that Plaintiffs claim exists between RBB Building LLC and South Cove Ventures, II LLC, so it remains to be shown that South Cove Ventures II LLC owned the property on the NITU dates. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

37. Claim No. 427B - Same objections as asserted in paragraph 36, above, with respect to claim No. 427A.

38. Claim No. 431A - Plaintiffs assert the legal conclusion that the "assessor parcel report is irrelevant," but that is the documentation that Plaintiffs chose to submit to show ownership of the subject parcel on the NITU dates, and Plaintiffs have the burden of proof to show ownership on the relevant NITU date. It is Plaintiffs burden to show that the record owner on the NITU date is the same entity which acquired the property by deed years earlier and that have not made that connection for this Plaintiff. The United States continues to object to the assertion that Plaintiff Ste. Michelle Wines Estates, Ltd., as successor to Lane Stimson Ltd., Stimson Lane Wine and Spirits, Chateau Ste. Michelle, and Ste. Michelle Vinters, Inc. owned the parcel of land, Assessor ID No. 2226059092, on the dates that the NITUs issued, because

Plaintiffs did not submit proof of any relationship between the grantee in Deed No. 8305060554 to Chateau Ste. Michelle and Stimson Lane Wine & Spirits, the owner reflected on the Assessor information sheets submitted by Plaintiffs behind Tab 431A, nor have Plaintiffs produced sufficient documentation showing that the parcel described in the referenced deed correlates to the parcel identified as ID No. 2226059092. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

39. Claim No. 431B - The United States asserts herein the same objections asserted in response to paragraph 38, above, because there is no documentation showing the relationship between the grantee, Ste. Michelle Vintners, Inc. and the record owner, Stimson Lane Wine & Spirits; and the United States further objects on the grounds that Parcel A of the deed submitted behind Tab 431B describes the property in metes and bounds as running "thence *along said west line of right-of-way* . . .," indicating that this parcel should be in Subclass Three and not Subclass Four. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

40. Claim No. 431C - Same objections as asserted above with respect to claim 431B.

41. Claim No. 431D - Same objections as asserted above with respect to Claim 431B.

42. Claim No. 431E - Same objections as asserted above with respect to Claim 431B.

43. Claim No. 431F - The United States does not dispute that Stimson Lane, Ltd

owned the parcel of land, Assessor ID No. 2226059046, on the dates that the NITUs issued; however Plaintiffs have not submitted documentation showing the relationship between Stimson Lane, Ltd. and Plaintiff Ste. Michelle Wine Estates, Ltd., and on that basis the United States objects. Additionally, the deed describes the property by metes and bounds as running "thence north along said west line of right of way 171 feet . . .," suggesting that this parcel should be in Subclass Three and not Subclass Four. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

44. Claim No. 431G - Same objections as asserted above with respect to Claim 431A.

45. Claim No. 457 - The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

46. Claim No. 481 - Plaintiffs submit no new factual information showing that this claim is appropriately classified in Subclass Four, but simply make a conclusory statement.

47. Claim No. 507A - The United States objects because the documentation provided does not show a correlation between the deed and the Assessor information sheet, so it is not possible on this record to confirm that Plaintiff James E. Work owned the parcel of land, Assessor ID No. 0225059118, on the NITU dates - Plaintiffs need to produce the short plat referenced in the 1984 deed and any subsequent amendments. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the

assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

48. Claim No. 507B - Same objections as asserted above in response to paragraph 47, relating to claim No. 507A.

49. Claim No. 507C - The United States previously did not dispute that Plaintiff James E. Work owned the parcel of land, Assessor ID No. 0225059235, on the dates that the NITUs issued. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

50. Claim No. 513 - The United States, based on the documents submitted, as supplemented, still can neither admit nor deny that Plaintiff Yarrowood Condominiums owned the parcel of land, Assessor ID No. 9809500000, on the dates that the NITUs issued, and therefore the United States objects; the deed produced conveyed to Yarrowood FDC, Inc. and not to Yarrowood Condominiums. The United States objects to the legal conclusions that the Plaintiff asserts in this paragraph including, but not limited to the assertion that this Plaintiff owns the fee interest in the right-of-way and that this parcel is now subject to easements created by the operation of the Trails Act as contended.

51. The United States objects on the grounds that Plaintiffs are attempting to substitute parties by amending a “Class Index containing the revisions to specific class

//

//

members" (ECF No. 123 at 24), which does not comply with RCFC 15 for amending pleadings.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General

/s/ Bruce K. Trauben
BRUCE K. TRAUBEN
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0238
Fax: (202) 305-0506
bruce.trauben@usdoj.gov
Attorneys for Defendant

Date: October 3, 2012