IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DANIEL HAGGART AND KATHY HAGGART, et al., For Themselves and As Representatives of a Class of Similarly Situated Persons, | ) ) ) ) No. 09-103 L |
| Plaintiffs, | ) ) Judge Charles F. Lettow ) |
| vs. | ) *Electronically filed August 12, 2013* ) |
| THE UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

**JOINT STATUS REPORT**

In their August 1, 2013, Joint Status Report (D.E. No. 144), counsel for the Parties proposed filing a subsequent JSR on August 12, 2013. The Parties, therefore, file this Joint Status Report concerning the current status of their settlement efforts;

**Plaintiffs' Position**

It is Plaintiffs' position that the Defendant has breached the settlement agreement reached at the mediation of this case and, as a result, Class Counsel requests a briefing schedule on statutory attorneys' fees and costs and delay damages. In support of Plaintiffs' request, Class Counsel states the following:

1. On January 23, 2013, the parties filed a JSR indicating their schedule for settlement of this case and their agreement to extend the trial date. (D.E. 136). The parties specifically stated: "If the parties are not able to reach a final settlement by **July 31, 2013** subject to the approval of the STB and the appropriate representative of the Attorney General's Office, the parties will proceed to trial in November, the Court's calendar permitting, as stated above;"

2. In accordance with the July 31 deadline, on May 29 and 30, 2013, the Parties participated in Alternative Dispute Resolution ("ADR") with Judge John P. Wiese. *See* Order Scheduling ADR Hearing, filed May 24, 2013 (ECF No. 140);

3. At the conclusion of the ADR proceeding, the Parties agreed to a principal amount for land values and interest rate for delay damages provided the case was entirely resolved by July 31, 2013;

1

4. Also, at the conclusion of the mediation on May 31, 2013, the parties discussed the amount of statutory attorneys' fees and costs, defense counsel specifically stated that the amounts set forth "would be no problem," and the parties agreed to a final schedule to abide by the agreement and to resolve the issues of statutory attorneys' fees and costs by July 31, 2013. Class Counsel's fees and costs are entirely reasonable especially in light of the extent of litigation, the complexity of the case and managing a large number of Class Members;

5. Pursuant to the joint understanding and agreement, and based on defense counsel's statements at the mediation, Plaintiffs submitted their accounting of statutory attorneys' fees and costs at the beginning of June and the parties asserted to this Court that they anticipated resolution of the issues within 30 days – meaning that a final agreement regarding the statutory attorneys' fees and costs would be resolved no later than July 31, 2013;

6. Defendant then requested another submission of the fees and Plaintiffs supplied it on June 17, 2013;

7. Despite numerous inquiries concerning the status of Defendant's review between June 17, 2013 and July 31, 2013, defense counsel never responded;

8. Defense Counsel did not timely review Class Counsels' attorneys' fees and costs despite repeatedly being told that interest was now accruing at $16,000 per day;

9. As of July 31, 2013, the statutory attorneys' fees and cost issues had not been resolved and, in fact, defense counsel had not even made one attempt to respond, nor had he accepted Class Counsels' statutory fees and costs;

10. To frustrate matters further, for the first time on July 31, 2013, defense counsel requested some kind of supporting documentation for some expenses (Class Counsel believes that the request was used as a delay tactic to avoid settling the fees and expenses). Class Counsel has never provided copies of receipts in any of the cases settled with the DOJ over the past five years, nor has a judge required them when determining fees and costs because the issue is whether the amounts are "reasonable" considering the extent and nature of the litigation. Defense counsel is asking for "discovery" on expenses? That is ludicrous and will only cost the government more money in fees and expenses. Moreover, the time that it would take to compile receipts for over 5 years of litigation on this case would cost the government more than the amount of the expenses to date and it is ridiculous that the settlement hinges on failure based on supposedly this one issue with this defense counsel;

11. As of July 31, 2013, defense counsel stated that he would not be able to respond in a timely manner and, as a result, defense counsel has breached the parties' settlement agreement;

2

12. Defense counsel called Class Counsel on August 1, 2013 and requested an extension until August 12, 2013 to resolve fees and costs and further requested that Class Counsel not inform this Court of defense counsel's lack of response on fees and costs or breach of the parties' settlement agreement.  Class Counsel reluctantly agreed even though Class Counsel has experienced many last-minute delays in this and other cases with this defense counsel;

13. On August 5, 2013, defense counsel, for the first time, made an offer of compromise on fees.  On August 5, 2013, Class Counsel made a counter offer. Defense counsel has yet to submit a response to Class Counsel's offer and has not made an offer on expenses;

