UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DANIEL AND KATHY HAGGART, *et al*, ) <br> For Themselves and As Representatives of a ) <br> Class of Similarly Situated Persons, ) <br> ) <br>       Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br>       Defendant. ) | Case No. 09-103 L <br><br> Judge Charles F. Lettow <br> *Electronically filed on August 19, 2013* |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO THE APPROPRIATE INTEREST RATE NECESSARY
TO PROVIDE JUST COMPENSATION**

This motion is brought pursuant to Rule 56. Following this Court's liability ruling, the parties mediated and settled the land values due to approximately 325 Seattle landowners who had their land taken by the federal government pursuant to the Trails Act. Because the federal government took these landowners' property five years ago, they now ask this Court to find that the "just compensation" which the government is obligated to pay them includes not just the value of the property taken but also interest compounded annually at a rate not less than the Moody's rate, as set forth in Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment as to the Appropriate Interest Necessary to Provide Just Compensation filed simultaneously herewith. In support of their motion, Plaintiffs states as follows:

1. The Fifth Amendment to the Constitution states, "nor shall private property be taken for public use, without just compensation."

2. The Supreme Court has declared that "the Fifth Amendment of the Constitution provides that private property shall not be taken for public use without just compensation. Such compensation means the full and perfect equivalent in money of the property taken. The owner is to be put in as good position pecuniarily as he would have occupied if his property had not been taken." *United States v. Miller*, 317 U.S. 369, 373 (1943).

1

3. The Supreme Court has also declared that "Just compensation is provided for by the Constitution and the right to it cannot be taken away by statute. Its ascertainment is a judicial function." The Supreme Court also stated that "the owner was entitled as a part of the just compensation to interest on the confirmed award of the commissioners from the time when the United States took possession." *Seaboard Airline Railway v. United States*, 261 U.S. 299, 304 (1923), *citing Monongahela Navigation Co. v. United States*, 148 U.S. 312, 327 (1893).

4. The Supreme Court has also explained that "[h]aving taken the lands of the [property owner] it was the duty of the government to make just compensation as of the time when the owners were deprived of their property." *Seaboard*, 261 U.S. at 305. Just compensation in eminent domain cases consists of "the full equivalent of the value of the property… paid contemporaneously with the taken." *Phelps v. United States*, 274 U.S. 341 (1927). "Full and perfect equivalent" means that "the owner shall be put in as good position pecuniarily as he would have been if his property had not been taken." *Seaboard*, 261 U.S. at 304.

5. This standard requires that this Court ascertain the delay damages necessary in order "that the owner shall not suffer loss and shall have the 'just compensation' to which he is entitled." *Seaboard*, 261 U.S. at 304. In *Seaboard,* the Court found that an "extra amount" must be paid when the taking precedes the payment of compensation: "interest at a proper rate is a good measure." *Id*.

6. For these Seattle landowners, the federal government took their right to unencumbered title, possession, and use of their land in October and November of 2008 when the Surface Transportation Board issued an Order which encumbered these landowners' property with a new federally established perpetual easement for public recreation and railbanking.

7. The Supreme Court has held that the standard for determining "just compensation" is that "the owner must be compensated for what is taken from him." As Justice Holmes famously declared, "the question is what has the owner lost, not what has the taker gained." *Boston Chamber of Commerce v. City of Boston*, 217 U.S. 189, 195 (1910).

8. Thus, the "just compensation" which the government owes these Seattle landowners for this five-year delay should be determined by what these landowners would have earned on this money had the government paid them this compensation in 2008 on the date the government took their property. These property owners' loss of the use of this money is compensated by awarding interest. As the Supreme Court explained in the context of a patent infringement case, "An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the foregone use of the money between the time of infringement and the date of the judgment." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-56 (1983).

9. The minimal rate of interest necessary to compensate these landowners for this loss of the use of the money which they were due in October and November of 2008 is the Moody's Composite Index of Yields on Aaa Long Term Corporate Bonds ("Moody's Rate").  The Moody's Rate provides a consistent, reliable indicator of the rate of the return that would be obtained by a "prudent investor" given the economic circumstances that prevailed during the period between when their property was taken and when the government finally pays them.  *See Miller v. United States,* 620 F.2d 712 (Ct. Cl. 1980); *Pitcairn v. United States*, 547 F.2d 1106 (Ct. Cl. 1976); *Tektronix, Inc. v. United States*, 575 F.2d 832 (Ct. Cl. 1978), *cert denied*, 439 U.S. 1048; and *Georgia-Pacific Corp. v. United States*, 640 F.2d 328 (Ct. Cl. 1980).

10. The Moody's rate is also the rate of interest which the Federal Circuit (and its predecessor the Claims Court) has declared to be the rate of the interest which the federal government must pay for its delay in paying compensation to property owners when it has unconstitutionally taken their property.  *See Pitcairn, Tektronix, Miller, and Georgia-Pacific.*

WHEREFORE, these landowners ask this Court to grant their Motion for Partial Summary Judgment finding that the federal government must pay them compensation equal to the fair market value of their property on the date of taking together with interest thereon at a rate equal to the Moody's rate for the period from the date of taking, October and November of 2008, until the date of payment with such interest compounded annually until the government pays these landowners.

Respectfully submitted,

Date:  August 19, 2013                         BAKER STERCHI COWDEN & RICE, L.L.C.

By    */s/ Thomas S. Stewart*
    Thomas S. Stewart
    Elizabeth G. McCulley
    2400 Pershing Road, Suite 500
    Kansas City, MO 64108
    (816) 471-2121
    (816) 472-0288 (facsimile)
    stewart@bscr-law.com
    mcculley@bscr-law.com

    -and-

    Steven M. Wald
    J. Robert Sears

        1010 Market Street, Suite 950
        St. Louis, MO 63102-1708
        (314) 231-2925
        (314) 231-4857 (facsimile)
        wald@bscr-law.com
        sears@bscr-law.com
        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF on this 19th day of August, 2013, with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this same day, to:

BRUCE K. TRAUBEN
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
E-mail: bruce.trauben@usdoj.gov
**ATTORNEY FOR DEFENDANT**

        */s/ Thomas S. Stewart*
        ATTORNEY FOR PLAINTIFFS

4814-0114-3317, v. 1