# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DANIEL HAGGART AND KATHY HAGGART, et al., For Themselves and As Representatives of a Class of Similarly Situated Persons, | ) ) ) ) No. 09-103 L |
| Plaintiffs, | ) ) Judge Charles F. Lettow |
| vs. | ) ) *Electronically filed August 26, 2013* |
| THE UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

## PLAINTIFFS' REQUEST FOR A STATUS CONFERENCE TO SET TRIAL DATE

Plaintiffs request a status conference with the Court to set this case for trial within six months. In January, 2013, the parties agreed to enter into settlement negotiations and specifically set a schedule for the final resolution of the case. *See* JSR dated 1-23-13, D.E. 136. The parties agreed upon and informed this Court that the deadline for resolution of this entire case by way of settlement was July 31, 2013.[1] (D.E. 136). Because July 31, 2013 was an agreed upon deadline, Class Counsel agreed to postpone the original trial date in June to November to allow the Defendant's appraiser to conduct appraisals. That decision is now regrettable. Class Counsel has always been adamant regarding the deadline for settlement, and set a six-month schedule with July 31, 2013 being the firm deadline that the Defendant agreed to, but the Defendant procrastinated once again and basically disregarded the agreed upon deadline.

---

[1] Paragraph 14 of the JSR states that "The parties will agree on just compensation values for all representative and nonrepresentative parcels no later than July 31, 2013 or the parties will proceed to trial in November;" paragraph 15 states that "The parties intend to agree on the interest rates and amount of statutory attorneys' fees no later than July 31, 2013, or the parties will proceed to trial in November;" and paragraph 16 states that "If a final settlement is not agreed upon by the parties, including just compensation for land values, interest rates for delay damages and statutory attorneys' fees, subject to approval by the STB and the designated representative of the Attorney General's Office on or before July 31, 2013, the parties ask the Court to proceed to trial in November as stated above." (D.E. 136).

In order to follow the settlement schedule, mediation was conducted before Senior Judge Wiese on May 29 and 30, 2013 in Washington, D.C..  The parties were able to reach an agreement regarding the fair market value of the land that the Defendant took (it should be noted that in order to settle and receive payment for these landowners, Class Counsel substantially compromised the land values that Plaintiffs' own appraiser found and also waived an abundance of severance damages).  Further, during mediation, the parties agreed to an interest rate for delay damages—however, Class Counsel reaffirmed the July 31, 2013 deadline and stated that the interest rate was contingent upon resolution of the entire case, including statutory attorneys' fees and costs, by July 31, 2013, the same date the parties had previously agreed to in their JSR dated January 23, 2013.

During the mediation, Class Counsel informed the Defendant as to the approximate amount of statutory attorneys' fees and costs and the Defendant, in front of Senior Judge Wiese, stated that the amount would not be a problem.  Following the mediation, Class Counsel provided their statement of attorneys' fees and costs to counsel for the United States in early June.  Despite the parties agreed upon schedule and deadlines and Class Counsel's continual requests for a response to statutory fees and costs, the Defendant was completely silent.  Then, on the very last day, July 31, 2013, the Defendant made its first bad faith offer of less than one-third of the fees and costs without any further explanation.

Class Counsel made a huge mistake by trusting DOJ counsel and then compounded that mistake by agreeing to vacate the November trial setting.  At this point, it appears that the only way to resolve this case in a timely fashion is for the Court to set it for trial.  It is a tragedy that the Defendant's bad faith and the resulting delays may cost additional interest at the rate of $16,000 per day, not to mention a much higher interest rate and $1,000,000 or more in additional

fees, but these landowners are also entitled to the full value of their land and severance damages that they also relinquished as part of the tentative settlement, which could actually add over $50,000,000 or more to the total value.

Thus, pursuant to Rule 40, Plaintiffs request a trial setting in February or March of 2014. If a settlement can be <u>finalized and finally approved</u> by the appropriate representative of the Attorney General's office in advance of the trial date, then a trial can be avoided but, at the same time, a trial setting 6 or 7 months from now will also allow sufficient time to comply with all pre-trial deadlines established by the Court's rules.

Respectfully submitted,

Date:  August 26, 2013          BAKER STERCHI COWDEN & RICE, L.L.C.

By  */s/ Thomas S. Stewart*
    Thomas S. Stewart
    Elizabeth G. McCulley
    2400 Pershing Road, Suite 500
    Kansas City, MO 64108
    (816) 471-2121
    (816) 472-0288 (facsimile)
    stewart@bscr-law.com
    mcculley@bscr-law.com

    -and-

    Steven M. Wald
    J. Robert Sears
    1010 Market Street, Suite 950
    St. Louis, MO 63102-1708
    (314) 231-2925
    (314) 231-4857 (facsimile)
    wald@bscr-law.com
    sears@bscr-law.com
    **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF on this 26th day of August, 2013, with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this same day, to:

BRUCE K. TRAUBEN
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
E-mail: bruce.trauben@usdoj.gov
**ATTORNEY FOR DEFENDANT**

                                                    */s/ Thomas S. Stewart*
                                          ATTORNEY FOR PLAINTIFFS

4845-6437-7109, v. 1