IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DANIEL HAGGART AND KATHY HAGGART, et al., ) <br> For Themselves and As Representatives of a Class of ) <br> Similarly Situated Persons, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> THE UNITED STATES OF AMERICA ) <br> ) <br> Defendant. ) | No. 09-103L <br><br> Judge Charles F. Lettow <br><br> *Electronically filed* <br> *March 5, 2014* |

**SUR-REPLY OF GORDON ARTHUR WOODLEY TO CLASS COUNSEL'S PLAINTIFFS' REPLY (ECF 167) TO THE DEFENDANT'S RESPONSE (ECF 165) TO PLAINTIFFS' MOTION FOR COURT APPROVAL OF FEES AND PROPOSED DIVISION OF THE COMMON FUND (ECF 163)**

Gordon Arthur Woodley, *pro se* and as Personal Counsel for Kittinger Deed [Subclass 4 B Deed] Claimants, makes the following Sur-Reply to Class Counsel's Reply (ECF 167) to the Defendant's Response (ECF 165) to Plaintiffs' Motion for Court Approval of Fees and Proposed Division of the Common Fund (ECF 163) :

The Government's suggestion that Class Counsel provide a clear statement of the proposed Division of the Common Fund is well-taken. Class Counsel is attempting to use the Court's fiduciary role of overseeing and approving fees and division of the common fund to

1

bless and sanction a lack of transparency and forthrightness, which appears calculated to keep both the class and the Court in the dark. There is no doubt that Class Counsel is well aware of the long-standing request that the fundamental information be promptly provided to claimants, so that they can make an *informed* consent. *See* October 23, 2013 Memo to Class Counsel [Exhibit G] and December 9, 2013 Letter to Class Counsel [Exhibit H] attached to the Declaration supporting the Emergency Motion (ECF 169) filed March 4, 2014.

Before the filing of yesterday's Emergency Motion (ECF 169) with its Attached Responses and the supporting Declaration including Exhibits G and H, was the Court aware that class claimants had requested, and that Class Counsel had refused to provide, the basic, underlying appraisal, spread sheets and calculations which were used to arrive at the gross amount of the individual claims? Was Court aware that Class Counsel would not be honoring his Missouri firm's 2009 association and fee sharing agreement with Gordon Woodley, serving as Personal Counsel for the Kittinger Deed claimants, while seeking the Court's approval of the proposed division of attorney fees from the Common Fund? Or did Class Counsel ever advise the Court in 2010 that he would not honor his firm's agreement with Gordon Woodley after he filed the Notice of Association listing Gordon Woodley as "Personal Counsel for 57 Plaintiffs Listed Above" (ECF 48)? The Court and class claimants have a right to this basic information in order

to make *informed* decisions. Without this information, there is a lack of transparency and deprivation of rights which taint the approval process. Without this information, the Court is placed in the difficult position of being asked to approve matters without the benefit of being fully informed.

To cure this deficiency, the Court should direct Class Counsel to overnight the requested information to the claimants and Personal Counsel , so that claimants can make an *informed* decision to consent, to object, to attend, or to speak at the Court's Fairness Hearing.

As to Class Counsel's proposed division of the Common Fund, the Court should reserve ruling until the Class Counsel has complied with the Court's directions and until the Court concludes its Fairness Hearing. If the Court gives Final Approval to the Settlement and Division of the Common Fund following the Fairness Hearing on March 28th, 2014, the Court should then:

1) direct the Government to pay the net individual claim amounts *directly* to the individual claimants from the United States Treasury with accrued interest through May 31, 2014; and

2) direct the Government to pay all court approved attorneys' fees into the Registry of the Court, pending further order by the Court as to the distribution of attorneys' fees and compliance with the Baker Sterchi association agreement,

Exhibit B to the Declaration filed with the Emergency Motion (ECF 169).

Respectfully submitted this 5th day of March, 2014.

> WOODLEY LAW
> /s/ *Gordon Arthur Woodley*
> GORDON ARTHUR WOODLEY
> 512 Sixth Street South Suite 101
> Kirkland, WA 98033
> (425) 453-2000 (telephone)
> (425) 658-7202 (facsimile)
> woodley@gmail.com
> PERSONAL COUNSEL FOR
> THE KITTINGER DEED CLAIMANTS
> & CO-COUNSEL HEREIN
> & *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading was filed with the Clerk of the Court via ECF on this 5th day of March, 2014, with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this same day to:

4

| | |
|---|---|
| THOMAS S. STEWART<br>ELIZABETH G. MCCULLEY<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>(816) 471-2121<br>(816) 472-0288 (facsimile)<br>E-mail: stewart@bscr-law.com<br>         mcculley@bscr-law.com<br>**OF ATTORNEYS FOR PLAINTIFFS** | STEVEN M. WALD<br>J. ROBERT SEARS<br>1010 Market Street, Suite 950<br>St. Louis, MO 63102-1708<br>(314) 231-2925<br>(314) 231-4857 (facsimile)<br>E-mail: wald@bscr-law.com<br>         sears@bscr-law.com<br>**ATTORNEYS FOR PLAINTIFFS** |

BRUCE K. TRAUBEN
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
E-mail: bruce.trauben@usdoj.gov
**ATTORNEY FOR DEFENDANT**

/s/ *Gordon Arthur Woodley*
GORDON ARTHUR WOODLEY
512 Sixth Street South Suite 101
Kirkland, WA 98033
(425) 453-2000 (telephone)
(425) 658-7202 (facsimile)
woodley@gmail.com
PERSONAL COUNSEL FOR KITTINGER DEED CLAIMANTS
& CO-COUNSEL HEREIN
*Pro Se*