```
 1                UNITED STATES COURT OF FEDERAL CLAIMS
 2
 3
 4   DANIEL HAGGART, et al.,       )
 5           Plaintiffs,           )
 6                vs.              ) Case No. 09-103L
 7   THE UNITED STATES OF AMERICA, )
 8           Defendant.            )
 9
10
11
12                           Suite 716
13            Howard T. Markey National Courts Building
14                     717 Madison Place, N.W.
15                        Washington, D.C.
16                      Friday, May 23, 2014
17                          10:00 a.m.
18
19
20
21         BEFORE:  THE HONORABLE CHARLES F. LETTOW
22
23
24
25   Transcribed by:  Sara J. Vance, CERT
```

Daniel Haggart, et al. v. USA                                              2
                                                                    5/23/2014

```
 1   APPEARANCES:
 2   ON BEHALF OF THE PLAINTIFF:
 3           THOMAS S. STEWART, ESQUIRE
 4           ELIZABETH GEPFORD MCCULLEY, ESQUIRE
 5           Baker Sterchi Cowden & Rice, LLC
 6           2400 Pershing Road
 7           Suite 500
 8           Kansas City, Missouri  6108-2533
 9           (816)448-9368
10           stewart@bscr-law.com
11
12   ON BEHALF OF THE DEFENDANT:
13           BRUCE TRAUBEN, ESQUIRE
14           U.S. Department of Justice - Civil Division
15           Post Office Box 26
16           Ben Franklin Station
17           Washington, DC  20044
18           (202)305-0267
19           bruce.trauben@usdoj.gov
20
21
22
23
24
25
```

| | 3 |
|---|---:|
| Daniel Haggart, et al. v. USA | 5/23/2014 |

```
 1                    P R O C E E D I N G S
 2                      -    -    -    -    -
 3            (Proceedings called to order at 10:00 a.m.)
 4            THE COURT:  The case before the Court this morning
 5   is Daniel Haggart and Kathy Haggart as representatives of a
 6   class vs. United States, Number 09-103L.
 7            Mr. Stewart and Ms. McCulley, would you identify
 8   yourselves for the record as counsel for the Class
 9   Plaintiffs?
10            MR. STEWART:  Yes, Your Honor.  This is Tom
11   Stewart, and with me is my partner, Elizabeth McCulley, as
12   Class Counsel for the Plaintiffs.
13            THE COURT:  Thank you.
14            And, Mr. Trauben, would you --
15            MR. TRAUBEN:  Yes, Your Honor.  This is Bruce
16   Trauben on behalf of the United States.
17            THE COURT:  All right, thank you.  We have in hand
18   Plaintiffs' motion to amend the judgment and then a
19   subsequent notice of compliance.
20            Mr. Stewart, this is an unusual situation as far as
21   the Court's concerned.
22            MR. STEWART:  Yes, Your Honor.  And in hindsight,
23   we apologize profusely.  This actually is our fault.  In
24   fact, this came to our attention several weeks ago by Mr.
25   Trauben, actually, who was reviewing all the documentation
```

1    and found that the claimant we had identified merely had a
2    ground lease as opposed to a fee ownership.  We actually
3    pursued that and actually went and talked to the rightful
4    owners, presented this whole thing, got their consent.
5             Mr. Trauben actually advised us at that time that
6    we probably should have filed a motion for substitution.
7    With the press of everything else that was going on, frankly,
8    and with the knowledge that in the past we've kind of always
9    filed an amended complaint as opposed to substituting a
10   party, it just slipped through the cracks, Your Honor, and
11   it's totally our fault.
12            MS. MCCULLEY:  And I wanted to add, Your Honor --
13   this is Liz McCulley -- the Recorder of Deeds office and the
14   inspector's office had this incorrect as well.  And, so, it
15   was difficult for us to find that we -- that something was
16   amiss.  And the person that we were communicating with as the
17   owner of the parcel acted like they were the owner of the
18   parcel.
19            And then when this all came to light when Mr.
20   Trauben found the ground lease, we did a little mini chain of
21   titles and learned through Mr. Seelig that they were trying
22   to get the Recorder of Deeds office to correct all the
23   misinformation and get the right deeds filed.  And, so, we
24   were sorting all of that out in March, before the fairness
25   hearing, while we were talking to Martin Seelig.  And,

```
 1   anyway, it all finally got sorted out.
 2            MR. STEWART:  It got sorted out, Your Honor,
 3   frankly before the fairness hearing, and we should have
 4   brought it to the Court's attention in advance.  And we
 5   apologize for that.
 6            THE COURT:  There's a problem.  The Court cannot
 7   grant your motion to amend the judgment.  And the reason the
 8   Court can't grant your motion to amend the judgment is that
 9   the Court has power over the -- a settlement agreement, only
10   to reject it or approve it; it can't amend it.
11            MS. MCCULLEY:  Your Honor, would we be able to
12   file, like we've done in previous class actions, where we had
13   a newly identified claimant?  This happened once before in
14   the Singleton case before Judge Damich, and what we did was
15   filed an amended complaint when the whole case was over
16   basically, and then -- and then moved to dismiss the whole
17   case with prejudice so that the Government would not have to
18   answer a complaint.
19            THE COURT:  Well, I have a different suggestion for
20   you, and it depends on whether all of you, that is Mr.
21   Stewart and Ms. McCulley and Mr. Trauben, are willing to
22   enter into a stipulation on the record.  The Court would be
23   willing to entertain a stipulation on the record that the
24   real party in interest for I guess it's Original Parcel
25   Number 4, and I have the parcel number as 2025059102, is, as
```

