IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DANIEL HAGGART AND KATHY HAGGART, et al., For Themselves and As Representatives of a Class of Similarly Situated Persons, | ) ) ) ) |
| Plaintiffs, | ) No. 09-103 L ) ) Judge Charles F. Lettow |
| vs. | ) ) |
| THE UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

**JOINT MOTION TO AMEND THE JUDGMENT
PURSUANT TO RCFC 60(b)(1)**

Pursuant to Rule 60(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the parties hereby move jointly to amend the Court's judgment to correct mutual mistakes made by the parties.  The parties made a mistake of fact regarding the location of the milepost markers that constitute the northern end-points of two segments of the railroad corridor subject to Notices of Interim Trail Use ("NITU").  This mutual mistake was caused by the parties' reliance on maps prepared by a jointly-retained consultant during the class certification process.  As a result of this mutual mistake, the Plaintiffs erroneously included three claims that did not satisfy the class definition set forth by the Court in its September 28, 2009 opinion.  Because this mutual mistake was not discovered until recently, the parties incorrectly requested that these claims receive compensation as part of the Court's judgment.  The judgment of the Court should accordingly be amended by removing these three claims.  Two additional claims may also be affected by this same mistake.

Additionally, a mutual mistake was made by the omission of the claim of James Walker Johnson from the judgment.  On June 30, 2011, the Plaintiffs filed a Fifth Amended Complaint

1

to add the claim of Mr. Johnson. S*ee* Fifth Am. Compl. ¶ 47, filed June 30, 2011 (ECF No. 61-1). When the parties reached a settlement of this action, however, Mr. Johnson's claim was mistakenly not included among the class members to be compensated. However, Mr. Johnson subsequently joined 29 other plaintiffs who own property along the same corridor in a Fifth Amendment takings action styled *Smith v. United States*, No. 14-387L (Fed. Cl.) (Wheeler, J.). The parties agree that Mr. Johnson's claim may go forward in *Smith*. Accordingly, the parties respectfully request that the Court dismiss Mr. Johnson's claim relating to Parcel No. 6828100040, without prejudice, and amend the judgment accordingly.

As the Court is aware, this Court's judgment is currently on appeal before the United States Court of Appeals for the Federal Circuit. Because the amendment requested in this motion does not affect the issues presented on appeal, and because the ongoing appellate review could result in adjustments to the judgment, the parties request that the Court defer its consideration of this motion pursuant to RCFC 62.1(a)(1) until appellate review has been completed. A memorandum supporting this motion follows.

**MEMORANDUM IN SUPPORT OF MOTION TO AMEND JUDGMENT**

**I.      BACKGROUND**

In this case the parties jointly retained Axxion Administration, LLC ("Axxion") to map the corridor that is subject to the NITUs at issue in this case, including the location of the claimants' property interests along the corridor, as well as the railroad's property interests within the corridor. *See* Joint Status Rep., ¶ 2, filed Feb. 24, 2011 (ECF No. 54). The parties thus relied upon Axxion to correctly map the corridor, and made decisions as to the validity of claims based upon Axxion's maps. *See*, *e.g.*, Joint Status Rep., ¶ 2, filed July 22, 2011 (ECF No. 64) (noting that "Plaintiffs anticipate filing a motion to dismiss those claimants who own property adjacent to segments of the right-of-way held in fee by the railroad, as depicted in Axxion's

maps").

On September 23, 2011, the parties reported to the Court that "Axxion completed mapping of the right-of-way, and provided to the parties its maps showing the boundaries of the source deeds to the railroad and the parcels of the claimants in relation to the source deeds." Joint Status Rep., ¶ 3, filed Sept. 23, 2011 (ECF No. 68). The parties further reported that "[b]ased upon information currently available, the parties agree that Axxion's mapping of the right-of-way and the properties at issue is accurate and complete." *Id.* Nevertheless, the parties "reserve[d] the right to request that Axxion amend or revise the maps should it become evident at any time in the future that an error in the mapping has occurred." *Id.*

