**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| DANIEL HAGGART AND KATHY HAGGART, et al., For Themselves and As Representatives of a Class of Similarly Situated Persons, | ) ) ) No.  09-103 L |
| | ) |
| Plaintiffs, | ) Judge Charles F. Lettow |
| | ) |
| vs. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE IN OPPOSITION TO
CLASS COUNSEL'S MOTION FOR AN EXPEDITED STATUS CONFERENCE**

The United States opposes Plaintiffs' Motion for an Expedited Status Conference and Order Directing the Form of Notice to Be Provided to the Class in Compliance with the Federal Circuit's April 20, 2016 Order, filed May 10, 2016 (ECF No. 209) ("Class Counsel's Motion"). Class Counsel's Motion was filed almost immediately after – and seemingly in response to – the Government's request that the United States Court of Appeals for the Federal Circuit enforce its April 20, 2016 order on class notification.  The Federal Circuit is the appropriate forum to construe and enforce its own orders.  This Court therefore should await action by the Federal Circuit on the Government's pending motion to enforce.

**BACKGROUND**

As the Court is aware, certain objectors appealed from the Court's approval of the settlement, arguing upon appeal that they had inadequate access to information to make a decision regarding the fairness of the proposed settlement.  *See Haggart v. Woodley*, 809 F.3d 1336, 1342 (Fed. Cir. 2016) ("*Woodley*")*.  Additionally, the objector-appellants argued on appeal that the Court erroneously awarded Class Counsel attorneys' fees under the common-fund

1

doctrine.  *See id.*  Before the Federal Circuit, the United States supported the positions of the objector-appellants.  *See id.* at 1343.

On January 8, 2016, the Federal Circuit reversed the Court's approval of the settlement agreement and award of attorneys' fees under the common-fund doctrine.  *See Woodley*, 809 F.3d at 1359.  Class Counsel filed a petition for a writ of *certiorari* in the United States Supreme Court, on February 23, 2016, seeking review only of the Federal Circuit's decision to vacate the award of attorneys' fees under the common-fund doctrine.  *See Haggart v. Woodley*, No. 15-1072 (Doc. No. 1) (S. Ct.).  Responses to that petition are due on May 24, 2016.[1]

Before the Federal Circuit's mandate to this Court issued, the United States filed a motion with the Federal Circuit seeking an order requiring Class Counsel to serve a court-approved notice of the January 8, 2016, decision and to establish a case website.  *See Haggart v. Woodley*, No. 14-5106, Mot. for Order Requiring Class Counsel to Serve Court-Approved Notice, filed Feb. 19, 2016 (Doc. No. 128) (Fed. Cir.) (the United States' "Feb. 19, 2016 Motion").  The United States attached a proposed notice to its February 19, 2016 motion (a copy of the proposed Notice, without exhibits, is attached to Class Counsel's Motion as Ex. D).  The Federal Circuit unconditionally granted the United States' motion on April 20, 2016.  *See Haggart v. Woodley*, No. 14-5106, Order on Motion 2, filed April 20, 2016 (Doc. No. 144) (Fed. Cir.) (attached to Class Counsel's Motion as Ex. A).

## ARGUMENT

Class Counsel has failed to serve the notice approved by the Federal Circuit.  The United States appropriately has requested enforcement of the Federal Circuit's April 20, 2016 Order, in the Federal Circuit.  *See* United States' Expedited Motion (attached to Class Counsel's Motion as

---

[1] *See Haggart v. Woodley*, No. 15-1072 (S. Ct.), available at http://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-1072.htm, last visited May 6, 2016.

Ex. B).  Class Counsel's request that this Court address the very issue pending before the Federal Circuit is improper.  The Court therefore should defer to the Federal Circuit, which has inherent powers to enforce its own orders.

Class Counsel's motion challenges the scope of the Federal Circuit's April 20, 2016 Order, arguing that that Order did not approve the proposed notice submitted by the United States with its February 19, 2016 Motion.  *See* Class Counsel's Motion 1.  The Federal Circuit is in the best position to state whether its April 20, 2016 Order required Class Counsel promptly to serve the Notice submitted by the United States in the granted motion, as the United States asserts in its Motion to Enforce, or whether it only ordered Class Counsel to serve some other as-yet undrafted notice at some time, to be approved by this Court, as Class Counsel asserts.  *See* Class Counsel's Motion, Ex. B.  There can be no genuine dispute that the Federal Circuit has "inherent powers enabling [it] to manage [its] cases and courtroom effectively and to ensure obedience to [its] orders . . . ." *Aloe Vera of America, Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004) (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) (internal quotation marks omitted)).  "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (internal quotation marks omitted)).  This Court should defer to the Federal Circuit which is in the better position to exercise its inherent powers to enforce its own order.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court deny Class Counsel's motion for an expedited status conference.

Respectfully submitted this 12th day of May, 2016,

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division


s/   *Bruce K. Trauben*
BRUCE K. TRAUBEN
Trial Attorney
U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel.: (202) 305-0238
Fax: (202) 305-0506
e-mail: bruce.trauben@usdoj.gov


ATTORNEYS FOR THE UNITED STATES