14. Class Counsel now requests that this Court allow Class Counsel to file its Motion for Statutory Attorneys' Fees and Costs and its motion to set the proper interest rate for delay damages on or before August 19, 2013, the Defendant's response to both motions be filed on or before September 2, 2013, and that Plaintiffs' reply will be filed on or before September 9, 2013; and

15. Class Counsel will seek a division of the common fund for attorneys' fees once the case is globally settled.

Regarding the amount of the settlement for the land values, a global amount was agreed upon, not amounts for each plaintiff.  The determination and allocation of the global settlement amount to each Class Member has been left up to Class Counsel and is based on a percentage of Class Counsel's appraisals.  Class Counsel has reconciled the compensation chart that was previously sent to defense counsel and will send it upon the appropriate time if a settlement actually occurs.

**Defendant's Position**

Trial counsel for the United States have no authority to bind the United States to any settlement agreement, so there was no agreement that could have been breached as Plaintiffs now assert.  Trial counsel could only agree to recommend a settlement to those with settlement authority within the client agency and the U.S. Department of Justice.

In support of its position, the United States further responds as follows:

1. Plaintiffs rely upon the January 23, 2013, Joint Status Report to support their contention that there was an agreement to conclude a settlement subject only to approval by the Surface Transportation Board and the Attorney General of the United States, or his designee, by July 31, 2013.  Plaintiffs ignore, however, that at the conclusion of ADR on May 30, 2013, Judge Wiese ordered the parties to "file a joint status report advising the trial judge of their <u>expected settlement schedule</u>."  Order Concluding ADR Proceedings, filed May 30, 2013 (Doc. No. 141) (emphasis added).  In accordance with that Order, on June 24, 2013, the parties filed a JSR advising the Court that the parties had "reached an agreement in principal on compensation, which is subject to approval by the Surface Transportation Board and the appropriate representatives of the Department of Justice."  Joint Status Report, at 1, filed June 24, 2013 (Doc. No. 142).  The parties advised the Court that "Plaintiffs have also submitted their claim for statutory attorneys' fees and costs, which is under review by the United States."  <u>Id.</u>  There is no indication that the United States must agree to Plaintiffs' demand for fees and costs by any particular date.  Indeed, there is no schedule for settlement other than proposed dates for future JSRs.  <u>See id.</u> at 2.  Moreover, the parties requested that the Court remove from its docket the conference scheduled for August 6, 2013 and "all pretrial filing deadlines, and the trial setting [sic] on November 12."  <u>Id.</u>

2. On June 24, 2013, the Court issued an order rescinding the JSR due on July 31, 2013, "the status conference set for August 6, 2013, all pretrial filing deadlines, including the pretrial conference set for November 4, 2013, and the trial scheduled to be held in Seattle from November 12, through 22, 2013."  Order, filed June 24, 2013 (Doc. No. 143).  The Court directed the parties to file a JSR on August 1, 2013, "and every 60 days thereafter."  <u>Id.</u>  No other deadlines were set.  Any deadline that Plaintiffs now seek to enforce was unilaterally and arbitrarily set by them.  Moreover, the proceedings during ADR were confidential, and the United States does not wish to be drawn into a debate revolving around confidential ADR discussions.  Nevertheless, counsel for the United States cannot ensure at any time that an agreement ever will be reached by any particular date.

3. The Parties JSR filed on June 24, 2013 and the Court's June 24, 2013 Order supersede the January 23, 2013, JSR.  The January 23, 2013, JSR states that "[i]f the parties are not able to reach a final settlement by July 31, 2013 subject to the approval of the STB and the appropriate representative of the Attorney General's Office, the parties will proceed to trial in November, the Court's calendar permitting . . . ."  Joint Status Report, at 1, filed Jan. 23, 2013 (Doc. No. 136).  Clearly, the parties reached an agreement, at least in principal, before the date specified in the January 23, 2013, JSR, and requested the Court to remove the trial date from its calendar in their June 24, 2013, JSR.  The latter JSR superseded the January 23, 2013, JSR, which Plaintiffs now assert was a continuing condition on settlement.