1   you point out in your notice of compliance -- let me get this
2   straight, exactly who it is.  It's a trustee of a
3   testamentary trust.  Is that correct?  Martin Seelig.  Is
4   that correct?
5           MS. MCCULLEY:  Actually, Your Honor, there are many
6   owners, and we listed them out.  And then Martin Seelig is
7   the trustee.  Martin and Jack Burns are the trustee for that
8   certain trust, and there are many entities that own together,
9   including the trust.
10          MR. STEWART:  They're listed actually in our
11  unopposed motion, Your Honor.  They're Annice Seelig, Jack
12  Burns, Raylah Holm, Marsele Burns, Jack Ross Burns, and
13  Martin Seelig are the actual owners of that parcel.  And as
14  far as the class is concerned, Your Honor, we would certainly
15  enter into that stipulation, and I assume Mr. Trauben would,
16  as well, if that solves the problem.
17          THE COURT:  Well, it's just that if you enter into
18  that stipulation on the record, that these persons, that is
19  Annice Seelig, Jack R. Burns, Raylah Holm, Marsele Burns,
20  Jack Ross Burns, and Martin Seelig, as trustees of the Selom
21  F. Burns Testamentary Trust, are indeed the real party in
22  interest because they're the true fee owner of the parcel
23  that I'd identified a moment or so ago, then -- and Mr.
24  Trauben would accept that stipulation and agreement, then you
25  can pay over the amount, which is not a small amount.  It's

Daniel Haggart, et al. v. USA                                5/23/2014

 1   over -- it's about a million, eight.
 2            MR. STEWART:  Yes, it is, Your Honor.
 3            MS. MCCULLEY:  Yes, Your Honor.
 4            THE COURT:  Then you could pay over that amount to
 5   these persons, and that would close out the matter without
 6   leaving the Government open to a potential second suit.
 7            MR. TRAUBEN:  Would Your Honor like that
 8   stipulation submitted to the Court in writing?
 9            THE COURT:  Well, you can either do it in writing
10   today or you can do it on the record of this proceeding.
11            MS. MCCULLEY:  We can do it on the record in this
12   proceeding, Your Honor.  That's perfectly fine.
13            THE COURT:  Mr. Trauben, is that acceptable to you?
14            MR. TRAUBEN:  Yes, Your Honor.
15            THE COURT:  All right.  Now, I do have one
16   question.  The Estate of Albert B. Lebenzon only holds a
17   ground lease in the property, you're saying.  Is the Estate
18   of Albert Lebenzon in agreement with this disposition?
19            MS. MCCULLEY:  He is, Your Honor.  I've
20   communicated with Gary Volchok via email and I got it in
21   writing that he acknowledges that he has no claim in this
22   lawsuit.
23            THE COURT:  Mr. Trauben, do you agree with that, as
24   well?
25            MR. TRAUBEN:  I believe that Lebenzon does not have