As noted above, a group of other property owners along the same railroad corridor that is at issue in this case filed suit against the United States in *Smith v. United States* (Fed. Cl.). That suit, which was filed on May 6, 2014, currently contains 30 claimants and remains ongoing. In addressing the claims in *Smith*, the parties to this case learned in April 2015 that several parcels at issue in this case lie beyond the boundaries of the corridor subject to a NITU. The United States first learned of the potential mapping error on April 14, 2015, when one of its appraisers in *Smith* was having difficulty locating certain parcels along the rights-of-way at issue. *See* Decl. of Mari Sorenson, MAI, ¶ 4 (attached as Ex. 1). Evidence of the mapping error was provided on April 15, 2015, when Ms. Sorenson forwarded to counsel for the United States a Tax Assessor map bearing a notation, "MP 23.8."[1]  *Id.*, ¶ 5. Counsel for the United States forwarded the Tax Assessor map to Class Counsel. Counsel for the United States then contacted BNSF Railway Company ("BNSF") regarding the potential error. The location of the relevant mileposts was confirmed by BNSF on May 1, 2015, when it forwarded to counsel for the United States a map depicting the location of MP 23.8 on the Woodinville Subdivision as well as MP 0.0 on the

---

[1] "MP" is the standard abbreviation for "mile post."

Redmond Spur. *See* Decl. of Stephen M. Kuzma, Manager Land-Revenue, BNSF, ¶ 2 ("Kuzma Decl.") (attached as Ex. 2). Counsel for the United States immediately forwarded the map received from BNSF to Class Counsel.

Comparing BNSF's map (Kuzma Decl., Ex. A) with the Axxion Map 04 previously relied on by the parties (attached hereto as Ex. 3), it now is clear that property owned by the following plaintiffs is located beyond MP 23.8 (and thus outside the NITU): Creekside Park Owners Association (original Claim No. 89) ("Creekside"), G.C.W. Company (No. 142) ("G.C.W."), and Stanley Jaffe (No. 201) ("Jaffe").[2] *See also* Sorenson Decl., ¶ 5. In addition, a comparison of the two maps suggests that the claim of Woodinville LLC (Claim No. 504) ("Woodinville") may also be affected by the same mapping error: That property appears to only partially abut the segment of the corridor that is subject to the NITU. In addition, it appears that some or all of the property of DeBlois Prop. LLC (Claim No. 100) ("DeBlois") may be located beyond MP 0.0 on the Redmond Spur.

Until the location of MP 23.8 was confirmed by BNSF's map produced on May 1, 2015, the parties erroneously believed that Claims 89, 142, 201 and 504 were entirely adjacent to the corridor subject to the NITU issued by the Surface Transportation Board ("STB") on November 28, 2008, relating to the "North Railbanking Segment" of BNSF's Woodinville Subdivision (Compl. ¶¶ 5, 11, filed Feb. 19, 2009). That segment of corridor extends from milepost 11.25 near Wilburton to milepost 23.80 in Woodinville, King County, Washington. *See* Compl. ¶ 5; *see also* STB, Notice of Interim Trail Use, Nov. 28, 2008 (attached hereto as Ex. 4). Similarly, until the location of MP 0.0 of the Redmond Spur was confirmed by BNSF's map produced on May 1, 2015, the parties erroneously believed that Claim 100 was entirely adjacent to the corridor subject to the NITU issued by the STB on October 27, 2008, relating to the "Redmond

---

[2] Claim No. 40, Beuslinch, which also is located beyond MP 23.8, already has been dismissed because it lies upon a segment of corridor that the railroad owned in fee.

Spur" of BNSF's Woodinville Subdivision (Compl. ¶¶ 3, 9, filed Feb. 19, 2009). That segment of corridor extends from milepost 0.0 in Woodinville to milepost 7.3 in Redmond, King County, Washington. See Compl. ¶ 3; see also STB, Notice of Interim Trail Use, Oct. 27, 2008 (attached hereto as Ex. 5).

As discussed below, three of these claims (Creekside, G.C.W. and Jaffe) do not abut the segments of the corridor that is subject to the NITUs and therefore fall outside of the scope of the Court's definition of the Class (*see Haggart v. United States*, 89 Fed. Cl. 523, 536 (2009)). Thus, these claims should have been excluded from the lawsuit to begin with, had the parties not made this mistake of fact. The other two claims identified (DeBlois and Woodinville) appear to only partially abut the segment of the corridor that is subject to the NITU, but were treated as entirely adjacent to that segment for valuation purposes.