4. Even if the dates submitted to the Court in January 23, 2013, JSR were not superseded by the subsequent filing, the Plaintiffs themselves did not adhere to its

4

due dates as they did not first submit their claim for attorneys' fees and costs to Defendant until June 17, 2013, seventeen days later than contemplated in the January 23, 2013, JSR. See Jan. 23, 2013, JSR at 2. Plaintiffs there indicate that they "will provide to the United States the proposed interest rates and bill for statutory attorneys' fees on or before May 31, 2013." Jan. 23, 2013, JSR at 2. That was not done, and Plaintiffs wrongly assert above that they submitted their accounting of fees and costs "at the beginning of June." (Plaintiffs' ¶ 5, above.) Plaintiffs did not submit their revised chart in Excel format until July 22, 2013, and not on June 17, 2013 as Plaintiffs assert above, in paragraph 6.

5. Even though the ADR proceedings were confidential, Plaintiffs now assert in paragraph 4, above, that the government agreed on the spot that their claim for millions of dollars of fees and costs, "would be no problem." Trial counsel for the United States has no authority to bind the government to any agreement. While counsel for the United States may have been overly optimistic about the prospects of settlement, Plaintiffs cannot rely upon such a statement as they now assert.

6. In their August 1, 2013, JSR, Plaintiffs agreed to provide the United States additional information on their costs by Monday, August 5. *See* JSR, filed Aug. 1, 2013 (ECF No. 144). To date, Plaintiffs have provided only invoices for expert fees and scant additional information relating to travel. The barebones information supplied by Plaintiffs is simply insufficient to reimburse Plaintiffs for the majority of costs they seek. The United States, therefore, would like to seek discovery relating to Plaintiffs' claim for both fees and costs, and respectfully requests no less than 45 days to conduct that discovery, or until September 30, 2013, whichever is later. The United States believes that it is entitled to discovery relating to Plaintiffs' costs, such as receipts, invoices, statements, and other documents that may support their claim for costs. Additionally, plaintiffs seek attorneys' fees of over $2.7 million, and the United States believes that it is entitled to discovery relating to the fees incurred. For example, much time was spent by plaintiffs' counsel preparing for and travelling to Seattle, Washington on approximately 17 different occasions, however, the United States is not required to reimburse Plaintiffs or their counsel for travel related to client development. The United States believes therefore that it is entitled to discovery, for example, relating to these meetings held in Seattle to determine whether the purpose of such meetings was for client development.

7. Moreover, in their August 1, 2013, JSR, Plaintiffs agreed to filing on fees and costs, only, and not interest which is a component of compensation and with respect to which an agreement had been reached during ADR, as reported to the Court. Plaintiffs thus want to broaden the scope of briefing, contrary to the August 1, 2013, JSR. Any briefing should be limited to fees and costs.

8. Also, in the August 1, 2013, JSR, Plaintiffs agreed that any briefing on fees and costs would be pursuant to Rule 54(d), which provides 28 days for a response to such a motion. Plaintiffs' proposed schedule only would allow the United States half of that time, 14 days. If there is to be briefing on fees and costs, it should be

after the United States has had an opportunity to conduct discovery, and it should be pursuant to Rule 54(d).

9. The United States reserves its right to respond at an appropriate time to other assertions made by Plaintiffs above that are not relevant to this discussion, so the United States' silence on any particular assertion should not be construed as a tacit agreement.

Respectfully submitted,

| BAKER STERCHI COWDEN & RICE, L.L.C. | ROBERT G. DREHER<br>Acting Assistant Attorney General |
|---|---|
| By /s/ *Thomas S. Stewart (by BKT w/perm.)*<br>Thomas S. Stewart<br>Elizabeth McCulley<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>(816) 471-2121<br>(816) 472-0288 (facsimile)<br>stewart@bscr-law.com<br>mcculley@bscr-law.com<br><br>and<br><br>Steven M. Wald<br>J. Robert Sears<br>1010 Market Street, Suite 950<br>St. Louis, MO 63102-1708<br>(314) 231-2925<br>(314) 231-4857 (facsimile)<br>wald@bscr-law.com<br>sears@bscr-law.com<br><br>ATTORNEYS FOR PLAINTIFFS | By  /s/ *Bruce K. Trauben*_____<br>Bruce K. Trauben<br>Ayako Sato<br>U.S. Department of Justice<br>Environmental and Natural Resources Division<br>Natural Resources Section<br>P.O. Box 7611<br>Washington, D.C. 20044<br>(202) 305-0238 (Trauben)<br>(202) 305-0239 (Sato)<br>(202) 305-0506 (facsimile)<br>bruce.trauben@usdoj.gov<br>Ayako.sato@usdoj.gov<br><br>ATTORNEYS FOR DEFENDANT |