1   a claim, and I would agree, but I've not been in
2   communication with him.
3          THE COURT:  All right.  Now, well, the Court will
4   take Ms. McCulley's representation to that effect.  If you,
5   as counsel, are willing to enter into this stipulation and
6   agreement, that is that which I've just described, then I
7   think that will take care of the matter.  And the Court
8   necessarily must deny the unopposed motion but can recite the
9   fact that there's a stipulation and agreement to the effect
10  that we just covered.  And that will memorialize it.
11         MR. STEWART:  Your Honor, I think as far as the
12  class is concerned, Your Honor, that's a wonderful
13  suggestion, and we certainly agree with it.
14         THE COURT:  Mr. Trauben?
15         MR. TRAUBEN:  Your Honor, I do agree with it.  I
16  was trying -- while we were speaking, I've been trying to
17  verify the parcel number, and I just wanted to check that
18  Plaintiffs have verified the parcel number quoted by the
19  Court.
20         MR. STEWART:  I haven't looked, Bruce, but I can
21  look right now, if you'll give me a moment.
22         THE COURT:  It's worth it.  Let's do it.
23         MR. STEWART:  Where is it, Liz?
24         THE COURT:  I'm looking at Attachment B to the
25  Joint Compromise and Settlement Agreement.

```
 1              MR. TRAUBEN:  Thank you, Your Honor.  That helps of
 2   course.
 3              THE COURT:  It's Number 4.  Well, it's Original
 4   Claim Number 9.  It's Number 4, but it's Original Claim
 5   Number 9, though.
 6              MR. STEWART:  Right.
 7              THE COURT:  It's Number 4 on the list.  Let's put
 8   it that way.
 9              MS. MCCULLEY:  All right.  Here it is right here.
10              MR. STEWART:  Okay, let me give it to Your Honor
11   and make sure it matches yours.
12              THE COURT:  Yes.
13              MR. STEWART:  2025059102.
14              THE COURT:  Yes.
15              MR. STEWART:  Yes, that's correct, Your Honor.
16              THE COURT:  Does that square with your records, Mr.
17   Trauben?
18              MR. TRAUBEN:  Yes, it does.  I have that now in
19   front of me.  Thank you, Your Honor.
20              THE COURT:  Okay, terrific.  All right.  If it's
21   satisfactory, we will enter an order denying the unopposed
22   motion to amend the judgment.  And then we will, in a
23   separate paragraph, recite the stipulation and agreement
24   reached at the hearing held today to the effect that we have
25   just described.
```

```
 1          MR. TRAUBEN:  Okay.  That is agreeable to the
 2   United States.
 3          THE COURT:  All right.
 4          MR. STEWART:  And agreeable to the class, Your
 5   Honor.
 6          THE COURT:  All right.  I think that will take care
 7   of it, because the last thing we need is a nunc pro tunc
 8   amendment of the complaint or anything else.
 9          MR. STEWART:  Okay.
10          THE COURT:  This is not helpful.
11          MS. MCCULLEY:  We appreciate your help, Your Honor.
12          THE COURT:  Okay.  All right.  Well, all right,
13   we're glad -- we hope this is the only problem that arises.
14          MS. MCCULLEY:  We think that's it, Your Honor.  All
15   of the other loose ends are all tied up, and we've got all
16   the taxpayer information, you know, identification numbers
17   for the Government.  And I think we're good to go.
18          THE COURT:  All right.  I was amused, and the Court
19   was amused generally, at the fact that you had the interest
20   calculated through May 31st and May 31st is a Saturday.  I
21   don't think you're going to get any money from the judgment
22   fund on a Saturday.
23          MR. STEWART:  Well, we're expecting them to pay us
24   so much more now, Your Honor, that that May 31st date is
25   advisory only.
```

11
Daniel Haggart, et al. v. USA                                5/23/2014

```
 1            THE COURT:  All right.  Well, all right, is there
 2   anything further, Mr. Stewart and Ms. McCulley?
 3            MR. STEWART:  Not for the class, Your Honor.
 4            THE COURT:  Mr. Trauben?
 5            MR. TRAUBEN:  Nothing at this time, Your Honor.
 6   Thank you so much.
 7            THE COURT:  No, thank you.  All right, bye.
 8            MR. STEWART:  Bye.
 9            MR. TRAUBEN:  Bye.
10            (Proceeding concluded at 10:11 a.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

| | 12 |
|---|---|
| Daniel Haggart, et al. v. USA | 5/23/2014 |

```
 1                    CERTIFICATE OF TRANSCRIBER
 2
 3         I, Sara J. Vance, court-approved transcriber,
 4   certify that the foregoing is a correct transcript from the
 5   official electronic sound recording of the proceedings in the
 6   above-titled matter.
 7
 8
 9   DATE:   5/29/14              S/Sara J. Vance
10                                SARA J. VANCE, CERT
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```