In addition, at the conclusion of this case before this Court, Class Counsel learned that Mr. Johnson's claim inadvertently was not valued by the appraisers retained by either party, and was not included on the list of class members to be compensated. Mr. Johnson therefore brought his claim in the *Smith* action, so that he may receive just compensation. The parties agree that Mr. Johnson's claim should be voluntarily dismissed from this action, without prejudice, so that it may go forward in *Smith.*

## II.  ARGUMENT

### A.  Standard of Review

Rule 60(b) allows the Court to grant relief from a final judgment or order on several grounds, including "(1) mistake, inadvertence, surprise, or excusable neglect." RCFC 60(b)(1). A motion brought under RCFC 60(b) "must be made within a reasonable time," and a motion under RCFC 60(b)(1)-(3) must be brought "no more than a year after the entry of the judgment or order . . . ." RCFC 60(c). The Court may exercise its discretion and grant this motion. *See*

*Crawford v. United States*, No. 13-502C, 2015 WL 1218479 at *2 (Fed. Cl. Mar. 13, 2015) (citing, *inter alia*, 12 *Moore's Federal Practice*, § 60-22[1]; *Osage Tribe of Indians of Oklahoma v. United States*, 97 Fed. Cl. 345, 348 (2011)). "As a remedial provision, Rule 60(b) is to be 'liberally construed for the purpose of doing substantial justice.'" *Patton v. Sec'y of the Dep't of Health & Human Servs.*, 23 F.3d 1021, 1030 (Fed. Cir. 1994) (quoting 7 James W. Moore *et al.*, *Moore's Federal Practice* ¶¶ 60.18[8], 60.19 (2d ed. 1993)).

As noted above, Rule 60(c) allows a motion under RCFC 60(b)(1) to be brought in this Court "no more than a year after the entry of the judgment." Here, judgment was entered on May 21, 2014. *See* Judgment, filed May 21, 2014 (ECF No. 188). Plaintiffs thereafter filed a motion to amend or alter the final judgment pursuant to RCFC 52(b), 59(e) and 60(b) on June 17, 2014. *See* Mot. to Amend or Alter the Final Judgment, filed June 17, 2014 (ECF No. 198). That motion to amend or alter the judgment affected the finality of the judgment not just for appeal purposes, but also at the trial court level. *See Int'l Ctr. for Tech. Assessment v. Leavitt*, 468 F. Supp. 2d 200, 205-06 (D.D.C. 2007) (citing *Weyant v. Okst*, 198 F.3d 311, 315 (2d Cir. 1999) (a judgment's finality is restored when the last post-judgment motion that suspended finality is decided)). The Court denied Plaintiffs' motion on June 20, 2014 (*see* ECF No. 200). The Court's May 21, 2014 Judgment therefore became final on June 20, 2014, when the Court denied Plaintiffs' motion to amend or alter the judgment. Accordingly, this motion is brought within a reasonable time after the parties' mistake was discovered on May 1, 2015, and within the time limit established by RCFC 60(c).

There typically are three factors to consider when deciding a motion brought under RCFC 60(b)(1). *See Information Sys. And Networks Corp. v. United States*, 994 F.2d 792, 795 (Fed. Cir. 1993); *Orient Overseas Container Line (UK) Ltd. v. United States*, 52 Fed. Cl. 805, 807 (2002).

> To determine whether the movant under RCFC 60(b)(1) has made out a prima facie case of "mistake, inadvertence, surprise, or excusable neglect" entitling the movant to relief from the judgment complained of, the court considers three factors: (1) whether the movant has a meritorious claim or defense; (2) whether the nonmovant would be prejudiced by the granting of relief; and (3) whether the matter sought to be relieved was caused by the movant's own culpable conduct.

*Orient Overseas Container*, 52 Fed. Cl. at 807.  "The court must apply a balancing approach that weighs each factor in light of all the pertinent facts and circumstances." *Id.* (citing *Information Sys. And Networks Corp. v. United States*, 994 F.2d 792, 795 (Fed. Cir. 1993)).  Thus, no one factor is dispositive.  *Id.*

"Rule 60(b) allows a court to relieve a party from a final judgment if a mistake has occurred." *Curtis v. United States*, 61 Fed. Cl. 511, 514 (2004).  Such a mistake "may be on the part of a party, counsel or the court." *Id*.  *See also Schutlz v. Commerce First Fin.*, 24 F.3d 1023, 1025 (8th Cir. 1994) (recognizing "mutual mistake" as a "specifically-enumerated ground" for relief under Fed. R. Civ. P. 60(b)(1)).  "An inadvertent 'mistake' that might justify relief typically involves a misunderstanding of the surrounding facts and circumstances." *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009).  *See also Curtis*, 61 Fed. Cl. at 514 (defining "mistake" in context of Rule 60 as "[a]n error, misconception, or misunderstanding; an erroneous belief" (quoting Black's Law Dictionary)).

**B.     The Proposed Amendments are Meritorious.**

That the property of three of the claimants identified above lies beyond MP 23.8 was recently confirmed when BNSF provided a map that clearly and unambiguously identifies the location of milepost 23.80.  *See* Kuzma Decl., Ex. A (Map).  Comparing the BNSF map against Axxion's Map 04, it is evident that the claims identified above lie northeast of milepost 23.8, which is beyond the scope of the November 28, 2008 NITU.  Accordingly, these claims do not fall within the definition of the Class.

This Court held that the Class in this action is defined as:

7

> All persons owning an interest in lands located on one or more segments of the railroad corridor or right-of-way on which a rail line was formerly operated by the Burlington Northern and Santa Fe Railway Company in King County, Washington *between mileposts (i) 11.25 and 23.80*, *(ii) 0.0 and 7.3*, or *(iii) 5.0 and 10.60*, who claim a taking of their rights to possession, control, and enjoyment of such lands as a result of one of more of the three Notices of Interim Trail Use or Abandonment issued on October 27 and November 25, 2008.

*Haggart*, 89 Fed. Cl. at 536 (emphasis added). Persons owning property that is not located within the boundaries established by the specified mileposts, therefore, do not fall within the definition of the Class.

The three claimants whose property lies beyond MP 23.8 therefore should have been listed among the other approximately 261 plaintiffs without valid claims that were dismissed. *See* Joint Compromise Settlement Agreement Between Plaintiffs and the United States, Attachment A, filed Feb. 12, 2014 (ECF No. 161-2) ("Settlement Agreement"). The BNSF map produced on May 1, 2015, shows unequivocally that the properties owned by claimants Creekside, G.C.W., and Jaffe are not within the segment of the line extending from MP 11.25 near Wilburton to MP 23.8 in Woodinville, nor any other segment of the line subject to a NITU. These Plaintiffs therefore do not have valid claims, and the judgment should be amended pursuant to Rule 60(b)(1), as discussed below.

The same mapping comparison also reveals that two additional claims (DeBlois and Woodinville) may partially abut a segment of the corridor that falls outside the NITU range. If, following remand from the pending appeal, further examination of the maps confirms that the mapping error also affected these claims, the extent of that error would need to be ascertained and a modification of the judgment would be warranted.

The parties additionally agree that the claim of James Walker Johnson was inadvertently omitted from the judgment, and that the Court should indicate that this claim should be dismissed without prejudice, so that it may proceed in the *Smith* litigation.

**C. Neither Party Will Be Prejudiced by Granting this Relief.**

This motion is brought jointly by the parties. As a result, there is no "nonmovant" who potentially could be prejudiced by the bringing of this motion.[3] Moreover, because this action is on appeal to the Federal Circuit (*see* Notice of Appeal, filed June 18, 2014 (ECF No. 199)), no payment has been made by the United States. Accordingly, these Plaintiffs will not be required to refund any compensation that would have been paid to them in error. As to Mr. Johnson's claim, the parties agree that he will be able to pursue this claim as a plaintiff in the *Smith* litigation.

**D. The Mistake Was Mutual and Neither Party Is Culpable.**

Culpability "focuses on the willfulness of the defaulting party and whether that party intended to violate court rules and procedures." *Orient Overseas Container*, 52 Fed. Cl. at 808-09 (citing *Information Systems*, 994 F.2d at 796). Here, Plaintiffs brought certain claims, some of which were determined to be valid and some of which were determined to be invalid. Both parties relied upon the maps that were prepared by a jointly-retained consultant. And both parties believed that such maps were accurate "[b]ased upon information currently available." Joint Status Rep., ¶ 3, filed Sept. 23, 2011 (ECF No. 68). Indeed, Plaintiffs relied upon the accuracy of the Axxion maps when dismissing claims located adjacent to segments of the right-of-way owned in fee. *See* Joint Status Rep., ¶ 2, filed July 22, 2011 (ECF No. 64). But the parties recognized that information might become known to them in the future indicating that a mapping error had occurred. *See* Joint Status Rep., ¶ 3, filed Sept. 23, 2011 (ECF No. 68).

As noted above, the parties first learned of the potential mapping error on April 14, 2015, when one of its appraisers in *Smith v. United States* was attempting to locate certain parcels

---

[3] Class Counsel has informed the affected class members of this motion, and the affected class members have informed Class Counsel that they do not object to the filing of this motion.

along the corridor at issue in that case. *See* Decl. of Mari Sorenson, ¶ 4. Ms. Sorenson brought this potential error to the attention of counsel for the United States, and on April 15, 2015, forwarded to counsel a King County Tax Assessor map bearing a notation, "MP 23.8." *Id.*, ¶ 5. BNSF confirmed the location of the relevant mileposts on May 1, 2015, when it forwarded to counsel for the United States a map depicting the location of MP 23.8 on the Woodinville Subdivision and MP 0.0 on the Redmond Spur. Counsel for the United States promptly forwarded BNSF's map to Class Counsel, who agrees that these claims are beyond the scope of the NITU. The parties did not cause the mapping error, only recently learned of it, and neither is culpable.

### E. The Relief Sought by the Parties.

At this juncture, given the appeal from the Court's final judgment that is pending before the Federal Circuit, the parties are filing this motion under RCFC 60(b) to identify the mutual mistakes discussed herein and preserve their rights with respect to those mutual mistakes. However, as discussed below, the parties respectfully submit that the proper course of action here is for this Court to defer ruling on the motion until after appellate review is concluded, pursuant to RCFC 62.1.

Following resolution of appellate review, the parties respectfully request that the Court dismiss the three claims identified above (original Claim Nos. 89, 142, and 201), which are beyond the scope of the NITUs and, therefore, are not within the Court's definition of the class. Because the amounts at issue in the Court's judgment may be affected by appellate review, that adjustment should not take place until appellate review is resolved.

With respect to the two claims that may also be affected by the mapping error (Claim Nos. 100 and 504), further examination of the maps and a survey may be needed to determine the extent of the error, the resulting impact on valuation, and any adjustment to be made to the

judgment. Such issues may be fully addressed once appellate review is completed.

The parties request that Mr. Johnson's claim be dismissed, without prejudice, from this action. Because Mr. Johnson's claim was inadvertently overlooked when this action was prosecuted, he is not identified on the list of class members to be compensated. *See* Settlement Agreement. Nor is Mr. Johnson's claim listed among those to be dismissed. *Id.* The parties therefore request that the Court grant this motion to voluntarily dismiss this claim, without prejudice, so that it may be resolved in *Smith*.

### F. The Parties Requests that Court Defer Ruling on this Motion Until After Completion of the Appellate Proceedings.

Pursuant to RCFC 62.1(a),

> [i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed, the court may:
>
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

RCFC 62.1(a). On June 18, 2014, Plaintiffs Gordon and Denise Woodley filed a Notice of Appeal (ECF No. 199). *Haggart v. Woodley*, No. 14-5106 (Fed. Cir.). The issues on appeal are whether the class members were provided sufficient information to evaluate the settlement, and whether attorneys' fees under the common fund doctrine were properly awarded. *See Haggart v. United States*, 116 Fed. Cl. 131, 138 & 145 n.15 (2014). On appeal, briefing is complete but a date for oral argument has not been set. Because the issues on appeal can be decided without first correcting the mistakes addressed herein, and because the parties do not wish to disrupt the appellate process, the parties respectfully request that the Court defer consideration of this motion pursuant to RCFC 62.1(a)(1), until appellate review is completed. The parties submit that the issues identified herein can be fully addressed by this Court following appellate review.

11

### III. CONCLUSION

For the foregoing reasons, after appellate review has been completed, the Court should grant the parties' joint motion to amend the judgment pursuant to Rule 60(b), and amend the judgment accordingly.

Respectfully submitted this 21st day of May, 2015,

        JOHN C. CRUDEN
        Assistant Attorney General

        s/ *Bruce K. Trauben*
        Bruce K. Trauben
        Trial Attorney
        Natural Resources Section
        U.S. Department of Justice
        P.O. Box 7611
        Washington, D.C. 20044-7611
        Tel.: (202) 305-0238
        Fax: (202) 305-0506
        e-mail: bruce.trauben@usdoj.gov
        ATTORNEYS FOR THE UNITED STATES

        STEWART, WALD & McCULLEY LLC

        s/ *Elizabeth G. McCulley*
        Thomas S. Stewart
        Elizabeth G. McCulley
        9200 Ward Parkway, Suite 550
        Kansas City, MO  64114
        Tel: (816) 471-2121
        Fax: (816) 472-0288
        e-mail: Stewart@swm.legal
        e-mail: McCulley@swm.legal

        BAKER STERCHI COWDEN & RICE, LLC
        J. Robert Sears
        1010 Market Street, Suite 950
        St. Louis, MO  63101
        Tel: (314) 231-2925
        Fax: (314) 231-4857
        e-mail: Sears@bscr-law.com
        ATTORNEYS FOR PLAINTIFFS